UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAMES MICHAELSON and ORI EDELSTEIN, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>SONY BMG MUSIC, INC. and FIRST 4 INTERNET,<br><br>                    Defendants. | Case No. :1:05-cv-09575-NRB |

**STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER NUMBER 1**

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

WHEREAS, the related actions *Rivas, et al., v. Sony BMG Music Entertainment*, 1:05-cv-09598-LAK (S.D.N.Y. filed November 14, 2005); *Potter, et al., v. Sony BMG Music Entertainment*, 1:05-cv-09607-GBD (S.D.N.Y. filed November 14, 2005); and *Klewan and Springer, et al., v. Arista Holdings Inc. d/b/a Sony BMG Music Entertainment*, 1:05-cv-09609-UA (S.D.N.Y. filed November 14, 2005) (collectively, "Actions") are pending before this Court; and,

WHEREAS, counsel for the plaintiffs have each concluded that it in the best interests of the respective parties and absent putative class members that the above captioned actions be consolidated for all purposes and proceed as contemplated herein; and,

WHEREAS, all served parties, through their respective counsel, have stipulated to the terms provided herein;

WHEREAS, it is anticipated that additional related actions may be transferred to, removed to or filed in this Court; and,

WHEREAS, the existence of common questions of law and fact in the Actions now pending before this Court, the interests of fair and efficient administration of the Actions and the avoidance of unnecessary duplicative efforts, warrants the consolidation of the Actions, establishment of an organizational structure for plaintiffs' counsel, and the setting of a status conference to discuss, among other things, schedules for the filing of pleadings, motion practice and discovery, and good cause appearing therefor;

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.      CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1.      The Court finds that *Rivas, et al., v. Sony BMG Music Entertainment*, 1:05-cv-09598-LAK; *Potter, et al., v. Sony BMG Music Entertainment*, 1:05-cv-09607-GBD; and *Klewan and Springer, et al., v. Arista Holdings Inc. d/b/a Sony BMG Music Entertainment*, 1:05-cv-09609-UA  are related actions and such cases are hereby consolidated into *Michaelson, et al., v. Sony BMG Music, Inc., et al.*, 1:05-cv-09575-NRB, and are referred to herein as the Consolidated Action.  Each document filed by a party to this litigation shall bear the following caption:

_____

In Re Sony BMG CD Technologies Litigation                No. 1:05-cv-09575-NRB

_____

2.      The terms of this Order shall apply to actions later instituted in, removed to, or

2

transferred to this Court that involve the same or substantially similar issues of law and fact, subject to the following procedures:

      i.      When such a case is filed in, removed to, or transferred to this Court, the Clerk of the Court shall:

      (1)      place a copy of this Order in the separate file for such action;

      (2)      provide a copy of this Order by mail or electronically pursuant to the local rules to counsel for plaintiff(s) in the newly filed or transferred action and to any defendant(s) in the newly filed or transferred action; and

      (3)      make an appropriate entry on the docket for the Consolidated Action.

      ii.      Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party in such newly-filed or transferred action objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application.

3.      Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Action.  Mailing or other delivery of a copy of this Order by Defendants' counsel or Plaintiffs' Co-Lead Counsel (see II., below), as appropriate, to the counsel in any newly filed or transferred actions shall

constitute valid notice thereof for purposes of establishing its applicability to such action in accordance herewith.

4.      A status conference is set for _____ at _____ p.m.  The agenda for the status conference shall include a schedule for the filings of pleadings or other motion practice, a discovery plan, a schedule for class certification, the potential for settlement mediation, and such other matters as the parties or the Court deem appropriate.

## II.  ORGANIZATION OF PLAINTIFFS' COUNSEL

1.      Under Federal Rule of Civil Procedure 23(g)(2), *inter alia*, Interim Class Counsel and Plaintiffs' Co-Lead Counsel shall be Kamber & Associates, LLC and Girard Gibbs & De Bartolomeo LLP ( collectively, "Co-Lead Counsel").  Co-Lead Counsel, acting on behalf of plaintiffs, shall have the following duties:

a.      To coordinate all proceedings, including preparing, structuring, and presenting pretrial and other management-related orders;

b.      To encourage full cooperation and efficiency among all counsel;

c.      To create any necessary committees and appoint committee chairs and otherwise delegate responsibilities for specific tasks in a manner to assure that pretrial and trial preparation is conducted effectively, efficiently, and economically;

d.      To delegate work responsibilities and monitor the activities of counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

e.      To act as spokespersons at all court conferences;

f.      To call meetings of themselves and/or other counsel as appropriate or necessary from time to time;

g.      To initiate and conduct settlement negotiations with counsel for the Defendant;

h.      To determine Plaintiffs' position on all matters arising during this litigation (after such consultation with other counsel as they deem appropriate) and present such position orally and/or in writing to the Court and opposing parties;

i.      To consult with and employ experts, as necessary;

j.      To initiate, coordinate and conduct discovery;

k.      To represent Plaintiffs at trial and on any appeal of this matter;

l.      To negotiate and execute agreements with local counsel or other cooperating attorneys;

m.      To determine the fee that local counsel and liaison counsel are entitled to; and

n.      To perform such other duties as are necessary in connection with the prosecution of this litigation.

2.      Plaintiffs' Executive Committee shall be Milberg Weiss Bershad & Schulman LLP; Kirby McInerney & Squire, LLP; and Giskan & Solotaroff, LLP.  Co-Lead Counsel shall convene and consult with the Executive Committee members as is necessary to ensure the efficient coordination and prosecution of this litigation.

3.      Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel.  All agreements reached with the Co-Lead Counsel shall be binding on all other plaintiffs' counsel in the Consolidated Action.

4.      Co-Lead Counsel are hereby designated as the counsel for plaintiffs in the Consolidated Action upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the Consolidated Action shall be served, and defendants shall effect

service of papers on plaintiffs in the consolidated Action by serving each of the Co-Lead Counsel.

5.      No motion or request for discovery shall be served or filed by plaintiffs, or other pretrial proceedings initiated by plaintiffs, except by or with the authorization of Co-Lead Counsel.

6.      The organization structure set forth in this section applies to all plaintiffs' counsel in the Consolidated Action, including any action subsequently governed by this Order.

7.      No communications among plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

**MODIFICATION OF THIS ORDER**

This Order may be modified, supplemented or superseded by order of the Court or upon any party for good cause shown.

**DEBEVOISE & PLIMPTON LLP**

**Electronically filed with consent**
By:_____
     Jeffrey S. Jacobson

919 Third Avenue
New York, New York  10022
Telephone: (212) 909-6479
Facsimile: (212) 521-7479

*Counsel for Defendant Sony BMG Music
Entertainment, Inc.*

**KAMBER & ASSOCIATES, LLC**

**Electronically filed by signatory**
By:_____
     Scott A. Kamber (SK-5794)

19 Fulton Street, Suite 400
New York, New York  10038
Telephone: (212) 571-2000
Facsimile: (212) 202-6364

*Attorneys for Plaintiffs James Michaelson
& Ori Edelstein*

**GIRARD GIBBS & De BARTOLOMEO LLP**

**Electronically filed with consent**
By:_____
     Jonathan K. Levine (JL-8390)

Daniel C. Girard
Eric H. Gibbs
601 California Street, Suite 1400
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Sanford P. Dumain (SD-8712)
Peter Safirstein (PS-6176)
**MILBERG WEISS BERSHAD &
SCHULMAN LLP**
One Pennsylvania Avenue
New York, New York  10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

David Nester
**NESTER & CONSTANCE, P.C.**
123 West Washington Street
Belleville, Illinois  62220
Telephone:  (618) 234-4440
Facsimile:  (618) 234-6193

Robert I. Lax (RL-8413)
**ROBERT I. LAX & ASSOCIATES**
535 Fifth Avenue, 21st Floor
New York, New York  10017
Telephone:  (212) 818-9150
Facsimile:  (212) 818-1266

*Attorneys for Plaintiff Dora Rivas*

|  | **KIRBY McINERNEY & SQUIRE, LLP**<br><br>**Electronically filed with consent**<br>By:_____<br>     Ira M. Press (IP-5313)<br><br>Mark A. Strauss (MS-2288)<br>830 Third Avenue<br>New York, New York  10022<br>Telephone:  (212) 317-2000<br>Facsimile:  (212) 751-2540<br><br>*Attorneys for Plaintiff Jeffrey Potter* |
|---|---|
|  | **GISKAN & SOLOTAROFF, LLP**<br><br>**Electronically filed with consent**<br>By:_____<br>     Jason L. Solotaroff (JS-5739)<br><br>207 West 25th Street<br>New York, New York  10001<br>Telephone:  (212) 847-8315<br>Facsimile:  (212) 473-8096<br><br>Daniel Lynch<br>**CIRIGNANI HELLER HARMAN & LYNCH**<br>150 S. Wacker Drive, #2600<br>Chicago, IL  60606<br>Telephone:  (312) 346-8700<br>Facsimile:  (312) 896-5883<br><br>Ethan Preston<br>150 S. Wacker Drive, #2600<br>Chicago, IL  60606<br>Telephone:  (312) 346-8700<br>Facsimile:  (312) 896-5883<br><br>*Attorneys for Plaintiff Andrew Klewan and James Springer* |
|  |  |

/continued

SO ORDERED, this __ day of November 2005.

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK