**Settlement Agreement -- Exhibit A**

## XCP Titles Distributed in the United States[1]

| ARTIST | TITLE | ITEM NUMBER(S) | UPC(S) |
|---|---|---|---|
| A Static Lullaby | Faso Latido | CK92772 | 827969277225 |
| Acceptance | Phantoms | CK89016 | 696998901629 |
| Amerie | Touch | CK90763 | 827969076323 |
| Art Blakey | Drum Suit | CK93637 | 827969363720 |
| The Bad Plus | Suspicious Activity? | CK94740 | 827969474020 |
| Bette Midler | Sings the Peggy Lee Songbook | CK95107<br>CK74815 | 827969510728<br>828767481524 |
| Billie Holiday | The Great American Songbook | CK94294 | 827969429426 |
| Bob Brookmeyer | Bob Brookmeyer & Friends | CK94292 | 827969429228 |
| Buddy Jewell | Times Like These | CK92873 | 827969287323 |
| Burt Bacharach | At This Time | CK97734 | 827969773420 |
| Celine Dion | On Ne Change Pas | E2K97736 | 827969773628 |
| Chayanne | Cautivo | LAK96819<br>LAK96818<br>LAK95886 | 037629681921<br>037629681822<br>037629588626 |
| Chris Botti | To Love Again | CK94823 | 827969482322 |
| The Coral | The Invisible Invasion | CK94747 | 827969474723 |
| Cyndi Lauper | The Body Acoustic | EK94569 | 827969456927 |
| The Dead 60's | The Dead 60's | EK94453 | 827969445327 |
| Deniece Williams | This Is Niecy | CK93814 | 827969381427 |
| Dextor Gordon | Manhattan Symphonie | CK93581 | 827969358122 |
| Dion | The Essential Dion | CK92670 | 827969267028 |
| Earl Scruggs | I Saw The Light With Some Help From My Friends | CK92793 | 827969279328 |
| Elkland | Golden | CK92036 | 827969203620 |
| Emma Roberts | Unfabulous And More: Emma Roberts | CK93950<br>CK97684 | 827969395028<br>827969768426 |
| Flatt & Scruggs | Foggy Mountain Jamboree | CK92801 | 827969280126 |
| Frank Sinatra | The Great American Songbook | CK94291 | 827969429129 |

[1] Three titles — Ricky Martin, "Life"; Peter Gallagher, "7 Days in Memphis"; and a limited number of "Hidden Beach Presents Unwrapped Vol. 4" — were released with a content protection grid on the back of the CD packaging but XCP content protection software was not actually included on the albums.

| G3 | Live In Tokyo | E2K97685 | 827969768525 |
|---|---|---|---|
| George Jones | My Very Special Guests | E2K92562 | 827969256220 |
| Gerry Mulligan | Jeru | CK65498 | 074646549827 |
| Horace Silver | Silver's Blue | CK93856 | 827969385623 |
| Jane Monheit | The Season | EK97721 | 827969772126 |
| Jon Randall | Walking Among The Living | EK92083 | 827969208328 |
| Life Of Agony | Broken Valley | EK93515 | 827969351529 |
| Louis Armstrong | The Great American Songbook | CK94295 | 827969429525 |
| Mary Mary | Mary Mary | CK94812<br>CK92948 | 000768353721<br>827969294826 |
| Montgomery Gentry | Something To Be Proud Of: The Best of 1999-2005 | CK75324<br>CK94982 | 828767532424<br>827969498224 |
| Natasha Bedingfield | Unwritten | EK93988 | 827969398821 |
| Neil Diamond | 12 Songs | CK94776<br>CK97811 | 827969477625<br>827969781128 |
| Nivea | Complicated | 82876671562 | 828766715620 |
| Our Lady Peace | Healthy In Paranoid Times | CK94777 | 827969477724 |
| Patty Loveless | Dreamin' My Dreams | EK94481 | 827969448120 |
| Pete Seeger | The Essential Pete Seeger | CK92835 | 827969283523 |
| Ray Charles | Friendship | CK94564 | 827969456422 |
| Rosanne Cash | Interiors | CK93655 | 827969365526 |
| Rosanne Cash | King's Record Shop | CK86994 | 696998699427 |
| Rosanne Cash | Seven Year Ache | CK86997 | 696998699724 |
| Shel Silverstein | The Best Of Shel Silverstein | CK94722 | 827969472224 |
| Shelly Fairchild | Ride | CK90355 | 827969035528 |
| Susie Suh | Susie Suh | EK92443 | 827969244326 |
| Switchfoot | Nothing Is Sound | CK96534<br>CK96437<br>CK94581 | 827969653425<br>827969643723<br>827969458129 |
| Teena Marie | Robbery | EK93817 | 827969381724 |
| Trey Anastasio | Shine | CK96428 | 827969642825 |
| Van Zant | Get Right With The Man | CK93500 | 827969350027 |
| Vivian Green | Vivian | CK90761 | 827969076125 |

**MediaMax 5.0 Titles Distributed in the United States**

| ARTIST | TITLE | SELECTION # |
|---|---|---|
| Alicia Keys | Unplugged | 82876674242 |
| | | 82876731662 |
| Amici Forever | Defined | 82876688832 |
| Babyface | Grown & Sexy | 82876705682 |
| Black Rebel Motorcycle Club | Howl | 8287671601 |
| Britney Spears | Hitme - Remix | 82876740622 |
| Cassidy | I'm A Hustla | 82876687072 |
| | | 82876680732 |
| Chris Brown | Chris Brown | 82876733222 |
| Cook, Dixon & Young | Volume One | 82876673342 |
| David Gray | Life In Slow Motion | 82876710682 |
| Dido | Dido Live | 82876658099 |
| Faithless | Forever Faithless/ENH | 82876710142 |
| Imogen Heap | Speak For Yourself | 82876725322 |
| Judd & Maggie | Subjects | 82876692492 |
| Leo Kottke/Mike Gordon | Sixty Six Steps | 82876689092 |
| Maroon 5 | Live | 82876709742 |
| | | 82876699522 |
| My Morning Jacket | Z | 82876710672 |
| Raheem Devaughn | The Love Experience | 82876537232 |
| Santana | All That I Am | 82876597732 |
| Sarah McLachlan | Bloom (Remix Album) | 82876697982 |
| Stellastarr* | Harmonies for the Haunted | 82876688812 |
| Syleena Johnson | Chapter 3: The Flesh | 82876610932 |
| T-Pain | Rappa Ternt Sanga | 82876734472 |
| | | 82876732002 |
| Various | So Amazing: An All Star Tribute To Luther Vandross | 82876624722 |
| Various | Songs Brown Hotel | 82876714112 |
| Wakefield | Which Side Are You On? | 82876685072 |
| | | 82876681352 |
| Charlie Wilson | Charlie, Last Name Wilson | 82876694292 |
| YoungBloodZ | Everybody Know Me | 82876733402 |
| | | 82876731752 |

## MediaMax 3.0 Titles Distributed in the United States

| ARTIST | TITLE | SELECTION # |
|---|---|---|
| Anderson, Keith | Three Chord Country | 82876662942 |
| Backstreet Boys | Never Gone (Walmart) | 82876702442 |
| Backstreet Boys | Never Gone  (Target) | 82876705342 |
| Backstreet Boys | Never Gone | 82876696112 |
| Brickman, Jim | Grace | 82876679792 |
| Brickman, Jim | Grace (Provident Version) | 82876687952 |
| Citizen Cope | Clarance Greenwood Recordings | 82876521142 |
| Charlotte Martin | On Your Shore | 82876606762 |
| Chieftains, The | Live From Dublin | 82876671372 |
| Clay Aiken | Merry Christmas | 82876626222 |
| Dave Matthews Band | Stand Up | 82876687962 |
| Dido | "White Flag" W/Enhanced Features  (Maxi | |
| Foo Fighters | In Your Honor (Bb Version) | 82876705282 |
| Foo Fighters | In Your Honor | 82876680382 |
| 40 Below Summer | The Mourning After | 79301828982 |
| Hamilton, Anthoney | Coming From Where I'm From | 82876521072 |
| J-Kwon | Hood Hop (Edited) | 82876583672 |
| J-Kwon | Hood Hop (Ex) | 82876576132 |
| Kasabian | Kasabian | 82876664282 |
| Kings Of Leon | Aha Shake Heartbreak | 82876645442 |
| Mclachlan, Sarah | "Fallen" W/Enhanced Features   (Maxi Single) | 82876601432 |
| Mclachlan, Sarah | Afterglow Live | 82876644942 |
| Mclachlan, Sarah | Afterglow Live | 82876645432 |
| Nodesha | Get It While It's Hot (Maxi Single) | 82876566902 |
| Sahara Hotnights | Kiss & Tell | 82876626892 |
| Silvertide | Show & Tell | 82876644022 |
| Silvertide | Show & Tell (Ex) | 82876609892 |
| Soundtrack | Xxx: State Of The Union | 82876679222 |
| Soundtrack | Xxx: State Of The Union | 82876681092 |
| Stone, Angie | Stone Love | 82876562152 |

| | | |
|---|---|---|
| Tha' Rayne | Didn't You Know (Maxi Single) | 82876566882 |
| Velvet Revolver | Contraband (Bb Version) | 82876665102 |
| Velvet Revolver | Contraband (Ed) | 82876605242 |
| Velvet Revolver | Contraband (Ex) | 82876597942 |
| Yung Wun | The Dirtest Thir(Ex | 82876607672 |
| Yung Wun | The Dirtiest Thirstiest | 82876609492 |
| Various | Relaxation: A Windham Hill Collection | 82876629422 |

2

Settlement Agreement -- Exhibit B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
In re SONY BMG CD Technologies Litigation          :   No. 1:05-cv-09575-NRB
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
------------------------------------------------------------------ x
```

## FINAL ORDER AND JUDGMENT

**WHEREAS**, SONY BMG Music Entertainment ("SONY BMG") markets and, directly and indirectly, including through retailers, sells, among other things, compact discs ("CDs") containing music from a wide variety of genres; and

**WHEREAS**, during the period beginning on August 1, 2003 through the present, some, but not all, of the CD titles marketed and sold by SONY BMG, contained, in addition to tracks of music, software (referred to herein as "Content Protection Software") that, when the CDs were inserted into computers with CD player/recorder drives, enable consumers to transfer the music to their computers, from which consumers could make other authorized uses (including transferring the music to portable devices and copying the music onto no more than three blank CDs), and which prohibit other uses; and

**WHEREAS**, SONY BMG used two types of Content Protection Software on CDs during the Class Period, "MediaMax" and "XCP"; and

**WHEREAS**, two versions of "MediaMax" — MediaMax 3.0 and MediaMax 5.0 — were designed and licensed to SONY BMG by SunnComm International Inc., a Nevada corporation

headquartered in Arizona (Sunncomm International Inc. and another Nevada corporation headquartered in Arizona, MediaMax Technology Corp. being collectively referred to herein as "SunnComm"); and

WHEREAS, the MediaMax software included on SONY BMG CDs sold to consumers during the Class Period will be referred to herein as the "MediaMax Software," and a SONY BMG CD or copy thereof containing MediaMax Software will be referred to herein as a "MediaMax CD"; and

WHEREAS, various versions of "XCP" were designed and licensed to SONY BMG by First 4 Internet Ltd. ("F4I," and, collectively with SONY BMG and SunnComm, the "Defendants"), a corporation located in and organized under the laws of the United Kingdom; and

WHEREAS, the XCP versions included on SONY BMG CDs sold to consumers during the Class Period will be referred to herein as the "XCP Software," and a SONY BMG CD or copy thereof containing XCP Software will be referred to herein as an "XCP CD"; and

WHEREAS, the following CD titles distributed by SONY BMG are XCP CDs:

| | |
|---|---|
| A Static Lullaby | Faso Latido |
| Acceptance | Phantoms |
| Amerie | Touch |
| Art Blakey | Drum Suit |
| The Bad Plus | Suspicious Activity? |
| Bette Midler | Sings the Peggy Lee Songbook |
| Billie Holiday | The Great American Songbook |
| Bob Brookmeyer | Bob Brookmeyer & Friends |
| Buddy Jewell | Times Like These |
| Burt Bacharach | At This Time |

| | |
|---|---|
| Celine Dion | On Ne Change Pas |
| Chayanne | Cautivo |
| Chris Botti | To Love Again |
| The Coral | The Invisible Invasion |
| Cyndi Lauper | The Body Acoustic |
| The Dead 60's | The Dead 60's |
| Deniece Williams | This Is Niecy |
| Dextor Gordon | Manhattan Symphonie |
| Dion | The Essential Dion |
| Earl Scruggs | I Saw The Light With Some Help From My Friends |
| Elkland | Golden |
| Emma Roberts | Unfabulous And More: Emma Roberts |
| Flatt & Scruggs | Foggy Mountain Jamboree |
| Frank Sinatra | The Great American Songbook |
| G3 | Live In Tokyo |
| George Jones | My Very Special Guests |
| Gerry Mulligan | Jeru |
| Horace Silver | Silver's Blue |
| Jane Monheit | The Season |
| Jon Randall | Walking Among The Living |
| Life Of Agony | Broken Valley |
| Louis Armstrong | The Great American Songbook |
| Mary Mary | Mary Mary |
| Montgomery Gentry | Something To Be Proud Of: The Best of 1999-2005 |
| Natasha Bedingfield | Unwritten |
| Neil Diamond | 12 Songs |
| Nivea | Complicated |

| | |
|---|---|
| Our Lady Peace | Healthy In Paranoid Times |
| Patty Loveless | Dreamin' My Dreams |
| Pete Seeger | The Essential Pete Seeger |
| Ray Charles | Friendship |
| Rosanne Cash | Interiors |
| Rosanne Cash | King's Record Shop |
| Rosanne Cash | Seven Year Ache |
| Shel Silverstein | The Best Of Shel Silverstein |
| Shelly Fairchild | Ride |
| Susie Suh | Susie Suh |
| Switchfoot | Nothing Is Sound |
| Teena Marie | Robbery |
| Trey Anastasio | Shine |
| Van Zant | Get Right With The Man |
| Vivian Green | Vivian |

**WHEREAS**, the following CD titles distributed by SONY BMG are MediaMax CDs containing MediaMax 3.0:

| | |
|---|---|
| Anderson, Keith | Three Chord Country |
| Backstreet Boys | Never Gone (Walmart) |
| Backstreet Boys | Never Gone  (Target) |
| Backstreet Boys | Never Gone |
| Brickman, Jim | Grace |
| Brickman, Jim | Grace (Provident Version) |
| Citizen Cope | Clarance Greenwood Recordings |
| Charlotte Martin | On Your Shore |
| Chieftains, The | Live From Dublin |
| Clay Aiken | Merry Christmas |
| Dave Matthews Band | Stand Up |
| Dido | "White Flag" W/Enhanced Features  (Maxi Single) |

| | |
|---|---|
| Foo Fighters | In Your Honor (Bb Version) |
| Foo Fighters | In Your Honor |
| 40 Below Summer | The Mourning After |
| Hamilton, Anthoney | Coming From Where I'm From |
| J-Kwon | Hood Hop (Edited) |
| J-Kwon | Hood Hop (Ex) |
| Kasabian | Kasabian |
| Kings Of Leon | Aha Shake Heartbreak |
| Mclachlan, Sarah | "Fallen" W/Enhanced Features   (Maxi Single) |
| Mclachlan, Sarah | Afterglow Live |
| Mclachlan, Sarah | Afterglow Live |
| Nodesha | Get It While It's Hot (Maxi Single) |
| Sahara Hotnights | Kiss & Tell |
| Silvertide | Show & Tell |
| Silvertide | Show & Tell (Ex) |
| Soundtrack | Xxx: State Of The Union |
| Soundtrack | Xxx: State Of The Union |
| Stone, Angie | Stone Love |
| Tha' Rayne | Didn't You Know (Maxi Single) |
| Velvet Revolver | Contraband  (Bb Version) |
| Velvet Revolver | Contraband (Ed) |
| Velvet Revolver | Contraband (Ex) |
| Yung Wun | The Dirtiest Thirstiest (Ex) |
| Yung Wun | The Dirtiest Thirstiest |
| Various | Relaxation: A Windham Hill Collection |

**WHEREAS**, the following CD titles distributed by SONY BMG are MediaMax CDs

containing MediaMax 5.0:

| | |
|---|---|
| Alicia Keys | Unplugged |
| Amici Forever | Defined |
| Babyface | Grown & Sexy |
| Black Rebel Motorcycle Club | Howl |
| Britney Spears | Hitme - Remix |
| Cassidy | I'm A Hustla |

| Chris Brown | Chris Brown |
|---|---|
| Cook, Dixon & Young | Volume One |
| David Gray | Life In Slow Motion |
| Dido | Dido Live |
| Faithless | Forever Faithless/ENH |
| Imogen Heap | Speak For Yourself |
| Judd & Maggie | Subjects |
| Leo Kottke/Mike Gordon | Sixty Six Steps |
| Maroon 5 | Live |
| My Morning Jacket | Z |
| Raheem Devaughn | The Love Experience |
| Santana | All That I Am |
| Sarah McLachlan | Bloom (Remix Album) |
| Stellastarr* | Harmonies for the Haunted |
| Syleena Johnson | Chapter 3: The Flesh |
| T-Pain | Rappa Ternt Sanga |
| Various | So Amazing: An All Star Tribute To Luther Vandross |
| Various | Songs Brown Hotel |
| Wakefield | Which Side Are You On? |
| Charlie Wilson | Charlie, Last Name Wilson |
| YoungBloodZ | Everybody Know Me |

**WHEREAS,** six complaints—*Maletta v. SONY BMG Music Entm't*, No. 05 CV 10637 (UA) (S.D.N.Y. Dec. 19, 2005); *Ricciuti v. SONY BMG Music Entm't*, No. 05 CV 10190, consolidated as No. 05 CV 9609(NRB) (S.D.N.Y. Dec. 5, 2005); *Klewan v. Arista Holdings Inc. d/b/a SONY BMG Music Entm't*, No. 05 CV 9609, consolidated as No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005); *Michaelson v. SONY BMG Music, Inc.*, No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005); *Potter v. SONY BMG Music Entm't*, No. 05 CV 9607, consolidated as No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005); *Rivas v. SONY BMG Music Entm't*, No. 05 CV 9598, consolidated as No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005)—were filed in the Southern District of New York and are subject to consolidation before the Honorable Naomi Reice Buchwald into the above-referenced *SONY BMG CD Technologies Litigation* (the "Action"); and

22085153v8

**WHEREAS**, a Consolidated Amended Complaint in the Action (hereafter, the "Complaint") was filed on December 28, 2005; and

**WHEREAS**, as of the date of Settlement, other complaints raising substantially identical claims (collectively, the "Non-S.D.N.Y. Actions") have been filed in other jurisdictions as follows: *Black v. SONY BMG Music Entm't*, No. CIV-05-1315 WDS/RLP (D. N.M. Dec. 19, 2005); *Klemm v. SONY BMG Music Entm't*, No. C 05 5111 BZ (N.D. Cal. Dec. 9, 2005); *Melcon v. SONY BMG Music Entm't*, No. C 05 5084 MHP (N.D. Cal. Dec. 8, 2005); *Ponting v. SONYBMG Music Entm't, LLC*, No. CV-05-08472-JFW(AJWx) (C.D. Cal. Dec. 2, 2005); *Jacoby v. SONY BMG Music Entm't*, No. 05/116679 (N.Y. Sup. Ct. Nov. 30, 2005); *Bahnmaier v. SONY BMG Music Entm't*, No. CJ 2005 06968 (Okla. Dist. Ct. Nov. 28, 2005); *Xanthakos v. SONY BMG Music Entm't, LLC*, No. 05-0009203 (D.C. Super. Ct. Nov. 28, 2005); *Maletta v. SONY BMG Music Entm't Corp.*, No. BC343615 (Cal. Super. Ct. Nov. 28, 2005); *Burke v. SONY BMG Music Entm't*, No. 857213 (Cal. Super. Ct. Nov. 22, 2005); *Hull v. SONY BMG Music Entm't*, No. BC343385 (Cal. Super. Ct. Nov. 21, 2005); *Cooke v. SONY BMG Music Entm't*, No. 05-0009093 (D.C. Super. Ct. Nov. 18, 2005); *DeMarco v. SONY BMG Music*, No. 2:05-cv-05485-WHW-SDW (D.N.J. Nov. 17, 2005); *Stynchula v. Sony Corp. of Am.*, No. BC343100 (Cal. Super. Ct. Nov. 15, 2005); *Gruber v. Sony Corp. of Am.*, No. BC342805 (Cal. Super. Ct. Nov. 9, 2005); *Guevara v. SONY BMG Music Entm't*, No. BC342359 (Cal. Super. Ct. Nov. 1, 2005) (although several of the complaints in the Action and the Non-S.D.N.Y. Actions misstate the name of SONY BMG, it is understood that SONY BMG is the defendant meant to have been named in each such complaint); and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that, when and if an XCP CD is inserted into a computer, an End User License Agreement (a

"EULA", and, with respect to XCP CDs, the "XCP EULA") appears automatically on the screen and the XCP Software installs itself on the user's computer; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions assert that the XCP Software contains a potentially harmful "rootkit" which renders the user's computer more vulnerable to "malware" promulgated by third parties, including "viruses," "Trojan Horses" and "spyware," than the computers would have been had the software not been installed; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that the XCP Software interferes with the user's ability to access the music via non-XCP software, consumes excess computer resources and causes system errors; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that SONY BMG, including through the XCP EULA, misrepresented, or did not fully or adequately disclose, the true nature of the XCP Software; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that the XCP EULA contained terms that are unconscionable or otherwise unenforceable; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that once installed, the XCP Software is difficult to locate and remove, and that SONY BMG did not make available a ready means to uninstall the XCP Software; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that when SONY BMG made an uninstaller program available to remove the XCP Software, this program also created a security risk; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that, when a MediaMax CD is inserted into a computer, a EULA appears automatically on the screen (for CDs containing the MediaMax 3.0 software, the "MediaMax 3.0 EULA"; for CDs

containing the MediaMax 5.0 software, the "MediaMax 5.0 EULA"; each, a "MediaMax EULA", and collectively, the "MediaMax EULAs"), and that certain software files are immediately loaded onto the computer even before the user of the MediaMax CD has an opportunity to accept or reject the MediaMax EULA; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that this software remains on the computer even if the MediaMax EULA is rejected; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions also allege that SONY BMG, including through the MediaMax EULAs, misrepresented, or did not fully or adequately disclose, the true nature of the MediaMax Software; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that the MediaMax EULAs contained terms that are unconscionable or otherwise unenforceable; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that at least one version of MediaMax Software causes a file folder to be installed on a user's computer that renders the user's computer more vulnerable to security breaches by third parties by allowing these third parties to gain enhanced permissions over the user's computer running the Windows operating system; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that SONY BMG did not make available a ready means to uninstall the MediaMax Software; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that when SONY BMG made a program available to uninstall the MediaMax Software, this program also created a security risk; and

WHEREAS, the Complaint and the complaints in the Non-S.D.N.Y. Actions claim that the SONY BMG and F4I, by disseminating the XCP Software on XCP CDs, and that SONY BMG and SunnComm, by disseminating the Media Max software on Media Max CDs, violated,

among other things, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq.; the consumer fraud, false advertising, and/or deceptive trade practices laws of the several states, and state and federal common law; and

WHEREAS, the Complaint seeks injunctive relief, equitable relief, restitution, and damages on behalf of a nationwide class of consumers who used any of the MediaMax CDs and/or the XCP CDs; and

WHEREAS, the plaintiffs in the Non-S.D.N.Y. Actions seek essentially the same relief on behalf of a nationwide class or the residents of individual states; and

WHEREAS, Plaintiffs, through their counsel, have conducted an investigation of the facts and analyzed the relevant legal issues and believe that the claims asserted in the complaints have substantial merit, have examined the benefits to be obtained under the proposed Settlement, including the prompt removal of XCP CDs from the market, SONY BMG's ceasing production of the MediaMax software and in the testing of and disclosures regarding future Content Protection Software, and have considered the risks, costs and delays associated with the continued prosecution of this litigation and the likely appeals of any rulings in favor of either Plaintiffs or Defendants; and

WHEREAS, Defendants have conducted an investigation of the facts and analyzed the relevant legal issues; and

WHEREAS, Defendants deny all liability with respect to any and all facts or claims alleged in the Complaint, and believe that their defenses to the claims asserted in the Complaint have substantial merit; and

WHEREAS, Defendants also have weighed the potential risks, costs and delays associated with continued litigation of the Actions against the benefits of the proposed Settlement; and

**WHEREAS**, each of the Parties and counsel believes, in consideration of all the circumstances and after substantial arms' length settlement negotiations between counsel, that its interests are best served by entering into the settlement set forth in the Settlement Agreement, and that this proposed settlement is fair, reasonable, adequate and in the best interests of the Settlement Class; and

**WHEREAS**, the Parties also acknowledge that SONY BMG is subject to one lawsuit (*Texas v. SONY BMG Music Entertainment*, Dist. Ct., Travis Co, Tex.), an inquiry by the Federal Trade Commission, and numerous investigations by state attorneys general or other governmental authorities in various jurisdictions (together, the "Government Inquiries"), all of which cover materially the same subject matter as the Complaint and complaints in the Non-S.D.N.Y. Actions; and

**WHEREAS**, it is the intention of SONY BMG to seek to settle the Government Inquiries on an agreed basis to the maximum extent possible, with settlement term(s) to be disclosed to Plaintiffs' Class Counsel, the Court and the public; and

**WHEREAS**, it is the intention of the Parties that the terms of the Settlement Agreement be complementary to the terms of the anticipated settlement(s) of the Government Inquiries, particularly with respect to injunctive relief; and

**WHEREAS**, the Settlement Agreement among the parties defines "Released Claims" as any and all claims, rights, damages, losses, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, debts, liens, contracts, liabilities, agreements, costs, or expenses, of any nature whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including Unknown Claims, of any and all Plaintiffs and/or Settlement Class Members arising out of any purchase or use by them of an XCP CD or a MediaMax CD, the XCP Update (as defined below), the XCP Uninstaller (as defined below), the MediaMax Update

(as defined below), or the MediaMax Uninstaller (as defined below) or any installation or de-installation of XCP Software or MediaMax Software at any time, to the extent that such claims: (a) arise out of the Action or the Non-S.D.N.Y. Actions; (b) relate to any allegations that either were or could have been asserted in the Action or the Non-S.D.N.Y. Actions; or (c) which might in the future be asserted by any Plaintiff or Settlement Class Member, against any of the Released Parties that would arise out of, or relate to in any manner, directly or indirectly, any acts, facts, transactions, occurrences, conduct, representations or omissions alleged in the Action and the Non-S.D.N.Y. Actions, including, without limitation, claims respecting any disclosure, advertising or other descriptions of, or claims relating to (*i*) the nature, quality, value, and/or functionality of the MediaMax CDs, the XCP CDs, the MediaMax Software, MediaMax Update, MediaMax Uninstaller, XCP Software, XCP Update or XCP Uninstaller; and/or (*ii*) the EULAs, and/or (*iii*) the alleged collection by Defendants of Personal Data or IP addresses. Released Claims also include claims for abuse of process, malicious prosecution or any other claim arising out of, relating to, or in connection with the defense or resolution of the Action. For avoidance of doubt, Released Claims include claims relating to (*i*) the asserted costs of removing XCP Software and/or MediaMax Software from a computer or network and (*ii*) damages caused by negligent removal of XCP Software and/or MediaMax Software. The sole exception to the definition of Released Claims is that such claims do not include claims for consequential damage to a computer or network that may or are alleged to have resulted from interactions between the XCP Software or the MediaMax Software and other software or hardware installed on such computer or network. (For avoidance of doubt, Released Claims also do not include copyright, trademark or other claims concerning the ownership of intellectual property rights in the MediaMax Software or the XCP Software, or any uninstallers or updates thereto, which were not alleged); and

WHEREAS, the Settlement Agreement among the parties defines "Released Parties" as each and all of the Defendants and each and all of Defendants' direct and indirect parent companies including, in the case of SONY BMG and without limitation, Sony Corporation and Bertelsmann AG, and each and all of each of Sony Corporation's, Bertelsmann AG's and Defendants' respective divisions and direct and indirect subsidiaries, affiliates, partners, joint ventures, predecessors and successor corporations and business entities, and each and all of their past and present officers, directors, servants, licensees, joint ventures, sureties, attorneys, agents, consultants, advisors, contractors, employees, controlling or principal shareholders, general or limited partners or partnerships, divisions, insurers, designated management companies, and each and all of their successors or predecessors in interest, assigns, or legal representatives, and any persons or entities that have designed, developed, programmed, manufactured, supplied, advertised, marketed, distributed or sold MediaMax CDs and/or XCP CDs or software thereon; and.

WHEREAS, the Parties intend that the proposed Settlement embodied in the Settlement Agreement will resolve all Released Claims, including Unknown Claims (as that term is defined in the Settlement Agreement) against all Released Parties; and

WHEREAS, the Parties have engaged in intensive, complex, difficult and hard-fought arm's-length negotiations; and

WHEREAS, as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle these Actions; and

WHEREAS, by the terms of the proposed Settlement of this Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, within thirty (30) days after the Preliminary Approval Date, SONY BMG shall make available to all Settlement Class members all of the benefits and

relief set forth in the Settlement Agreement, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein; and

      **WHEREAS**, if, after the date on which the Settlement Agreement was executed, SONY BMG enters into any settlement agreement, consent decree, assurance of discontinuance or other, similar pre-trial resolution with a State Attorney General, or any class action settlement, in which SONY BMG undertakes to provide additional benefits directly to all Settlement Class Members who reside in any single state or states respecting Released Claims, SONY BMG agrees to offer the same benefits to all Settlement Class Members; and

      **WHEREAS**, the parties expect that, by the date of the Fairness Hearing, SONY BMG will have entered into an enforceable, nationwide agreement resolving one or more of the Government Inquiries; and the parties also expect that the resolution of these Government Inquiries will include, at least, the restrictions on SONY BMG's future conduct stated below in the paragraph immediately following this paragraph; if, as of the date of the Fairness Hearing, SONY BMG has not entered into such an enforceable agreement, and/or if such agreement is not nationwide in scope and does not address each and every one of the provisions stated below in the paragraph immediately following this paragraph, then as of the date of the Fairness Hearing, the Settlement Agreement will be deemed amended to include an entitlement by Settlement Class Members to an injunction, during the Injunctive Period, addressing each and every such provision not addressed; and

      **WHEREAS**, to the extent not covered in an agreement to resolve the Government Inquiries, SONY BMG shall, during the Injunctive Period, adhere to all of the affirmative and negative restrictions on its use of Content Protection Software described in Section IV of the Settlement Agreement; and

**WHEREAS**, on or about December 28, 2005, the Parties, by their duly authorized counsel, entered into a Settlement Agreement, which provides that, subject to the approval of this Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the claims asserted in this Action against Defendants were to be settled, compromised and dismissed with prejudice, upon and subject to the terms and conditions set forth therein; and

**WHEREAS**, on January ___, 2006, this Court entered a Hearing Order (the "Hearing Order"), which, *inter alia*:

(a) certified, for settlement purposes only, pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of the named Plaintiffs in the Action and all natural persons or entities in the United States who purchased, received, came into possession of or otherwise used one or more MediaMax CDs and/or XCP CDs prior to the Effective Date ("Settlement Class"); excluding Released Parties; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Released Parties; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all claims that are the subject of the Action and the Non-S.D.N.Y. Actions;

(b) appointed **[insert names]** as representatives of the Settlement Class;

(c) appointed Kamber & Associates, LLC and Girard Gibbs & De Bartolomeo LLP as Class Co-Counsel for the Settlement Class;

(d) preliminarily approved the Settlement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(e) set a hearing to take place on _____, 2006, at _____ ___.m., before this Court, at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl Street, Room 2270, New York, New York (the "Fairness Hearing"), upon notice to members of the Settlement Class, to determine whether:

(*i*) the requirements for certification of the Settlement Class have been met;

(*ii*) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the Settlement the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of Plaintiffs' counsel's expenses, should be approved as fair, reasonable and adequate; and

(*iii*) the Judgment approving the Settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered.

(f) approved the form of the Notice of Pendency and Settlement Class Action (the "Full Settlement Notice"), substantially in the form of Exhibit F annexed to the Settlement Agreement, which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement, and approved the summary form of that Settlement Notice, substantially in the form of Exhibit G, annexed to the Settlement Agreement;

(g) prescribed the method and period of time for providing notice to members of the Settlement Class of the certification of the Settlement Class; the Settlement; Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses; and the Fairness Hearing;

(h)   directed that Defendants and Plaintiffs' Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice and printed Claim Form by mailing the documents to any Settlement Class Members who shall make such requests;

(i)  found that such notice to the members of the Settlement Class as described in the Settlement Agreement: (*i*) is the best notice practicable to members of the Settlement Class; (*ii*) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; (*iii*) is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (*iv*) meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(j) directed Plaintiffs' Class Counsel and Defendants' counsel, on or before _____ __, 2006, to file with the Court evidence that the provisions of paragraphs 9 and 10 of the Hearing Order had been satisfied, which they did;

(k) prescribed the method and period of time during which members of the Settlement Class may file requests to be excluded from the Settlement Class;

(l) provided that, whether or not the Effective Date occurs, any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by any and all judgments and settlements entered or approved by this Court, whether favorable or unfavorable to the Settlement Class;

(m) prescribed the method and periods of time during which members of the Settlement Class may serve written objections to the Settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by Plaintiffs' counsel;

(n) prescribed the methods and periods of time during which members of the Settlement Class must apply for the applicable relief by, *inter alia*, completing a printed

Claim Form such as that attached to the Settlement Agreement as Exhibit C, in order to obtain those facets of the Settlement for which the completion of a Claim Form is required;

(o) directed that if, for any reason, the notice to the Settlement Class Members is not or cannot be provided before February 1, 2006, the Parties will confer in good faith and recommend to the Court that the date by which any Settlement Class Member must seek to receive one or more of the settlement benefits be extended correspondingly;

(p) directed that if the settlement benefits available to Settlement Class Members change, including by operation of Section III(V) of the Settlement Agreement, no new notice need issue to Settlement Class Members;

(q) prescribed the date by which Defendants shall provide notice of the Settlement Agreement to the authorities required to be notified of prospective class action settlements under the Class Action Fairness Act of 2005;

(r) directed that SONY BMG shall pay all costs associated with providing notice to the members of the Settlement Class;

(s) required SONY BMG, between the Preliminary Approval Date and _____ __, 2006, to cause an independent third party to investigate whether SONY BMG has collected, aggregated or retained personal data in a manner inconsistent with the Settlement Agreement, Paragraph III.S, and to provide the third party's conclusions to Plaintiffs' Class Counsel and to the Court prior to the Fairness Hearing and post the third party's conclusions on its website no more than thirty (30) days after receiving those conclusions, which it did;

(t) preliminarily barred and enjoined Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class from: (i) filing, commencing, prosecuting, maintaining, or intervening in any claim, lawsuit, arbitration, administrative, regulatory or other proceeding (as members of a class action or otherwise) arising out of the Released Claims against any of the Released Parties; and (ii) organizing or soliciting the participation of any members of the Settlement Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims against any of the Released Parties;

(u) provided that if for any reason, the Effective Date of the Settlement does not occur, the Hearing Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 22, 2005, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be

consummated or the Effective Date of the Settlement to occur including, without limitation, paragraphs IX.A., IX.B., XI.C., XI.D., XI.K., and XI.L. of the Settlement Agreement.

(v) provided that nothing in the Hearing Order shall be construed or used as an admission, concession, or declaration by or against SONY BMG for any fault, wrongdoing, breach or liability; or be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; or be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any claim asserted in the Action; and

**WHEREAS**, on _____, Defendant submitted to this Court proof of the e-mailing of the Full Statement Notice, the posting of the Full Statement Notice on SONY BMG's website, the use of the "Banner" to provide a link to the Full Settlement Notice, the coordination with prominent search engines, to make the Full Settlement Notice readily accessible on the Internet, and publication of the Summary Settlement Notice, as directed in the Hearing Order, pursuant to which members of the Settlement Class were notified of their rights to: (i) request exclusion from the Settlement Class; or (ii) appear at the hearing in favor of, or opposition to, the Settlement and/or the application of Plaintiffs' counsel for award of fees and reimbursement of expenses; and

**WHEREAS**, SONY BMG has submitted evidence demonstrating, and the Court finds, that SONY BMG provided the notices to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715; and

**WHEREAS**, the Fairness Hearing was duly held as noticed on _____ __, 200_; and

**WHEREAS**, this Court, having heard from Plaintiffs' Class Counsel on behalf of the Settlement Class, and from Defendants' counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and

the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     Notice to the members of the Settlement Class required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as directed by this Court in the Hearing Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, and satisfied the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

2.     The Settlement Class as provided in the Hearing Order is unconditionally certified pursuant to Rules 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

3.     For purposes of all aspects of the Settlement except the provisions of Section IV, with respect to which the Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(2), the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

4.      For purposes of the injunctive relief specified in Section IV of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

5.      The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure.

6.      Plaintiffs and Defendant are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and all of its terms.

7.      The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendant, or any of the Plaintiffs, Settlement Class Members, or Released Parties.

8.      Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's Hearing Order, and are excluded from the Settlement Class, shall not be bound by this Final Order and Judgment (except with respect to the injunctive relief specified in Section IV of the Settlement Agreement), and shall not participate in the proceeds of the Settlement hereby approved nor receive any benefit thereunder.

9.     The Action is hereby dismissed, with prejudice, on the merits, as against all Plaintiffs and all members of the Settlement Class, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein, in the Hearing Order and in the Settlement Agreement.

10.     Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Parties, in the manner(s) set forth in the Settlement Agreement.

11.     Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims.

12.     Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged all of the Plaintiffs, Plaintiffs' Class Counsel and all agents of and expert witnesses retained by Plaintiffs' Class Counsel from any claims (including Unknown Claims) for abuse of process, malicious prosecution or any other claim arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Action.

13.     Upon the Effective Date, Defendants shall be deemed to have waived the limitation of liability provisions (XCP EULA and MediaMax 5.0 EULA Article 6; MediaMax 3.0 EULA Article 4.1), and the New York forum selection clauses (XCP EULA and MediaMax 5.0 EULA Article 10; MediaMax 3.0 EULA Article 6.1) of the EULAs, only to the extent that a person pursues non-Released Claims against Defendants on an individual, as opposed to class action or mass action, basis.

14.     Based on the record and confirmatory discovery obtained by Plaintiffs' Class Counsel, the Court finds that the scope of the Settlement Class and Release are appropriate in light of concerns that non-Released Claims for consequential damages to a computer or network as defined in Section II.O. of the Settlement Agreement may raise questions concerning the predominance and manageability required under Federal Rule of Civil Procedure 23(b)(3).

15.     An incentive payment, not to exceed $1,000, is hereby awarded to each of the following named plaintiffs in the Action and the Non-S.D.N.Y. Actions: **[insert names]**. Defendants shall pay $1,000 to each of the specified individuals within ten (10) business days after the Effective Date.

16.     Plaintiffs' counsel are hereby awarded (*i*) attorneys' fees in an amount not to exceed **[sum to be specified]**, and (*ii*) reimbursement of their reasonable documented expenses incurred up to and through the date of the Fairness Hearing in an amount not to exceed **[sum to be specified]**. Such amounts are to be paid to Plaintiffs' Class Counsel by Defendants within ten (10) business days after the Effective Date, and in accordance with Paragraphs __, __ of the Settlement Agreement.  Such expenses shall not include any expenses incurred in connection with notice or fulfillment of the Settlement or providing the Settlement Benefit(s) to Settlement Class Members, which costs and expenses shall be borne entirely by Defendants.

17.     The award of attorneys' fees to Plaintiffs' counsel, as provided in paragraph 16, above, shall be allocated among Plaintiffs' counsel in a fashion which, in the opinion of Plaintiffs' Class Counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Action.  In making its award of attorneys' fees and reimbursement of expenses, in the amounts described in paragraph 16, above, the Court has considered and finds as follows:

      **a.**    The Settlement has provided a significant amount of cash and non-cash relief to the Settlement Class.

      **b.**    Defendants' adoption of substantial changes to their business practices and procedures involving the use and appropriate disclosure of Content Protection Software were a negotiated material term of Settlement.

      **c.**    The Settlement Notice was published to at least _____ putative Settlement Class members. Only _____ [No] objections were filed against the terms of the proposed Settlement.

      **d.**    Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class as a whole.

      **e.**    The Action involves complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

      **f.**    Had Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants, and that any recovery would have been significantly delayed which would have resulted in the continued exposure of Settlement Class members' computers to security vulnerabilities.

      **g.**    The amount of attorneys' fees and reimbursable expenses awarded to Plaintiffs' counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

      **18.**    Following the Effective Date, Plaintiffs' Class Counsel may separately request the Court to award to Plaintiffs' Class Counsel a further reimbursement of their reasonable

documented expenses incurred between the Fairness Hearing and the Effective Date, provided that this amount, when added to the amount awarded pursuant to paragraph 16(*ii*), above, does not exceed _____. Defendants shall pay this amount, or such smaller amount, awarded by the Court to Plaintiffs' Class Counsel.

19.     Defendants and the Released Parties shall not be liable for any additional fees or expenses for Plaintiffs' Class Counsel or counsel of any Plaintiff or Settlement Class Member in connection with the Action or the Non-S.D.N.Y. Actions, beyond those expressly provided in the Settlement Agreement, and paragraphs 15 through 18, above.

20.     After the Effective Date, and before receiving any portion of the attorneys' fees specified in paragraph 16, counsel pursuing any of the Non-S.D.N.Y. Actions shall voluntarily discontinue such Non-S.D.N.Y. Actions.

21.     By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22.     Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

(a) Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

(b) Supervising all aspects of the administration of the Settlement, and providing the benefits of the Settlement to Settlement Class Members, including, but not limited to, the resolution of any complaints submitted by Settlement Class Members, and for future allowances of expenses incurred by Plaintiffs' counsel solely in the administration of the Settlement, subject to the limits specified above in Paragraph 16;

(c) Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

(d) Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

(e) Adjudicating any disputes that arise under the Settlement Agreement; and

(f) Any other matters related or ancillary to the foregoing.

Dated: New York, New York

_____, 2006

SO ORDERED, ADJUDGED AND DECREED

_____
THE HONORABLE NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE

**Settlement Agreement  -- Exhibit C**

| ARTIST | GENRE | TITLE 1 | Selection | Full Album | TITLE 2 | Selection | Full Album |
|---|---|---|---|---|---|---|---|
| Acceptance | Rock | Phantoms | CK 89016 | YES | | | |
| Alexander, Jessi | Country | Honeysuckle Sweet | CK 90849 | YES | | | |
| Amerie | R&B | All I Have | CK 85959 | YES | Touch | CK 90763 | YES |
| Amos, Tori | Pop | Scarlet's Walk | EK 86412 | YES | The Beekeeper | EK 92800 | YES |
| Anastacia | Dance | Freak of Nature | EK 86010 | YES | Not That Kind | EK 69948 | YES |
| Annointed | Gospel | Now is the Time | CK 90929 | YES | | | |
| Anthony, Marc | Pop | Mended | CK 85300 | YES | Marc Anthony | CK 69726 | YES |
| Ataris | Rock | So long, Astoria | CK 86184 | YES | | | |
| Babyface | R&B | The Essential: Babyface | CK 89172 | YES | | | |
| Backstreet Boys | Pop | The Hits--Chapter One | 01241417792 | YES | | | |
| Bad Plus | Jazz | Give | CK 90771 | YES | Suspicious Activity | CK 94740 | YES |
| Blakey, Art | Jazz | The Jazz Messengers | CK 65265 | YES | | | |
| Blu Cantrell | | Bittersweet | 82876527292 | YES | | | |
| Botti, Chris | Jazz | To Love Again, The Duets | CK 677505 | YES | When I Fall In Love | CK 92872 | YES |
| Bow Wow | Rap | Wanted | CK 93505 | YES | | | |
| The Calling | Rock | Two | 82876566122 | YES | Camino Palmero | 7863675852 | YES |
| Carpenter, Mary Chapin | Country | Between Here And Gone | CK 86619 | YES | The Essential: Mary Chapin Carpenter | CK 90772 | YES |
| Carter, Aaron | Pop | Most Requested Hits | 82876555702 | YES | | | |
| Cash, Roseanne | Country | Interiors | CK 677638 | YES | Seven Year Ache | CK 677637 | YES |
| Cassidy | R&B | Split Personality | 82876588952 | YES | | | |
| Cave In | | Antenna | 07863681312 | YES | | | |
| Chasez, JC | Pop | Schizophrenic | 82876537242 | YES | | | |
| Citizen Cope | | The Clarence Greenwood Recordings | 82876521142 | YES | | | |
| Coe, David Allan | Country | The Essential: David Allan Coe | CK 89073 | YES | | | |
| Coheed and Cambria | Rock | In Keeping Secrets | CK 92686 | YES | Good Apollo | CK 93989 | YES |
| Colvin, Shawn | Pop | Polaroids | CK 93452 | YES | | | |
| Coral | Rock | The Coral | CK 87192 | YES | | | |
| Crossfade | Rock | Crossfade | CK 87148 | YES | | | |
| Crowell, Rodney | Country | The Outsider | CK 94470 | YES | Diamonds & Dirt | CK 61612 | YES |
| Cypress Hill | Rap | III (Temples Of Boom) Edited | CK 67433 | YES | Live At The Fillmore | CK 85273 | YES |
| Da Brat | Rap | Limelite, Luv & Niteclubz | 82876525092 | YES | | | |
| Dead 60's | Rock | The Dead 60's | EK 677675 | YES | | | |
| Diamond Rio | Country | Completely | 07863670462 | YES | | | |
| Dimeola, Al | Jazz | The Essence of Al Dimeola | CK 52920 | YES | | | |
| Dion, Celine | Pop | A New Day...Live In Las Vegas | EK 86400 | YES | | | |
| Downey Jr, Robert | Pop | The Futurist | SK 92654 | YES | | | |
| Dr. Hook | | Super Hits | CK 85876 | YES | The Essential Dr. Hook & Medicine Show | CK 86813 | YES |
| Earth Wind and Fire | Pop | Greatest Hits | C2K 85661 | YES | Spirit (expanded) | CK 65739 | YES |
| Ellington, Duke | Jazz | Piano In The Background | CK 87107 | YES | Masterpieces By Ellington | CK 87043 | YES |
| Ellis, Don | Jazz | Electric Bath | CK 65522 | YES | | | |
| Estefan, Gloria | Pop | Unwrapped | EK 86790 | YES | Mi Tierra | EK 53807 | |
| Eve 6 | | Eve 6 | 07863676172 | YES | | | |
| Fatty Koo | R&B | House Of Fatty Koo | CK 91256 | YES | | | |
| Fishbone | Rock | Truth And Soul | CK 40891 | YES | The Essential Fishbone | CK 86361 | YES |
| Flatt & Scruggs | Country | Foggy Mountain Jamboree | CK 677627 | YES | | | |
| Fleck, Bela | Jazz | Perpetual Motion | SK 89610 | YES | | | |
| Frankie J | R&B | The One | CK 96432 | YES | | | |
| Fuel | Rock | Something Like Human | EK 90705 | YES | | | |
| Full Scale | Rock | Full Scale | CK 93557 | YES | | | |
| Future Leaders of the World | Rock | LVL IV | EK 89192 | YES | | | |
| Getz, Stan | Jazz | Jazz Moods: Cool | CK 90690 | YES | | | |
| Ginuwine | Rap | The Senior | EK 86960 | YES | | | |
| Good Charlotte | Rock | The Chronicles of Life & Death | CK 92425 | YES | | | |
| Gordon, Dexter | Jazz | Manhattan Symphonie | CK 677633 | YES | | | |
| Gray, Macy | R&B | The Very Best Of Macy Gray | EK 92944 | YES | Macy Gray On How Life Is | EK 61400 | YES |
| Green, Vivian | R&B | Vivian | CK 677881 | YES | A Love Story | CK 86357 | YES |
| Gregory, James | Comedy | It Could Be A Law, I Don't Know! The Funniest Man In | EK 46080 | YES | | | |
| Griffin, Eddie | Comedy | Message In The Hat | EK 53806 | YES | | | |
| Griggs, Andy | Country | This I Gotta See | 82876596302 | YES | | | |
| Haggard, Merle | Country | Love Songs | EK 90569 | YES | The Essential Merle Haggard: The Epic Years | EK 90568 | YES |
| Hancock, Herbie | Jazz | The Piano | CK 87083 | YES | | | |
| Heart | Rock | Little Queen | EK 85772 | YES | Bebe Le Strange | EK 85770 | YES |
| Incubus | Rock | A Crow Left Of The Murder | CK 90890 | YES | Morning View | EK 85227 | YES |
| Indigo Girls | Rock | Indigo Girls | EK 85109 | YES | All That We Let In | EK 91003 | YES |
| Indigo Girls | Rock | Rites Of Passage | EK 61576 | YES | | | |
| Jagged Edge | R&B | Hard | CK 87017 | YES | JE Heartbreak | CK 69862 | YES |
| Jennings, Waylon | Country | Highwayman 2 | CK 45240 | YES | | | |
| Jewell, Buddy | Country | Times Like These | CK 677879 | YES | Buddy Jewell | CK 90131 | YES |
| Jones, George | Country | Love Songs | EK 87151 | YES | | | |
| Kings of Leon | | Aha Shake Heartbreak | 82876545442 | YES | | | |
| Korn | Rock | Greatest Hits, Vol 1 | EK 92700 | YES | Issues | EK 62239 | YES |
| Kristofferson, Kris | Country | Kristofferson | JK 85281 | YES | | | |
| Labelle, Patti | R&B | Love Songs | EK 85290 | YES | | | |
| Lamb of God | Rock | Ashes Of The Wake | EK 90702 | YES | | | |
| Lambert, Miranda | Country | Kerosene | EK 92026 | YES | | | |
| Lauper, Cyndi | Pop | The Body Acoustic | EK 94569 | YES | | | |
| Leadbelly | Blues | King Of The 12-String Guitar | CK 46776 | YES | | | |
| Lewis, Ramsey | Jazz | Love Songs | CK 93568 | YES | | | |
| Lit | Rock | A Place In The Sun | 82876681515 | YES | Atomic | 07863680862 | YES |
| Longwave | | There's A Fire | 82876670352 | YES | The Strangest Things | 07863681792 | YES |
| Lopez, Jennifer | Pop | Rebirth | EK 90622 | YES | | | |

| ARTIST | GENRE | TITLE 1 | Selection | Full Album | TITLE 2 | Selection | Full Album |
|---|---|---|---|---|---|---|---|
| Loveless, Patty | Country | On Your Way Home | EK 86620 | YES | | | |
| Marie, Teena | R&B | Robbery | EK 677629 | YES | Super Hits | EK 86344 | YES |
| Marsalis, Wynton | Jazz | Hot House Flowers | CK 39530 | YES | Marsalis Plays Monk | CK 67503 | YES |
| Martin, Charlotte | Rock | On Your Shore | 82876608762 | YES | | | |
| Martin, Ricky | Pop | Life | CK 678318 | YES | Ricky Martin | CK 69891 | YES |
| Mary Mary | R&B | Mary Mary | CK 677733 | YES | | | |
| Mathis, Johnny | Pop | Love Songs | CK 87065 | YES | Christmas Music: A Personal Collection | | |
| Mathis, Johnny | Pop | Open Fire, Two Guitars | CK 65862 | YES | Good Night, Dear Lord | CK 64891 | YES |
| McKay, Nellie | Pop | Get Away From Me | C2K 90940 | YES | | | |
| Monk, Thelonious | Jazz | The Essential: Thelonious Monk | CK 89175 | YES | Jazz Moods: 'Round Midnight | CK 90692 | YES |
| Monroe, Bill | Country | 16 Gems | CK 53908 | YES | | | |
| Montgomery Gentry | Country | You Do Your Thing | CK 90558 | YES | | | |
| Moore, Mandy | Pop | The Best of Mandy Moore | EK 93458 | YES | | | |
| Mudvayne | Rock | Lost And Found | EK 90784 | YES | | | |
| Mulligan, Gerry | Jazz | Jeru | CK 677634 | YES | | | |
| Nalick, Anna | Pop | Wreck Of The Day | CK 90891 | YES | | | |
| Nas | Rap | God's Son | CK 86985 | YES | | | |
| Nine Days | Rock | The Madding Crowd | BK 63634 | YES | | | |
| O'jays | R&B | The Essential O'Jays | CK 90632 | YES | | | |
| Omarion | R&B | O | EK 92818 | YES | | | |
| Paul, Billy | Pop | Super Hits | EK 86553 | YES | | | |
| Paycheck, Johnny | Country | Johnny Paycheck - 16 Biggest Hits | EK 69968 | YES | | | |
| Phillips, Esther | Jazz | Jazz Moods | EK 93641 | YES | | | |
| Randall, Jon | Country | Walking Among The Living | EK 92083 | YES | | | |
| Raveonettes | | Chain Gang of Love | CK 90353 | YES | | | |
| Raye, Colin | Country | 16 Biggest Hits | EK 86682 | YES | | | |
| Rich, Charlie | Country | 16 Biggest Hits | EK 69740 | YES | | | |
| Rockpile | Rock | Seconds Of Pleasure | CK 63983 | YES | | | |
| Satriani, Joe | Rock | Is There Love In Space? | EK 90832 | YES | Strange Beautiful Music | EK 86294 | YES |
| Savage Garden | Pop | Savage Garden | CK 67954 | YES | | | |
| Scruggs, Earl | Country | I Saw The Light With Some Help From My Friends | CK 92793 | YES | | | |
| Simon, Carly | Pop | Moonlight Serenade | CK 94890 | YES | | | |
| Simpson, Jessica | Pop | In This Skin | CK 92005 | YES | | | |
| Sinatra, Frank | Pop | I've Got A Crush On You | CK 66964 | YES | Sinatra Sings His Greatest Hits | CK 65240 | YES |
| Skaggs, Ricky | Country | Live In London | EK 93546 | YES | | | |
| Stanley Brothers | Country | The Complete Columbia Stanley Brothers | CK 53798 | YES | | | |
| Sweet, Matthew | pop | Time Capsule: The Best of Matthew Sweet 1990-2000 | 61422311572 | YES | | | |
| Switchfoot | Rock | Nothing Is Sound | CK 94581 | YES | The Beautiful Letdown | CK 86967 | YES |
| Tatum, Art | Jazz | Piano Starts Here | CK 64690 | YES | | | |
| Train | Pop | Alive At Last | CK 92830 | YES | My Private Nation | CK 85593 | YES |
| Tritt, Travis | Country | My Honky Tonk History | CK 92084 | YES | Strong Enough | CK 86660 | YES |
| Tyrell, Steve | Jazz | This Guy's In Love | CK 89238 | YES | This Time Of Year | CK 86638 | YES |
| Vandross, Luther | R&B | This Is Christmas | EK 92701 | YES | The Ultimate Luther VandrosS | EK 85991 | YES |
| Vandross, Luther | R&B | Your Secret Love | EK 67553 | YES | The Essential Luther Vandross | E2K 89167 | YES |
| Vaughan, Sarah | Jazz | Love Songs | CK 93570 | YES | Sarah Vaughan In High-Fi | CK 65117 | YES |
| Vendetta Red | Rock | Between the Never and the Now | EK 86415 | YES | | | |
| The Verve Pipe | Pop | Underneath | 07863679962 | YES | | | |
| Watts Jeff Train | Jazz | Citizen Tain | CK 69551 | YES | | | |
| White, Peter | Jazz | Confidential | CK 89090 | YES | | | |
| Xscape | Rap | Traces Of My Lipstick | CK 68042 | YES | Off The Hook | CK 67022 | YES |
| Yamagata, Rachael | | Happenstance | 82876505662 | YES | | | |
| ZZ Top | Rock | Mescalero | 82876511682 | YES | | | |

Settlement Agreement -- Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
                                                :
                                                :
                                                :
                                                :
                                                :
In re SONY BMG CD Technologies Litigation       :    No. 1:05-cv-09575-NRB
                                                :
                                                :
                                                :
                                                :
                                                :
                                                :
------------------------------------------------------------------ x
```

## HEARING ORDER

Upon the motion of plaintiffs Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher and James Springer ("Plaintiffs") in the above-captioned class action lawsuit (the "Action"), and defendants SONY BMG Music Entertainment ("SONY BMG"), a Delaware general partnership, First4Internet Ltd. ("F4I"), a corporation located in and organized under the laws of the United Kingdom, SunnComm International Inc., a Nevada corporation headquartered in Arizona (which, collectively with MediaMax Technology Corp., a Nevada corporation headquartered in Arizona, will be referred to herein as "SunnComm"; SunnComm, F4I and SONY BMG will be collectively referred to herein as "Defendants"; and Plaintiffs and Defendants will be collectively referred to herein as the "Parties"); the Settlement Agreement, dated December 28, 2005, and exhibits thereto (the "Settlement Agreement"); and upon all prior proceedings conducted in this Action, this Court hereby finds that reasonable cause exists to consider whether to approve the proposed settlement set forth in the Settlement Agreement (the "Settlement") and to conduct a hearing, pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure, to determine, *inter alia*: **(a)** whether the Settlement is fair, reasonable, and adequate, and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and **(b)** whether the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses should be granted,

     **IT IS HEREBY ORDERED**, that:

     1.     The Court, for settlement purposes only, hereby conditionally certifies pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of the named Plaintiffs in the Action and all natural persons or entities in the United States who purchased, received, came into possession of or otherwise used one or more MediaMax CDs and/or XCP CDs prior to the Effective Date. Excluded from the Settlement Class are Released Parties; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Released Parties; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all claims that are the subject of the Action and the Non-S.D.N.Y. Actions.[1]

     2.     The Court finds, with respect to the non-injunctive portions of the Settlement Agreement (*i.e.,* all those except the provisions in Section IV) that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions

---

[1] All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement dated December 27, 2005.

affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    The Court finds, with respect to the injunctive portions of the Settlement Agreement specified in Section IV, that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants allegedly have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, if the Settlement Agreement receives final approval.

4.    Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher, and James Springer are appointed representatives of the Settlement Class.

5.    After considering the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Girard Gibbs & DeBartolomeo LLP and Kamber & Associates, LLC Class Counsel for the Settlement Class.

6.    The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and, accordingly, the Court, pursuant to Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure, preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.

7.    The Court sets a hearing to take place on ____, 2006, at _____ __.m., before this Court, at the Daniel Patrick Moynihan United States Courthouse for the Southern District of

New York, 500 Pearl Street, Room 2270, New York, New York, to hear all interested parties on whether: (*i*) the requirements for certification of the Settlement Class have been met; (*ii*) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and (*iii*) the Judgment approving the settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered (the "Fairness Hearing"). The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class (except those Settlement Class Members who file timely and valid objections).

8.    The Court approves the form of the Notice of Pendency and Settlement of Class Action (the "Full Settlement Notice"), substantially in the form of Exhibit F annexed to the Settlement Agreement, which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement, and approves the summary form of that Settlement Notice, substantially in the form of Exhibit G, annexed to the Settlement Agreement.

9.    Non-substantive changes may be made to the Full Settlement Notice and Summary Settlement Notice by agreement of the Parties, without further order of this Court.

10.    The Court directs that the Settlement Class be given notice of the proposed Settlement as follows:

(a)    SONY BMG, on or before _____, shall cause the Full Settlement Notice to be sent by electronic mail ("e-mail") to all Settlement Class Members whose e-mail addresses SONY BMG possesses;

**(b)** SONY BMG, on or before _____, shall post the Full Settlement Notice on its website. The Full Settlement Notice will remain posted to this website until the date of the Fairness Hearing or until this Settlement Agreement is terminated by its terms.

**(c)** When a user inserts certain XCP CDs or MediaMax CDs into a computer with an active connection to the Internet, the computer queries SONY BMG's website for content, hereafter referred to as the "Banner," specific to the artist whose work appears on the XCP CD or MediaMax CD. SONY BMG will ensure that, on or before _____, the Banner of XCP CDs and MediaMax CDs so equipped will, in addition to its regular artist-specific content, display a clear and conspicuous link to the Full Settlement Notice.

**(d)** SONY BMG shall work with (and, if necessary, compensate) Google and other search engine firms to ensure that a link to the Full Settlement Notice is displayed prominently when users of those search engines search for words such as "XCP," "MediaMax" and "SONY BMG Settlement."

**(e)** SONY BMG shall cause the Summary Settlement Notice to be published, on or before _____ in (*i*) the *USA Today* newspaper, or another, similar publication of national circulation; (*ii*) *People* magazine, or another, similar publication of national circulation; (*iii*) *Rolling Stone* and *Spin* magazines; (*iv*) the *Los Angeles Times*, (*v*) the *New York Daily News*; (*vi*) the *New York Post*; (*vii*) the *Chicago Tribune* and (*viii*) the *Atlanta-Journal Constitution*. With respect to the daily publications listed above, the advertisements containing the Summary Settlement Notice shall be published on any single Monday, Tuesday, Wednesday or Thursday, and shall not be required to be more than an eighth-page in size.

(f)     Plaintiffs' Class Counsel may continuously post the Summary Notice and the Full Settlement Notice on their firm websites, beginning two (2) business days prior to _____, and ending on the date of the Fairness Hearing. Plaintiffs' Class Counsel will, additionally, cause the joint press release described in Section XI.F. of the Settlement Agreement, which will contain the information included in the Summary Settlement Notice, to be issued over PR Newswire, or another similar national business wire service, on any one date on or after the date two (2) business days prior to the date set forth in the Hearing Order for transmission of the Full Settlement Notice and publication of the Summary Settlement Notice.

11.     The Court directs that Defendants and Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice and printed Claim Form by sending the documents via U.S. mail or e-mail to any Settlement Class Members who shall make such requests.

12.     The Court finds that such notice to the members of the Settlement Class as described above: **(a)** is the best notice practicable to members of the Settlement Class; **(b)** is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; **(c)** is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and **(d)** meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13.     The Court directs Class Counsel and Defendant's counsel, on or before
_____, to file with the Court evidence that the provisions of paragraphs 9
and 10 of this Order have been satisfied.

14.     The Court directs that any person or entity who is a member of the Settlement
Class and who wishes to exclude himself, herself, itself, or themselves from the Settlement Class
shall, in writing, by letter postmarked on or before _____, submit a
request for exclusion that sets forth: (a) such person's or entity's name and address, or the name
and address of the person or entity for which he, she or it is acting; (b) the CD title (including
artist and album name) he, she, it, or they claims to have received, came into possession of or
otherwise used; and (c) a clear and unambiguous statement that such person or entity wishes to
be excluded from the Settlement Class. Any person or entity who fails to timely and/or properly
seek exclusion from the Settlement Class as provided herein, shall be deemed members of the
Settlement Class for all purposes and shall be henceforth bound by all orders and/or judgments
of this Court;

15.     Any person or entity who does not timely and/or properly seek exclusion from the
Settlement Class may, solely at the expense of such person or entity, be heard personally or
through counsel retained by such person or entity solely at the cost of such person or entity, on:
(a) whether the Settlement is fair, reasonable, and adequate to Settlement Class members and
whether the proposed Settlement should or should not be approved by the Court; and/or (b) the
application of Class Counsel in the Actions for an award of attorneys' fees and/or reimbursement
of expense should or should not be granted, provided, however, that such person or entity, on or
before _____: (i) has filed with the Clerk of the Court a notice of
intention of such person or entity to appear, personally or, if such person or entity intends to
appear by counsel, such counsel has filed a Notice of Appearance, with a written statement that

describes in full the basis for any opposition of such person or entity to any or all of the applications before the Court at the Fairness Hearing and attaching all supporting documentation and a list of any and all witnesses or experts, if any, whom such person or entity shall present to this Court; and (ii) has on or before _____, served copies of such notice(s), statement(s), documentation and list(s) together with any other papers or brief(s) that such person or entity files with the Court or wishes the Court to consider, upon the following counsel of record in the Action:  Daniel C. Girard, Girard Gibbs & De Bartolomeo LLP, 601 California Street, Suite 1400, San Francisco, California   94108, Class Counsel; Jeffrey S. Jacobson, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, counsel for SONY BMG; Leonard T. Nuara, Esq., Thacher, Proffitt & Wood LLP, 25 DeForest Avenue, Summit, NJ 07901, counsel for F4I; and Andrew C. Devore, Esq., Manatt, Phelps & Phillips, L.L.P., 7 Times Square, New York, New York 10036, counsel for SunnComm.

    **16.**    The Parties shall, by _____, file and serve all papers in support of the application for final approval of the Settlement, including the provision for payment of attorneys' fees and reimbursement of expenses.

    **17.**    The Parties shall, by _____, file and serve all papers in response to any valid and timely objections received by the designated counsel for the Parties identified in the Full Settlement Notice.

    **18.**    The Court directs that the deadline for Settlement Class Members to complete (and, where applicable, return) Claim Forms to Defendant shall be December 31, 2006, unless such deadline is extended by further Order of this Court without further notice.  Any member of the Settlement Class who fails to submit a valid and properly completed Proof of Claim in the form set forth therein, dated or postmarked on or before December 31, 2006, unless such

deadline date is extended, shall be barred from any recovery from that portion of the Settlement for which the submission of a valid Proof of Claim form is required.

19.    Pursuant to the Settlement Agreement, if, for any reason, the notice to Settlement Class Members specified above is not or cannot be provided before February 1, 2006, the Parties will confer in good faith and recommend to the Court that the date by which any Settlement Class Member must seek to receive one or more of the Settlement Benefits (specified above in paragraph 14) be extended correspondingly.

20.    If the Settlement Benefits available to Settlement Class Members change, including by operation of Section III(V) or IV(A) of the Settlement Agreement, no new notice need issue to Settlement Class Members.

21.    Defendants shall, on or before _____, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715. Plaintiffs' Class Counsel shall cooperate in the drafting of such notices and shall provide Defendants with any and all information in their possession necessary for the preparation of these notices.

22.    As provided in Section IX. of the Settlement Agreement, SONY BMG shall pay all costs associated with providing notice to the members of the Settlement Class as directed herein, including, but not limited to, publication of the Full Settlement Notice, Summary Settlement Notice, and Claim Forms; postage and handling charges for providing copies of the Full Settlement Notice to potential members of the Settlement Class (as applicable), and for e-mail transmission of the Full Settlement Notice (as applicable); for publication as provided herein of the Summary Notice; and for any necessary costs of administration of the Settlement

that are incurred prior to the Effective Date of the Settlement (as defined in paragraph II.B. of the Settlement Agreement). In the event that this Settlement Agreement does not become final or the Effective Date does not occur for any reason, other than a breach by Plaintiffs or Plaintiffs' Class Counsel of one or more provisions of this Settlement Agreement, Plaintiffs shall have no obligation to reimburse Defendants for any costs or expenses paid, incurred or obligated for notice of this Settlement to the Settlement Class.

23.     As provided in Section III.S. of the Settlement Agreement, between the Preliminary Approval Date and _____, SONY BMG will cause an independent third party to investigate whether SONY BMG has collected, aggregated or retained Personal Data in a manner inconsistent with the Settlement Agreement, and SONY BMG will provide the third party's conclusions to Plaintiffs' Class Counsel and to the Court prior to the Fairness Hearing, and shall post the third party's conclusions on its website no more than thirty (30) days after receiving those conclusions.

24.     Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class are, until the Fairness Hearing, barred and enjoined from: (*i*) filing, commencing, prosecuting, maintaining, or intervening in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory or other proceeding arising out of the Released Claims against any of the Released Parties; and (*ii*) organizing or soliciting the participation of any members of the Settlement Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims against any of the Released Parties. The Court finds that issuance of this

preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

25.     If for any reason, the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 22, 2005, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur including, without limitation, paragraphs IX.A., IX.B., XI.C., XI.D., XI.K., and XI.L. of the Settlement Agreement.

26.     Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against SONY BMG for any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any Claim asserted in this Action.

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:  New York, New York

> January ___, 2006                    **SO ORDERED, ADJUDGED AND DECREED**

<br>

_____

THE HONORABLE NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE