UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
: 
: 
: 
: 
: 
: 
In re SONY BMG CD Technologies Litigation     :     No. 1:05-cv-09575-NRB
: 
: 
: 
: 
: 
: 
: 
------------------------------------------------------------------------ x

# HEARING ORDER

Upon the motion of plaintiffs Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher and James Springer ("Plaintiffs") in the above-captioned class action lawsuit (the "Action"), and defendants SONY BMG Music Entertainment ("SONY BMG"), a Delaware general partnership, First4Internet Ltd. ("F4I"), a corporation located in and organized under the laws of the United Kingdom, SunnComm International Inc., a Nevada corporation headquartered in Arizona (which, collectively with MediaMax Technology Corp., a Nevada corporation headquartered in Arizona, will be referred to herein as "SunnComm"; SunnComm, F4I and SONY BMG will be collectively referred to herein as "Defendants"; and Plaintiffs and Defendants will be collectively referred to herein as the "Parties"); the Settlement Agreement, dated December 28, 2005, and exhibits thereto (the "Settlement Agreement"); and upon all prior proceedings conducted in this Action, this Court hereby finds that reasonable cause exists to consider whether to approve the proposed settlement set forth in the Settlement Agreement (the "Settlement") and to conduct a hearing, pursuant to Rule 23(e) of the Federal

22085154v5

Rules of Civil Procedure, to determine, *inter alia*: **(a)** whether the Settlement is fair, reasonable, and adequate, and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and **(b)** whether the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses should be granted,

    **IT IS HEREBY ORDERED**, that:

    **1.**    The Court, for settlement purposes only, hereby conditionally certifies pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of the named Plaintiffs in the Action and all natural persons or entities in the United States who purchased, received, came into possession of or otherwise used one or more MediaMax CDs and/or XCP CDs prior to the Effective Date.  Excluded from the Settlement Class are Released Parties; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Released Parties; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all claims that are the subject of the Action and the Non-S.D.N.Y. Actions.[1]

    **2.**    The Court finds, with respect to the non-injunctive portions of the Settlement Agreement (*i.e.,* all those except the provisions in Section IV) that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions

---

[1] All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement dated December 27, 2005.

affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court finds, with respect to the injunctive portions of the Settlement Agreement specified in Section IV, that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants allegedly have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, if the Settlement Agreement receives final approval.

4. Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher, and James Springer are appointed representatives of the Settlement Class.

5. After considering the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Girard Gibbs & DeBartolomeo LLP and Kamber & Associates, LLC Class Counsel for the Settlement Class.

6. The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and, accordingly, the Court, pursuant to Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure, preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.

7. The Court sets a hearing to take place on ____, 2006, at _____ __.m., before this Court, at the Daniel Patrick Moynihan United States Courthouse for the Southern District of

New York, 500 Pearl Street, Room 2270, New York, New York, to hear all interested parties on whether: (*i*) the requirements for certification of the Settlement Class have been met; (*ii*) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and (*iii*) the Judgment approving the settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered (the "Fairness Hearing").  The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class (except those Settlement Class Members who file timely and valid objections).

      **8.**      The Court approves the form of the Notice of Pendency and Settlement of Class Action (the "Full Settlement Notice"), substantially in the form of Exhibit F annexed to the Settlement Agreement, which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement, and approves the summary form of that Settlement Notice, substantially in the form of Exhibit G, annexed to the Settlement Agreement.

      **9.**      Non-substantive changes may be made to the Full Settlement Notice and Summary Settlement Notice by agreement of the Parties, without further order of this Court.

      **10.**      The Court directs that the Settlement Class be given notice of the proposed Settlement as follows:

          **(a)**      SONY BMG, on or before _____, shall cause the Full Settlement Notice to be sent by electronic mail ("e-mail") to all Settlement Class Members whose e-mail addresses SONY BMG possesses;

**(b)**  SONY BMG, on or before _____, shall post the Full Settlement Notice on its website.  The Full Settlement Notice will remain posted to this website until the date of the Fairness Hearing or until this Settlement Agreement is terminated by its terms.

**(c)**  When a user inserts certain XCP CDs or MediaMax CDs into a computer with an active connection to the Internet, the computer queries SONY BMG's website for content, hereafter referred to as the "Banner," specific to the artist whose work appears on the XCP CD or MediaMax CD.  SONY BMG will ensure that, on or before _____, the Banner of XCP CDs and MediaMax CDs so equipped will, in addition to its regular artist-specific content, display a clear and conspicuous link to the Full Settlement Notice.

**(d)**  SONY BMG shall work with (and, if necessary, compensate) Google and other search engine firms to ensure that a link to the Full Settlement Notice is displayed prominently when users of those search engines search for words such as "XCP," "MediaMax" and "SONY BMG Settlement."

**(e)**  SONY BMG shall cause the Summary Settlement Notice to be published, on or before _____ in (*i*) the *USA Today* newspaper, or another, similar publication of national circulation; (*ii*) *People* magazine, or another, similar publication of national circulation; (*iii*) *Rolling Stone* and *Spin* magazines; (*iv*) the *Los Angeles Times*, (*v*) the *New York Daily News*; (*vi*) the *New York Post*; (*vii*) the *Chicago Tribune* and (*viii*) the *Atlanta-Journal Constitution*.  With respect to the daily publications listed above, the advertisements containing the Summary Settlement Notice shall be published on any single Monday, Tuesday, Wednesday or Thursday, and shall not be required to be more than an eighth-page in size.

**(f)** Plaintiffs' Class Counsel may continuously post the Summary Notice and the Full Settlement Notice on their firm websites, beginning two (2) business days prior to _____, and ending on the date of the Fairness Hearing. Plaintiffs' Class Counsel will, additionally, cause the joint press release described in Section XI.F. of the Settlement Agreement, which will contain the information included in the Summary Settlement Notice, to be issued over PR Newswire, or another similar national business wire service, on any one date on or after the date two (2) business days prior to the date set forth in the Hearing Order for transmission of the Full Settlement Notice and publication of the Summary Settlement Notice.

11.     The Court directs that Defendants and Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice and printed Claim Form by sending the documents via U.S. mail or e-mail to any Settlement Class Members who shall make such requests.

12.     The Court finds that such notice to the members of the Settlement Class as described above: **(a)** is the best notice practicable to members of the Settlement Class; **(b)** is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; **(c)** is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and **(d)** meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**13.** The Court directs Class Counsel and Defendant's counsel, on or before _____, to file with the Court evidence that the provisions of paragraphs 9 and 10 of this Order have been satisfied.

**14.** The Court directs that any person or entity who is a member of the Settlement Class and who wishes to exclude himself, herself, itself, or themselves from the Settlement Class shall, in writing, by letter postmarked on or before _____, submit a request for exclusion that sets forth: **(a)** such person's or entity's name and address, or the name and address of the person or entity for which he, she or it is acting; **(b)** the CD title (including artist and album name) he, she, it, or they claims to have received, came into possession of or otherwise used; and **(c)** a clear and unambiguous statement that such person or entity wishes to be excluded from the Settlement Class.  Any person or entity who fails to timely and/or properly seek exclusion from the Settlement Class as provided herein, shall be deemed members of the Settlement Class for all purposes and shall be henceforth bound by all orders and/or judgments of this Court;

**15.** Any person or entity who does not timely and/or properly seek exclusion from the Settlement Class may, solely at the expense of such person or entity, be heard personally or through counsel retained by such person or entity solely at the cost of such person or entity, on: (a) whether the Settlement is fair, reasonable, and adequate to Settlement Class members and whether the proposed Settlement should or should not be approved by the Court; and/or (b) the application of Class Counsel in the Actions for an award of attorneys' fees and/or reimbursement of expense should or should not be granted, provided, however, that such person or entity, on or before _____: (i) has filed with the Clerk of the Court a notice of intention of such person or entity to appear, personally or, if such person or entity intends to appear by counsel, such counsel has filed a Notice of Appearance, with a written statement that

describes in full the basis for any opposition of such person or entity to any or all of the applications before the Court at the Fairness Hearing and attaching all supporting documentation and a list of any and all witnesses or experts, if any, whom such person or entity shall present to this Court; and (ii) has on or before _____, served copies of such notice(s), statement(s), documentation and list(s) together with any other papers or brief(s) that such person or entity files with the Court or wishes the Court to consider, upon the following counsel of record in the Action:  Daniel C. Girard, Girard Gibbs & De Bartolomeo LLP, 601 California Street, Suite 1400, San Francisco, California  94108, Class Counsel; Jeffrey S. Jacobson, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, counsel for SONY BMG; Leonard T. Nuara, Esq., Thacher, Proffitt & Wood LLP, 25 DeForest Avenue, Summit, NJ 07901, counsel for F4I; and Andrew C. Devore, Esq., Manatt, Phelps & Phillips, L.L.P., 7 Times Square, New York, New York 10036, counsel for SunnComm.

**16.**    The Parties shall, by _____, file and serve all papers in support of the application for final approval of the Settlement, including the provision for payment of attorneys' fees and reimbursement of expenses.

**17.**    The Parties shall, by _____, file and serve all papers in response to any valid and timely objections received by the designated counsel for the Parties identified in the Full Settlement Notice.

**18.**    The Court directs that the deadline for Settlement Class Members to complete (and, where applicable, return) Claim Forms to Defendant shall be December 31, 2006, unless such deadline is extended by further Order of this Court without further notice.  Any member of the Settlement Class who fails to submit a valid and properly completed Proof of Claim in the form set forth therein, dated or postmarked on or before December 31, 2006, unless such

deadline date is extended, shall be barred from any recovery from that portion of the Settlement for which the submission of a valid Proof of Claim form is required.

19. Pursuant to the Settlement Agreement, if, for any reason, the notice to Settlement Class Members specified above is not or cannot be provided before February 1, 2006, the Parties will confer in good faith and recommend to the Court that the date by which any Settlement Class Member must seek to receive one or more of the Settlement Benefits (specified above in paragraph 14) be extended correspondingly.

20. If the Settlement Benefits available to Settlement Class Members change, including by operation of Section III(V) or IV(A) of the Settlement Agreement, no new notice need issue to Settlement Class Members.

21. Defendants shall, on or before _____, prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715. Plaintiffs' Class Counsel shall cooperate in the drafting of such notices and shall provide Defendants with any and all information in their possession necessary for the preparation of these notices.

22. As provided in Section IX. of the Settlement Agreement, SONY BMG shall pay all costs associated with providing notice to the members of the Settlement Class as directed herein, including, but not limited to, publication of the Full Settlement Notice, Summary Settlement Notice, and Claim Forms; postage and handling charges for providing copies of the Full Settlement Notice to potential members of the Settlement Class (as applicable), and for e-mail transmission of the Full Settlement Notice (as applicable); for publication as provided herein of the Summary Notice; and for any necessary costs of administration of the Settlement

that are incurred prior to the Effective Date of the Settlement (as defined in paragraph II.B. of the Settlement Agreement).  In the event that this Settlement Agreement does not become final or the Effective Date does not occur for any reason, other than a breach by Plaintiffs or Plaintiffs' Class Counsel of one or more provisions of this Settlement Agreement, Plaintiffs shall have no obligation to reimburse Defendants for any costs or expenses paid, incurred or obligated for notice of this Settlement to the Settlement Class.

**23.** As provided in Section III.S. of the Settlement Agreement, between the Preliminary Approval Date and _____, SONY BMG will cause an independent third party to investigate whether SONY BMG has collected, aggregated or retained Personal Data in a manner inconsistent with the Settlement Agreement, and SONY BMG will provide the third party's conclusions to Plaintiffs' Class Counsel and to the Court prior to the Fairness Hearing, and shall post the third party's conclusions on its website no more than thirty (30) days after receiving those conclusions.

**24.** Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class are, until the Fairness Hearing, barred and enjoined from: (*i*) filing, commencing, prosecuting, maintaining, or intervening in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory or other proceeding arising out of the Released Claims against any of the Released Parties; and (*ii*) organizing or soliciting the participation of any members of the Settlement Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims against any of the Released Parties.  The Court finds that issuance of this

preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

25. If for any reason, the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 22, 2005, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur including, without limitation, paragraphs IX.A., IX.B., XI.C., XI.D., XI.K., and XI.L. of the Settlement Agreement.

26. Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against SONY BMG for any fault, wrongdoing, breach or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any Claim asserted in this Action.

27. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:  New York, New York

January ___, 2006

**SO ORDERED, ADJUDGED AND DECREED**

_____
THE HONORABLE NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE