UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
                                                                         :
                                                                         :
                                                                         :
In re SONY BMG CD Technologies Litigation    :   No. 05 CV 9575 (NRB)
                                                                         :
                                                                         :
                                                                         :
------------------------------------------------------------------------ x

# DEFENDANT SONY BMG MUSIC ENTERTAINMENT'S AND CLASS COUNSEL'S MEMORANDUM IN SUPPORT OF THEIR AGREED MOTION TO MODIFY THE SETTLEMENT AGREEMENT AND NOTICE FORMS

Jeffrey S. Jacobson (JJ-8872)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Counsel for Defendant Sony BMG*
*Music Entertainment*

Daniel C. Girard (Pro Hac Vice)
GIRARD GIBBS &
 & DeBARTOLOMEO LLP
601 California Street
San Francisco, California 94108
(415) 981-4800

Scott A. Kamber (SK-5794)
KAMBER & ASSOCIATES LLC
19 Fulton Street, Suite 400
New York, New York 10038
(212) 571-2000

*Class Counsel*

22122002v1

At a hearing on January 6, 2006, the Court granted preliminary approval to a settlement of this consolidated class action matter, and ordered that notice be sent to members of the proposed Settlement Class by February 15, 2006.  Consistent with the parties' representation to the Court at the January 6 hearing, they have continued their discussions with each other and with other interested parties, and have agreed to certain improvements to the Settlement Agreement.  The parties also have modified the forms of notice to Settlement Class Members to reflect these improvements (and to make non-substantive corrections to other parts of the notice).  The parties[1] now jointly request that the Court enter an Order modifying the Settlement Agreement and the Hearing Order *nunc pro tunc* January 6, 2006.

## I.   MODIFICATIONS TO THE SETTLEMENT AGREEMENT

### A.   *Residual Value for Promotional Download Codes.*

The Settlement Agreement provides that participants in the exchange program for XCP CDs, and those who submit proof of purchase of a CD containing MediaMax version 5.0, are entitled to receive (among other things) one or more promotional codes from major digital music companies that can be used to download any of the SONY BMG albums specified in Exhibit C to the Settlement Agreement.  A concern was raised that, because music can be time-consuming to download over a dial-up internet connection, this benefit may not be exercised by Settlement Class Members who do not have access to a higher-speed internet connection.

The parties believe that this concern already was addressed by ensuring that the promotional download codes will be fully transferable (and thus saleable) by Settlement Class Members who do not wish to use them.  As a further means of addressing this issue, however,

---

[1]   The issues presented in this stipulated motion do not affect the rights or obligations of defendants SunnComm Internation Inc. or First4Internet Ltd.  Counsel for those defendants have advised that they do not object to this motion.

SONY BMG has agreed that Settlement Class Members who do not use one or more download codes by their expiration date may, within 60 days of expiration, return those codes to the Settlement Administrator by email or regular mail, and receive in exchange a payment of $2.00 per unused code.

      B.      *Substitute Relief if Replacement CDs or MP3 Downloads Are Not Available.*

Section III.B.1 of the Settlement Agreement provides that SONY BMG must, for each returned XCP CD, provide a replacement for that CD with the same music, but without content protection software. Sections III.B.1, III.E and III.F of the Settlement Agreement require SONY BMG also to provide qualified Settlement Class Members with unprotected digital downloads of the music already purchased in "MP3" format. Although SONY BMG fully expects to be able to provide these benefits to each and every qualified Settlement Class Member, the parties wished to address what would happen in the unlikely event that SONY BMG cannot provide these benefits in a timely manner in specific cases (*e.g.,* because its agreement with a particular artist does not permit distribution of unprotected digital downloads of the music in "MP3" format). Should this occur, the parties have agreed that SONY BMG will provide an alternate benefit of equivalent or greater value, in a form acceptable to Class Counsel, and in consultation with the affected class member(s).

**II.    MODIFICATION TO THE HEARING ORDER**

The Settlement Agreement defines the Settlement Class to include all natural persons or entities in the United States who purchased, received, came into possession of or otherwise used one or more MediaMax CDs and/or XCP CDs from August 1, 2003 through the "Effective Date." The Effective Date is the date on which the ultimate Judgment in this case, approving the proposed settlement and dismissing Released Claims with prejudice, becomes "final." In order to ensure that all Settlement Class Members have an opportunity to opt out of the settlement if

they so choose, the parties have agreed that Paragraph 14 of the Hearing Order should be modified.

In place of the current opt-out deadline, which Paragraph 14 declares to be May 1, 2006, the parties are requesting that the Court order what is essentially a "rolling" opt-out. Anyone who was a member of the Settlement Class as of March 1, 2006 still would have to opt out by May 1, 2006. Anyone who becomes a Settlement Class Member after March 1, 2006, but before the Effective Date, may opt out at any time within 60 days after becoming a member of the Settlement Class.

By operation of Section XI.H of the Settlement Agreement, SONY BMG may withdraw from the Settlement Agreement if the number of opt-outs received prior to May 1, 2006, exceeds one thousand. That provision will not change. In other words, if fewer than one thousand Settlement Class Members opt out prior to May 1, 2006, SONY BMG may not withdraw from the Settlement Agreement, regardless of the number of Settlement Class Members who are eligible to and do opt out after May 1, 2006.

### III. MODIFICATIONS TO THE SUMMARY AND FULL FORMS OF NOTICE

The parties have modified the proposed forms of notice to Settlement Class Members to reflect these matters, and have also made a variety of non-substantive wordsmithing and corrective changes to the notices. The new proposed forms of notice are attached to the accompanying Motion as Exhibits 1 and 2.[2] SONY BMG will cause the amended Summary Notice (Exhibit 1) to run in the periodicals specified in the Hearing Order on or before February 15, 2006. Additionally, SONY BMG has agreed to publish the notice in several other periodicals

---

[2] If the Court requests, the parties will provide a blackline comparison of Exhibits 1 and 2 to the prior notice forms.

of wide circulation, and to translate the notice into Spanish and publish it in several widely-read Spanish language periodicals by the same date.

## CONCLUSION

For the reasons specified above, the parties respectfully request that the Court enter the attached Order, modifying the Settlement Agreement and the Hearing Order *nunc pro tunc* January 6, 2006.

Dated: New York, New York
January 31, 2006

Respectfully submitted,

| | |
|---|---|
| ___*s/ Jeffrey S. Jacobson*___<br>Jeffrey S. Jacobson (JJ-8872)<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>(212) 909-6000<br><br>*Counsel for Defendant Sony BMG*<br>*Music Entertainment* | _____<br>Daniel C. Girard (Pro Hac Vice)<br>GIRARD GIBBS &<br> & DeBARTOLOMEO LLP<br>601 California Street<br>San Francisco, California 94108<br>(415) 981-4800<br><br>_____<br>Scott A. Kamber (SK-5794)<br>KAMBER & ASSOCIATES LLC<br>19 Fulton Street, Suite 400<br>New York, New York 10038<br>(212) 571-2000<br><br>*Class Counsel* |

of wide circulation, and to translate the notice into Spanish and publish it in several widely-read Spanish language periodicals by the same date.

## CONCLUSION

For the reasons specified above, the parties respectfully request that the Court enter the attached Order, modifying the Settlement Agreement and the Hearing Order *nunc pro tunc* January 6, 2006.

Dated: New York, New York
       January 31, 2006

Respectfully submitted,

_____
Jeffrey S. Jacobson (JJ-8872)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Counsel for Defendant Sony BMG Music Entertainment*

_____
Daniel C. Girard (Pro Hac Vice)
GIRARD GIBBS &
 & DeBARTOLOMEO LLP
601 California Street
San Francisco, California 94108
(415) 981-4800

_____
Scott A. Kamber (SK-5794)
KAMBER & ASSOCIATES LLC
19 Fulton Street, Suite 400
New York, New York 10038
(212) 571-2000

*Class Counsel*