# Exhibit 33

REDACTED

> From: "Elizabeth C. Pritzker" <ecp@girardgibbs.com>
> Date: December 28, 2005 4:46:48 PM PST
> To: "'cindy@eff.org'" <cindy@eff.org>
> Cc: "Jenelle Welling (jww@classcounsel.com)" <jww@classcounsel.com>
> Subject: FW: Unfinished Settlement Matters
>
> Cindy:
>
> Your email of yesterday came in just as we were finalizing the
> motion for preliminary approval of settlement and the attendant
> supporting documents. Those items were filed in the Southern
> District of New York this afternoon. You should receive service
> copies of everything we filed shortly.
>
> I regret to say that I am distressed by both the tone and content
> of your email for several reasons.
>
> First, although you have told me that my word is "gold" in our
> informal discussions about designation of future monitoring
> functions to EFF, the fact that you included these matters in
> formal correspondence to opposing counsel suggests otherwise. I'm
> not certain why this is: I do feel that I have done my best, both
> professionally and personally, to honor my commitments to you
> throughout the litigation.
>
> Second, and more disconcerting, is the fact that you sought to
> bring each of these matters to SONY's attention, personally, via
> correspondence to defense counsel instead of to and through
> Plaintiffs' Co-Lead Counsel. This is not an issue of position or
> credit. As I have noted before, all correspondence that you send
> to SONY is nonprivileged and, hence, discoverable by any one who
> may wish to object to the settlement. The CMO allows for
> communications between Co-Lead Counsel and defense counsel and, as
> long as communications occur in that structure, they are protected
> against any potential claim of conclusion by objectors and
> strangers to the settlement. Direct e-mail and correspondence from
> EFF, on the other hand, can be used as evidence of collusion by
> objectors. It is in our collective best interests to protect the
> settlement against even the suggestion of collusiveness by
> objectors and others. [For these reasons, I am not cc'ing Sony
> counsel here, but I am cc'ing EFF's class counsel instead].
>
> Third, you write in your concluding paragraph that "Sony BMG's
> failure to ensure that [each of your] specified items are done in

> good faith . . . will turn our current endorsement of the
> settlement into an objection by us and calls for objections by
> others." As I am sure you know, EFF's execution of the parties'
> Settlement Agreement obligates EFF, on behalf of its clients, "to
> use all reasonable efforts to achieve approval of the Settlement."
> Settlement Agreement, para. XI.A. EFF cannot fulfill that
> obligation and simultaneously reserve the right to object to the
> settlement, or encourage others to do so.
>
> I highlight these issues, again, in the hope that the Plaintiffs'
> side of the litigation can continue to work cooperatively on
> resolving settlement and related issues -- without the risk of
> forfeiting the progress that we have made, or undermining in any
> way the excellent settlement that we have achieved on behalf of the
> class. We all strengthen our collective hand by doing what we can
> to ensure that the Court, and any potential objectors, view all of
> our communications with opposing counsel as non-collusive and free
> of conflict.
>
> With that preface, let me address the individual issues in your email:
>
> 1. As previously noted, we have some modest edits to the banner ad
> notice that you have proposed: all of our edits are intended to
> shorten the notice and frame it in "easy to understand" language
> (Sony's long-hand for "plain English"). We will send our proposed
> edits to you, by separate email, shortly. Ultimately, what we say
> may be limited by the amount of space to be devoted to the banner
> ad (usually, these things are pretty small).
>
> 2. The landing page issue is an excellent issue for the
> technological folks on the EFF team. Let's confer in the next
> several days -- we may have some expertise to offer in this area as
> well.
>
> 3. I am pretty sure all of the various electronic and other forms
> of notice are either laid out in the current Settlement Agreement
> or will engender no real objection from opposing counsel assuming
> that they all can be done at no or little additional cost to
> Sony). We can confer on specifics, perhaps early next week, and
> offer a good, collective proposal on how to best get notice to the
> class beyond the means specified in the Settlement Agreement.
>
> 4. At the meeting in NYC on December 19th, we proposed language
> for the CD jewel case that closely tracks your suggested language
> -- excluding the last sentence that you propose in your email,
> which allows consumers to return the CD for a full refund if they
> do not agree to the conditions in the EULA. I expect that Sony
> will not wish to include this last sentence for business reasons.
> Perhaps we can find a way to soften the language in such a way as
> to get a similar message to consumers, without unnecessarily
> offending Sony's sales channel. Again, let's confer on specifics.
> I can resend the CD label that we originally drafted and shared at
> the 12/19 meeting, and we can go from there.
>
> I hope you are enjoying your stay in NYC (are you still in NYC?).
> I look forward to working with your team on these issues.

REDACTED

>
>
> Elizabeth C. Pritzker
> Girard Gibbs & De Bartolomeo LLP
> 601 California Street, Suite 1400
> San Francisco, CA 94108
> Phone: (415) 981-4800
> Fax: (415) 981-4846
> ecp@girardgibbs.com
> www.girardgibbs.com

REDACTED

>
> This message is intended only for the addressee, and may contain
> information that is privileged or confidential, and exempt from
> disclosure under applicable law. If you are not the intended
> recipient or agent of the intended recipient, you are hereby
> notified that any dissemination, distribution or copying of this
> communication is strictly prohibited; and you are asked to notify
> us immediately by return email, or by telephone at (415) 981-4800.
> Thank you.
>
> -----Original Message-----
> From: Cindy Cohn [mailto:cindy@eff.org]
> Sent: Tuesday, December 27, 2005 4:00 PM
> To: Jeffrey P. Cunard; Jeffrey S. Jacobson; Bruce P. Keller
> Cc: Elizabeth Pritzker; Kamber Esq. Kamber
> Subject: Unfinished Settlement Matters
>
> Jeff, Jeff and Bruce, (with cc: to Elizabeth and Scott)
>
> Now that it seems that the documents necessary for the formal filing
> with the court have been completed, we wanted to make sure that we
> are all on the same page about what needs to happen in the next few
> weeks, if not sooner, to ensure that class members receive robust,
> easy-to-understand notice of the settlement. Several of these items
> are referenced generally in the settlement documents, and, as you
> know EFF has been informally designated and will shortly be formally
> designated to perform many, if not all, of the review and comment of
> these items as set out in the Settlement Agreement.
>
> Specifically, we should discuss:
>
> 1. Banner notice format: We have not received a response to our
> email of December 22, 2005, with suggestions for the banner ad
> notice. We believe that this should have the highest priority.
>
> The urgency of the need for banner ad notice of the security flaw and
> exchange program is especially true for XCP, since Sony BMG has
> removed XCP from the technologies that are subject to the ongoing
> security vulnerability process. It is therefore imperative that
> those who have purchased the XCP CDs receive clear, unequivocal
> notice that they need to uninstall the XCP software from their
> machines before the viruses that have already been identified reach
> consumers and before any other security flaws in XCP are uncovered.
> It is also true for MediaMax 5.0, however, since the current banners
> do not give sufficient notice of the urgency of the need to patch or
> uninstall the software.

>
> 2. Structured interview or other easy-to-use format for the landing
> page of the website. We were pleased to learn from you at our
> December 19, 2005 meeting that Sony BMG has already been consulting
> with web design firms about how to turn the current landing page,
> which is inadequate, into something that can be easily understood and
> used. We expect to receive a draft for comment within the next week,
> since the sooner consumers have easy access to the uninstallers and
> patches, and links to antivirus software, as well as the other relief
> agreed upon, the less likely they are to suffer virus or other
> malicious attacks as a result of the security problems in the XCP and
> MediaMax CDs.
>
> As we pointed out in our December 22 email, the current landing page
> for those seeing the MediaMax 5.0 banner, which is to a question in
> the FAQ on the website that does not put a person on clear notice of
> the need to patch their system or provide any information about the
> uninstaller, is inadequate.
>
> Again, we look forward to moving this discussion forward and
> implementing a more robust, easy-to understand landing page for
> consumers for both XCP and MediaMax technologies.
>
> 3. Notice on Artists websites and artists email lists, along with
> Google and other adwords, the SonyBMG website, banners and agreed
> upon newspapers and magazines. My understanding based upon our
> discussions on September 19, is that all of these channels will be
> used to give notice to all XCP and MediaMax class members of the
> settlement, sending them to the landing pages. Please confirm both
> the fact of this and the timetable.
>
> 4. Notice form for any future Sony BMG CDs that contain DRM. We
> believe that the notice should say:
>
> Notice: This CD will install software on your computer.
> The software will:
> * limit what you can do with the music on this CD, including limiting
> the number of copies you can make to XX.
> * communicate over the Internet with Sony BMG or its agents when you
> play the CD on your computer.
> * subject you to other terms and conditions contained in the license
> agreement that will be presented to you at the time that you play the
> CD on your computer. If you do not agree to those terms, you may
> return this CD for a full refund.
>
> Please be sure that you have up-to-date antivirus software running on
> your computer at all times.
>
> ***
>
> While we were willing to, and did, wait to discuss these items until
> after the filed documents were complete, we want to be clear: Sony
> BMG's failure to ensure that these items are done in good faith will
> be viewed by us as a failure of Sony to meet the terms of the
> settlement agreement and will turn our current endorsement of the
> settlement into an objection by us and calls for objections by others.

REDACTED

>
> Please let us know when we can expect to continue this discussion.
>
> Cindy
>



***********************************************************

Cindy Cohn ---- Cindy@eff.org
Legal Director ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

---

SonyDRM-priv mailing list
SonyDRM-priv@eff.org
https://falcon.eff.org/mailman/listinfo/sonydrm-priv