Exhibit 35



## LERACH
## COUGHLIN
## STOIA
## GELLER
## RUDMAN
## & ROBBINS LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

Robert M. Rothman
rrothman@lerachlaw.com

February 3, 2006

**BY FACSIMILE**

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007-1312

   Re: *In re Sony BMG CD Technologies Litigation*
     Case no. 1:05-cv-09575-NRB

Dear Judge Buchwald:

  We write to reply to the letters from Kamber/Girard and Sony BMG ("Sony") dated February 2, 2006. As noted in our letter of February 2, the Ricciuti Group is a signatory to the settlement agreement, which expressly provides that no modifications will be made without the signature of all parties. In direct contravention of this negotiated term, Kamber/Girard and Sony entered into substantive modification of the settlement agreement without seeking, much less obtaining, the signatures of the Riciutti Group. This failure not only violates the settlement agreement on its face, but it also violates the basic provision that clients, not attorneys, have the final say over whether a case should be settled and on what terms.

  As also noted in our letter of February 2, the changes are substantive and important. The goal of the provisions is to require Sony to provide class members what they thought they were purchasing in the first place -- the music they chose in the form of ordinary CDs or music files that create no risk to their computers.

  The modification then is significant and dramatic and indeed "strips the teeth" from one of the key provisions of the settlement agreement. It allows Sony to avoid providing non-DRM'd versions of the music chosen by the consumer and substitute an "alternate benefit of equivalent or greater value," and do so with only the approval of Kamber/Girard and "in consultation with the affected class member(s)." Determining what "equivalent value" is in the context of specific music CDs is not an easy matter. A class representative who purchased, for example, a specific Celine Dion CD does not have an exact substitute. He or she purchased one album of music and it is not sufficient just to substitute another. By failing to specify what is "equivalent," the modification gives the class no certainty about what relief they will actually receive. In addition, there is no dispute resolution process if Sony, Class Counsel and the affected class member cannot agree. Moreover, the process for negotiating this relief should include all signatories to the agreement, not merely Kamber/Girard, especially since this portion of the relief was negotiated by the Ricciuti Group.

58 South Service Road, Suite 200 · Melville, NY 11747 · 631.367.7100 · Fax 631.367.1173 · www.lerachlaw.com


Case 1:05-cv-09575-NRB   Document 57-36   Filed 04/06/06   Page 3 of 3



Page 2

Additionally, the suggestion by Kamber/Girard that the Ricciuti Group was given the opportunity to review the modification before it was submitted to the Court is simply untrue. The Ricciuti Group was sent the modification agreement, by Sony and not Class Counsel, only *after* it was filed on January 31, and immediately responded by email to all counsel, including Sony and Class Counsel, that their action was improper and should be stopped. The Ricciuti Group's counsel also called Class Counsel and left a message to which they received no reply. Our protests were apparently ignored because the agreement was refiled on February 1, apparently to correct a technical error, after they were on notice that the Ricciuti Group objected.

Our previous letter to the Court raised two points about the form of notice attached to the January 31 motion. First, the amount of fees that counsel intends to seek is information that is beneficial to class members and should be included in the form of notice. Second, the paragraph in the notice about attorneys fees was changed in a way that misstates the underlying agreement and, like the issues addressed above, this change was made without providing Ricciuti Group the opportunity to address the modification before it was filed with the Court. Specifically, the Settlement Agreement separately defines "Class Counsel" and "Plaintiffs' Counsel". See Pritzker Decl., Exh. C. The Settlement Agreement then provides that "Plaintiffs' Counsel will apply for an award of attorneys' fees and reimburseable expenses.....: Id. at 36. The new form of proposed notice incorrectly states that "Class Counsel will submit a motion for an award of Attorneys' fees....." Motion, Ex. 2 at 6. This subtle shift from "Plaintiffs' Counsel" to "Class Counsel" is an attempt by Class Counsel to arrogate solely to themselves control over attorneys fees for all counsel. Indeed, Mr. Girard admits as much in his February 2 letter. However, this directly conflicts with the executed and preliminarily approved Agreement. Accordingly, the notice should be revised to accurately reflect this term of the Agreement.

Finally, Class Counsel's February 2 letter relies on the terms of CMO No. 1, apparently to give credence to their claim of unfeterred power to override or contravene the express terms of the Agreement. In addition to misstating the scope and effect of CMO No.1, the Ricciuti Group elected not to object to CMO No. 1 only after negotiating the specific terms in the Agreement, including the Ricciuti Group's right to both enforce those terms and assent to or refuse any modification thereof.

For these reasons, the Ricciuti Group respectfully request that the Court vacate its February 1, 2006 Order.

Respectfully submitted,

Robert M. Rothman

cc:     All counsel (by facsimile)

