UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SONY BMG CD
TECHNOLOGIES LITIGATION

Case No. 1:05-cv-09575-NRB

# DECLARATION OF CLASS REPRESENTATIVE ORI EDELSTEIN IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**GIRARD GIBBS
   & De BARTOLOMEO LLP**
Daniel C. Girard (Pro Hac Vice)
Jonathan K. Levine (JL-8390)
Elizabeth C. Pritzker (Pro Hac Vice)
Aaron M. Sheanin (Pro Hac Vice)
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800

**KAMBER & ASSOCIATES, LLC**
Scott A. Kamber (SK-5794)
19 Fulton Street, Suite 400
New York, NY 10038
Telephone: (877) 773-5469

*Class Counsel*

I, Ori Edelstein, declare as follows:

1. I am an adult over 18 years of age and am legally competent to execute this declaration. I currently reside in Hoboken, New Jersey.

2. I am a named Plaintiff and Class Representative in a class action lawsuit, *Michaelson v. Sony BMG Music Inc*, No. 05-CV-9575, filed in the United States District Court for the Southern District of New York on November 14, 2005, and subject to consolidation before the Honorable Naomi Buchwald as *In Re Sony BMG CD Technologies Litigation*, No. 05-CV-09575-NRB. I hereby submit this declaration, on behalf of myself and the entire Settlement Class, in support of Plaintiffs' Application for Final Approval of Class Action Settlement. The statements contained herein are true and accurate, and based upon personal knowledge, except those matters that are stated upon information and belief, which I believe to be true and accurate based upon my personal inquiry and/or review of information reasonably available to me. If called to testify, I could and would testify to the following.

3. I purchased a compact disc (CD) that was marketed and sold under a joint venture between Sony Corporation of America and Bertelsmann AG (collectively "Sony BMG"). Shortly after I purchased this CD, I learned of the digital rights management ("DRM") software that would be installed on my computer and the potential secirity problems associated therewith. As a result, I decided not to use the disk on my computer as I would have done otherwise.

4. I am informed and believe that Class Counsel have vigorously prosecuted the claims brought on behalf of the Class and that Defendant's counsel have defended their position with equal vigor throughout the course of the litigation. I am informed and believe that the parties have engaged in numerous negotiations and confirmatory discovery to resolve this matter.

5. I have been kept fully abreast of the litigation and the settlement negotiations throughout the course of this litigation.

1

6. I am aware of and approve all terms of the proposed Class settlement. I understand that under the terms of the Settlement Agreement, Sony BMG has agreed to stop manufacturing and distributing XCP CDs, and to stop manufacturing MediaMax CDs. The Settlement provides for, among other things, a recall of all Sony BMG CDs that contain XCP software, and permits Class members to either return their XCP CDs to the place of purchase, or exchange those CDs with Sony BMG directly, and receive an identical, "clean" CD without XCP software. In addition, under the Settlement, Sony BMG agrees to provide a variety of incentives, including cash and free album downloads, to Class members who participate in this XCP CD recall program. I am informed and believe that the album downloads available to Class members under the Settlement are available in several digital download formats – including *iTunes*, which is the most popular music download format available. In addition to these benefits, the Settlement requires Sony BMG to publish and distribute to the public software programs that will allow consumers to (a) update the XCP and MediaMax programs on their computers to eliminate known security vulnerabilities, including the XCP "rootkit"; and/or (b) uninstall the XCP and MediaMax programs from their computers.

7. I am also aware that Sony BMG has agreed to several business practice changes as part of the Settlement Agreement. Specifically, as part of the Settlement, Sony BMG must inform consumers of the information that it collects as part of the "phone home" feature of the XCP and MediaMax software, must limit the information it collects from this software only to that information necessary to provide the CDs with enhanced functionality, and must then destroy that information within a short time of its collection so as to prevent any further or unauthorized use of that information for marketing or other purposes.

8. I also understand that Sony BMG has agreed to implement new "best practices" for any future DRM software that Sony BMG develops or includes on its music CDs. For

example, under the terms of the Settlement, Sony BMG agrees that any future DRM software placed on Sony BMG music CDs over the next two years will be subject to independent, pre-sale testing by qualified independent computer security personnel, to ensure that the DRM software is effective and does not pose a known computer security vulnerability to end users. Sony BMG also agrees to promptly identify, fix and remove any security vulnerabilities discovered in any future Sony BMG DRM CD software or updates, following sale and distribution of those DRM CDs to the public. Sony BMG also agrees to include plain-language disclosures about the nature and function of any such DRM software, on any future music CD packaging and in End User Licensing Agreements ("EULAs") associated with such software. These improved disclosures will assist consumers in deciding whether to purchase and use Sony BMG CDs containing DRM software on their computers, by providing consumers with more information about the nature and function of any such DRM software, in clear language, at or near the time of purchase.

9. I also understand that the Settlement Agreement requires Sony BMG to waive and forgo its rights under EULAs associated with the XCP and MediaMax CDs, to the extent these EULAs: (a) limit the use of audio files to certain software programs and musical devices; (b) prevent removal of the software from the user's computer; (c) require the user to update the software to continue to use the audio files; (d) require physical possession of the CD to hold a license for the digital content of the CDs; (e) require the user to indemnify Sony BMG from harm arising from the use of the CDs; (f) prevent copying of music files and other digital content on the CDs; (g) prevent the consumer from reselling the CDs; and/or (h) require termination of the license if the user files for bankruptcy protection or is declared insolvent.

10. To the best of my knowledge, there are no significant problems associated with the Sony BMG DRM software, or the EULAs associated with that software, which are not addressed by the Settlement. I believe that the proposed Settlement achieves all of the major

3

goals of the litigation and compares favorably with the results the Class could expect to achieve after a complex and costly trial. In addition, I recognize there is no guarantee that if a trial was held, the Class would succeed on any or all of the claims asserted. Thus, the proposed Settlement permits an immediate resolution of the problems resulting from the installation of DRM software on Sony BMG CDs without the risk, delay, and expense of trial. Based upon my understanding of the claims and defenses in this litigation, and my understanding of the terms of the Settlement Agreement, I believe the proposed settlement is fair, adequate, and reasonable, and in the best interests of the Class members, and should therefore be granted final approval.

11. Given the risk and delay of trial and the efficiency with which this settlement was reached, I believe that the settlement is an excellent result for the Class.

12. I believe that the fees and costs requested by Class Counsel are fair and reasonable in light of the quality of their work and the recovery achieved for the Class.

I declare under penalty of perjury under the laws of the United States of America and the State of New Jersey that the foregoing is true and correct.

Executed this 4th day of April, 2006, at New York, New York.

_____
Ori Edelstein

4