# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

SONY BMG CD
TECHNOLOGIES LITIGATION

Case No.  1:05-cv-09575-NRB

**DECLARATION OF IRA M. PRESS OF KIRBY McINERNEY & SQUIRE, LLP IN
SUPPORT OF PLAINTIFFS' CLASS COUNSELS' APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES**

I, Ira M. Press,  declare as follows:

1.       I am an attorney in good standing, duly licensed and admitted to practice in this Court. I am a member of the law firm of Kirby McInerney & Squire, LLP, counsel of record for Jeffrey Potter, plaintiff in *Potter, et al, v. Sony BMG Music Entertainment*, Case No. 05-cv-9607 (S.D.N.Y). A true and correct copy of our firm resume is attached hereto as Exhibit A and incorporated by reference herein.

2.       I submit this declaration in support of Plaintiffs' Class Counsels' application for attorneys' fees and reimbursement of expenses in the above-entitled matter.  The information set forth in this declaration is based on first hand knowledge, about which I would and could testify competently in open court if called upon to do so, and on contemporaneously-generated records kept in the ordinary course of business.

3.       The total number of professional hours expended in the litigation by Kirby McInerney & Squire, LLP is 98.5 hours.  The total lodestar amount for attorney, paralegal and professional staff time expended by Kirby McInerney & Squire, LLP in the course of the litigation, based upon current rates, is $42,571.25.  The chart attached hereto as Exhibit B was prepared at my direction and presents a summary of the time spent from November 7, 2005 through March 17, 2006 on the litigation by attorneys, paralegals, and professional staff of the firm.  The chart includes the name of each attorney, paralegal and professional staff member who has worked on the case, his or her current hourly billing rate, and the number of hours expended by each professional on this matter. The time reflected in this declaration was time actually spent, in the exercise of reasonable judgment, by the laws and staff involved, and includes investigation of claim, preparation of complaint, conferences with co-counsel, preparation of submissions, and review of draft filings concerning

2

discovery, consolidation, organizational, and resolution issues as well as attendance at court proceedings, legal research related to settlement and review of documents produced by defendants. My firm was careful not to expend unnecessary hours and not to duplicate work done by others.

4.    This firm expended a total of $445.95 in unreimbursed expenses in connection with prosecution of the litigation on behalf of plaintiffs. The expenses incurred in this case are reflected in the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other contemporaneously recorded billing records, are an accurate record of expenses incurred in this litigation. The chart attached hereto as Exhibit C, also prepared at my direction, details these expenses.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed this 29th day of March 2006, at New York, New York.

_____
IRA M. PRESS

# EXHIBIT A

# KIRBY McINERNEY & SQUIRE, LLP

Kirby McInerney & Squire, LLP has a well-earned reputation for integrity, tenacity and innovative approaches. We have achieved and are pursuing landmark results in the fields of securities fraud, corporate governance, consumer, healthcare and antitrust litigation.

Our clients include public and private institutions, including governmental entities, Taft-Hartley funds, and other aggrieved institutions and individuals. These parties have suffered financial injuries by some form of malfeasance ranging from securities to Medicaid fraud to antitrust violations.

As part of our recovery services for investors, the firm monitors client market investments to enhance awareness of possible fraud, understand its significance to our clients' investments, and form the appropriate response.

We are retained on a contingency basis, and are paid only if successful in recovering losses. Our fee policy allows our clients to access legal rights and remedies that might otherwise be uneconomical. Because we put ourselves at financial risk in these recovery efforts, we carefully review the merits of all litigation proceedings, both class and individual, before we commit to any litigation initiatives.

Kirby McInerney & Squire repeatedly has demonstrated the ability to take a case to trial and win; a rarity among the plaintiff's security bar. We have tried securities class actions, massive antitrust cases, and engaged in numerous complex arbitrations. We distinguish ourselves by providing our clients with true strong trial capabilities. Well known trial skills demonstrate at once our competence and capacity, tools that are needed to obtain top dollar on a consensual basis, rather than face a trial. We also pride ourselves on taking unique and innovative approaches to the formulation of litigation strategies that will provide greater benefits to our clients and shareholders. We have produced the most significant swift securities resolutions in the annals of the field, and recovered well in excess of a billion dollars for our clients.

## Partners

**Roger W. Kirby** attended Stanford University & Columbia College (B.A.) and Columbia University School of Law (J.D.). He also attended The Hague Academy of International Law and was an International Fellow at law school. Thereafter, he was law clerk to the Honorable Hugh H. Bownes, United States District Court for New Hampshire, and the Court of Appeals for the First Circuit. Mr. Kirby has written articles on litigation and the Federal Rules of Civil Procedure and Federal Rules of Evidence that have been published by various reporters and journals and is on the board of editors of Class Action Reports. He has also lectured on aspects of securities litigation. Mr. Kirby has enjoyed considerable success as a trial attorney, and cases for which he has had primary responsibility have produced landmark decisions in the fields of securities law, corporate governance, and deceptive advertising.

Recent notable cases include *Reynolds v. Beneficial National Bank,* 288 F.3d 277 (7th Cir. 2002), *Gerber v. Computer Associates International, Inc.* 303 F.3d 126 (2d Cir. 2002), and *In re Cendant Corporation PRIDES Litigation*, Master File No. 98-2819 (WHW), D.N.J. (2002).    Mr. Kirby is admitted to the New York State Bar and the United States District Courts for the Southern, Northern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits and the United States Supreme Court.

**Alice McInerney** was Chief of the New York Attorney General's Investor Protection and Securities Bureau and Deputy Chief for its Antitrust Bureau. She previously was the Chair of the Enforcement Section of the North American Securities Administrators Association and also chaired the Multi-State Task Force on investigations for the National Association of Attorneys General. Ms. McInerney specializes in antitrust and consumer matters, and also handles securities cases.

Notable cases include *Bartold v. Glendale Federal Bank* (2000) 81 Cal. App.4th 816, review denied (Oct 18, 2000), co-lead counsel in the Microsoft litigation and co-counsel in *In re Visa Check/MasterMoney Antitrust Litigation,* (No. 96 CV 5238, E.D.N.Y.). The Visa case resulted in an antitrust settlement of over $3 billion for retailers nationwide. She is a member of the Association of the Bar of the City of New York and of the National Association of Public Pension Attorneys. Ms. McInerney is admitted to practice in New York and before all the district courts within the State of New York, the Second Circuit Court of Appeals and the United States Supreme Court.

**Jeffrey H. Squire** graduated from Amherst College (B.A., cum laude) and the University of Pennsylvania Law School (J.D.). Mr. Squire specializes in securities class action and derivative litigation. In the area of Securities Fraud, Mr. Squire has principally handled well over 100 cases.

Notable cases include *In re Waste Management, Inc. Securities Litigation*, 97 CV 7709 (N.D. Ill. 1999), and *Steiner v. Aurora Foods*, 00 CV 602 (N.D. Cal. 2001). Mr. Squire is admitted to the New York State Bar, the United States District Courts for the Southern, Northern and Eastern Districts of New York, as well as the United States Courts of Appeals for the Second, Third, Fourth, Fifth and Seventh Circuits.

**Randall K. Berger** graduated from Iowa State University with a B.S. in Engineering and worked for a management consulting firm for four years before attending law school. Mr. Berger received his J.D. from The University of Chicago Law School. He served as the lead attorney in a class action arising from the Bennett Funding Group Ponzi scheme (*In re Bennett Funding Group Securities Litigation*, No 96 Civ. 2583 (S.D.N.Y. 1999)), where over $150 million was returned to investors. Mr. Berger is spearheading antitrust litigation against the 27 largest investment banks in the country, alleging price fixing in the market for underwriting initial public stock offerings. Mr. Berger is a certified arbitrator for the National Association of Securities Dealers, which uses arbitration panels to resolve disputes between its member firms and customers, and to resolve intra-industry conflicts.

Mr. Berger is admitted to practice before the bars of the State of New York and the United States District Courts for the Southern, Eastern, and Northern Districts of New York and the District of Colorado.

**Joanne M. Cicala** graduated from Georgetown University School of Foreign Service. She received her J.D. from Fordham University School of Law. Ms. Cicala has written articles concerning class actions, the consequences of failing to preserve class data, and whether privileges attach to internal corporate investigations. Ms. Cicala has considerable experience respecting federal and local government public policy initiatives in the areas of legislation, social services and public welfare. Ms. Cicala specializes in antitrust and consumer fraud matters. She is also the lead KMS attorney in respect of its health care practice, representing the City of New York, and numerous New York Counties. Ms. Cicala also represents public and union employee health benefit funds.

Recent notable cases include *Reynolds v. Beneficial National Bank,* 288 F.3d 277 (7th Cir. 2002) and *Gerber v. Computer Associates International, Inc.* 303 F.3d 126 (2d Cir. 2002). Ms. Cicala is admitted to practice before the bars in the States of New York, New Jersey, the United States District Courts for the Eastern and Southern Districts of New York and the District of New Jersey, and the United States Courts of Appeals for the Second, Seventh and Eighth Districts.

**Daniel Hume** graduated from the State University of New York at Albany, magna cum laude, with a B.A. in Philosophy. He received his J.D. from Columbia Law School, where he served as Notes Editor for the Columbia Journal of Environmental Law. Mr. Hume has rendered compliance advice to broker-dealers and contributed to *The Compliance Reporter* securities question and answer column. He has also authored articles on securities and class action matters. Mr. Hume was the firm's principal lawyer in respect of a skein of state antitrust claims against Microsoft. One resolution of these actions, following months of trial, resulted in hundreds of millions of dollars of benefits for consumers.

Mr. Hume is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit.

**Peter S. Linden** graduated from the State University of New York at Stony Brook, B.A. in Political Science (with honors). He received his J.D. from Boston University School of Law. Mr. Linden worked as an assistant district attorney in the Kings County District Attorney's Office from 1984 through October, 1990, where he served as a supervising attorney of its Economic Crimes Bureau. Since joining the firm in 1990, Mr. Linden has been engaged in the prosecution of complex securities and consumer class actions throughout the United States.

Mr. Linden has successfully prosecuted numerous cases in federal and state courts, which have resulted in favorable recoveries for shareholders and consumers. Recently, he represented two major insurance companies in a securities class action, *In re Laidlaw Bondholders Litigation,* which resulted in a settlement worth many tens of millions of dollars. Mr. Linden served as Chairman of the Plaintiffs' Steering Committee in *In re MCI Non-Subscriber Litigation,* an action that ultimately settled for nearly $100 million cash.

Notable cases include *Carnegie v. Household International Inc., et al.,*376 F.3d 656 (7th

Cir. 2004); and *In re eBay, Inc. Shareholder Litigation*, 2004 WL 253521 (Del. Ch.). Mr. Linden is admitted to practice before the bars of the State of New York, the United States District Courts for the Eastern and Southern Districts of New York, and the United States Courts of Appeals for the Sixth and Eighth Circuits. He is a member of the Association of the Bar of the City of New York and of the National Association of Public Pension Attorneys.

**Ira M. Press** graduated from Yeshiva University (B.A.) and New York University Law School (J.D.). Mr. Press has specialized in securities and consumer class action litigation in federal and state courts throughout the United States. His advocacy has resulted in several landmark appellate decisions including, *Rothman v. Gregor*, 220F.3d 81 (2d Cir. 2000), the first appellate reversal of a lower court's dismissal of a securities class action suit pursuant to the 1995 federal securities litigation reform act, and more recently, *Pinker v. Roche Holdings*, 292 F.3d 361 (3d Cir. 2002).

Mr. Press is admitted to practice in New York State, the United States Courts of Appeals for the Second, Third and Eleventh Circuits, and the United States District Courts for the Eastern, Northern and Southern Districts of New York.

**Mark A. Strauss** received his B.A. from Cornell University, where he was a College Scholar. He received his J.D. from Fordham University School of Law, where he was Associate Editor of the Law Review. Mr. Strauss has prosecuted numerous class action cases involving violations of the securities laws and consumer laws. He frequently litigates complex jurisdictional and extraterritorial issues, and claims against major accounting and auditing firms.

Notable cases include *Cromer Finance v. Berger et al.*, 00 Civ. 2284 (S.D.N.Y.), a lawsuit on behalf of defrauded hedge fund investors; Morgado Family Partners v. Lipper et al., Index No. 02/604396 (Sup. Ct., NY Co.), also a hedge fund case; *Argent Classic Convertible Arbitrage Fund v. Amazon.com*, No. C01-0640L (W.D. Wa.); *Rosen v. Textron, Inc.*, C.A. 02-190L (D.R.I.); *In re FTD.Com, Inc. Shareholders Litigation*, Case No. C.A. No.19458-NC (Court of Chancery, New Castle County, Delaware); and *Pinker v. Roche Holdings* Ltd., No. 00-4318, 01-1562 (D.N.J.). Mr. Strauss is admitted to practice before the bars of the State of New York, the United States District Courts for the Eastern and Southern Districts of New York, the State of California and the Northern, Southern and Central Districts of California. He is the co-author of *Are Class Actions Against Broker/Dealers Dead?* Securities Regulation and Law Report, Vol. 36, No. 2, 01/12/2004, pp. 68-72.

## Associates

**James P. Carroll, Jr.** graduated from Duke University (B.A.) and University of Denver (J.D.). He specializes in antitrust, securities and consumer fraud litigation. Most recently, Mr. Carroll served as a member of the trial team for the *In re VisaCheck/MasterMoney Antitrust Litigation*, a civil antitrust case that settled for in excess of $3 billion and, *Gordon v. Microsoft Inc.*, a Minnesota State civil antitrust case that settled for $175 million after nearly two months of trial. Mr. Carroll is admitted to practice in the State of Colorado, the United States District Court for Colorado, the United States Courts of Appeals for the Ninth and Tenth Circuits, the United States Tax Court, the bars of the states of New York and Texas, and the United States District Courts for the Eastern and Southern Districts of New York.

**Aaron Hovan** graduated from Colgate University (B.A.) cum laude with Honors in Economics, and from Columbia University School of Law (J.D.). He served as managing editor of the Columbia Journal of Environmental Law. Mr. Hovan specializes in healthcare, consumer fraud, securities and complex litigation. Mr. Hovan is admitted to practice before the bar of the State of New York, and the United States District Courts for the Eastern, Northern and Southern Districts of New York.

**David E. Kovel** attended Yale University (B.A.), Columbia University School of Law (J.D.) and Columbia University School of Business Administration (M.B.A.). He traded commodities for several years before attending law school. He specializes in antitrust, securities and corporate governance matters. Mr. Kovel is admitted to the New York State Bar, the United States District Courts for the Southern and Eastern Districts of New York and the Connecticut State Bar.

**Pamela E. Kulsrud** graduated from Dartmouth College (A.B.), and received her J.D. from Brooklyn Law School where she was Articles Editor on the Journal of International Law. Ms. Kulsrud is the author of a Securities Arbitration Handbook in connection with her experience representing large brokerage firms. Ms. Kulsrud specializes in securities class actions throughout the country and was actively involved in: *In re MTC Technologies Securities Litigation* ($72 million settlement); *In re Waste Management Securities Litigation* (settled for $220 million); *In re Boeing Securities Litigation* ($92 million); and *In re Columbia/HCA Securities Litigation* ($50 million). Ms. Kulsrud is admitted to practice before the Courts of New York State and the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, and the United States District Court of New Jersey.

**Andrew T. Watt** graduated from Columbia College (B.A.), Yale University (M.A.), and Columbia University School of Law (J.D.), where he was a Harlan Fiske Stone Scholar. Mr. Watt is admitted to practice before the bar of the State of New York.

## Of Counsel

**David A. Bishop** graduated from American University (B.A.) and Fordham School of Law (J.D.). Prior to joining the firm, he served for thirteen years as an elected representative in the Suffolk County (N.Y.) Legislature, where he held a variety of leadership posts. Mr. Bishop has received honors from the Nature Conservancy, the Child Care Council, and the Long Island Federation of Labor (AFL-CIO). Mr. Bishop is admitted to practice before the bar of the State of New York, and in the United States District Courts for the Southern and Eastern Districts of New York.

**Richard L. Stone** received his J.D. from Columbia University where he was an editor of the Columbia Law Review. After law school, Mr. Stone clerked for the Honorable Charles P. Sifton, United States District Judge in the Eastern District of New York. Before joining the firm, Mr. Stone was a partner at Cadwalader, Wickersham & Taft. Mr. Stone specializes in securities and consumer fraud cases. Mr. Stone is admitted to practice before the New York State Bar as well as United States District Court for the Eastern and Southern Districts of New York.

**Henry Telias** received his B.S. in Accounting at Brooklyn College and his J.D. from Hofstra University School of Law. Mr. Telias received his New York C.P.A. license in 1982. Prior to practicing as an attorney, Mr. Telias practiced exclusively as a certified public accountant from 1982 to 1989, including 3 years in the audit and tax departments of what is now known as Deloitte & Touche. Mr. Telias is a member of the Association of Certified Fraud Examiners, the New York State Bar Association, the American Institute of Certified Public Accountants and the New York State Society of Certified Public Accountants. He is admitted to practice before the New York State bar and the United States District Court for the Eastern and Southern Districts of New York.

## Staff Attorneys

**Eric Lidman, Canaan Goldman, Jocelyn Normand, Beverly Tse, and Bradley Vatrt.**

## Client & Adversary Recognition

*"The case has been in front of the Supreme Court of the United States once, and in front of the Ninth Circuit no fewer than three times. Throughout, [KMS] has . . . brought a considerable degree of success . . . and thwarted attempts by other counsel who sought to settle . . . and destroy a potential billion dollars of class rights."*

**Plaintiff / client, Epstein v. MCA, Inc.**

*"[The KMS firm] proved to be a highly able and articulate advocate. Single-handedly, [KMS] was able to demonstrate not only that [KMS'] client had a good case but that many of the suspicions and objections held by the Nigerian Government were ill-founded."*

**English adversary in The Nigerian Cement Scandal**

*"[KMS] represented us diligently and successfully. Throughout [KMS'] representation of our firm, [KMS'] commitment and attention to client concerns were unimpeachable."*

**European institutional defendant /client involved in a multi-million dollar NASD arbitration**

*"Against long odds, [KMS] was able to obtain a jury verdict against one of the larger, more prestigious New York law firms."*

**Plaintiff / client, Vladimir v. U.S. Banknote Corporation**

*"[KMS] represented our investors with probity, skill, and diligence. There is too much money involved in these situations to leave selection of class counsel to strangers or even to other institutions whose interests may not coincide."*

**Plaintiff / institutional client, In re Cendant Corporation PRIDES Litigation**

## Notables

The firm has repeatedly demonstrated its expertise in the field of class and securities litigation and its expertise has been repeatedly recognized. For example:

- *In re Visa Check/MasterMoney Antitrust Litigation,* 96-CV-5238 (E.D.N.Y. 2003) $3 billion monetary settlement; injunctive relief.

- *In re Florida Microsoft Antitrust Litig.,* Case No. 99-27340 CA 11 (Fl. Cir. Ct. 11th Cir., Miami/Dade Co.). Co-lead counsel.  $200 million settlement against Microsoft of antitrust claims.

- *Gordon v. Microsoft Corporation,* Civil No. 00-5994 (Minn. Dist. Ct., Henn. Co.). Co-lead counsel; $175 million settlement following two months of trial.

- *Argent Convertible Classic Arbitrage Fund, L.P. v. Amazon.com, Inc. et al.,* CV No. 01-0640L. Lead counsel for class of convertible euro-demoninated bond purchase. $20 million settlement. (W.D. Wash. Oct. 20, 2005)

- *Muzinich & Co., Inc. et al. v. Raytheon Company et al. ,* No. C-01-0284-S-BLW . Co lead counsel. $39 million settlement (D. Idaho 2005).

- *In re Churchill Securities, Inc.* (SIPA Proceeding). Case No. 99 B 5346A (Bankr. S.D.N.Y. 2003): Sole Counsel; recovered over $9 million for 500+ victims of pyramid scheme perpetrated by defunct brokerage firm.

- *In re Laidlaw Bondholder Securities Litigation,* 00 cv 2518-17 (D. S.C. 2002). Lead counsel; $42.8 million settlement.

- *Cromer Finance v. Berger et al. (In re Manhattan Fund Securities Litigatio*n), 00 cv 2284 (SDNY 2002). Co-lead counsel; $32 million settlement.

- *In re Boeing Securities Litigation,* 97 cv 715 (W.D. Wash. 2001). $92.5 million settlement.

- *In re MCI Non-Subscriber Telephone Rates Litigation,* MDL No. 1275 (S.D. Ill. 2001). Chairman of steering committee; $88 million settlement.

- *In re General Instrument Corp. Securities Litigation,* 01 cv 1351 (E.D. Pa. 2001). Co-lead counsel; $48 million settlement.

- *In re Bergen Brunswig/Bergen Capital Trust Securities Litigation,* 99 cv 1305 and 99 cv 1462 (C.D. Cal. 2001). Co-lead counsel; $42 million settlement.

- *Steiner v. Aurora Foods,* 00 cv 602 (N.D. Cal. 2000). Co-lead counsel; $36 million settlement.

- *Gerber v. Computer Associates International, Inc.,* No. 91 C 3610 (E.D.N.Y. 2000). Multimillion dollar jury verdict in securities class action.

- *Rothman v. Gregor,* 220 F.3d 81 (2d Cir. 2000). Principal counsel of record in appeal that resulted in first ever appellate reversal of the dismissal of a securities fraud class action under the Securities Reform Act of 1995.

- *Bartold v. Glendale Federal Bank,* (2000) 81 Cal.App.4th 816. Ruling on behalf of hundreds of thousands of California homeowners establishing banks' duties regarding title reconveyance; substantial damages still to be calculated in this and related cases against other banks for failures to have discharged these duties.

- *In re Cendant Corporation PRIDES Litigation,* 51 F. Supp. 2d 537, 542 (D. N.J. 1999). Lead counsel, $340 million settlement. The court said:

> "[R]esolution of this matter was greatly accelerated by the creative dynamism of counsel." * * * "We have seen the gifted execution of responsibilities by a lead counsel."

- *In re Waste Management, Inc. Securities Litigation*, No. 97C 7709 (N.D. Ill. 1999). Co-lead counsel, $220 million settlement.

> "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases... in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here... I would say this has been the best representation that I have seen."

- *In re Bennett Funding Group Securities Litigation*, No. 96 Civ. 2583 (1999). Co-lead counsel; $140 million in settlements to date ($125 million recovered from Generali U.S. Branch, insurer of Ponzi scheme instruments issued by Bennett Funding Group; $14 million settlement with Mahoney Cohen, Bennett's auditor). Case continuing against other defendants.

- *In re MedPartners Securities Litigation*, CV-98-06364 (Ala. June 1999). Co-lead counsel; $56 million settlement.

- *In re MTC Electronic Technologies Shareholder Litigation*, No. CV-93-0876 (E.D.N.Y. October 20, 1998). Co-lead counsel; settlement in excess of $70 million.

- *Skouras v. Creditanstalt International Advisers, Inc., et al.*, NASD Arb., No. 96-05847 (1998). Following an approximately one month hearing, successfully defeated multi-million dollar claim against major European institution.

- *In re Woolworth Corp. Securities Class Action Litigation*, 94 Civ. 2217 (RO) (S.D.N.Y. Sept. 29, 1997). Co-lead counsel; $20 million settlement.

- *In re Archer Daniels Midland Inc. Securities Litigation*, C.A. No. 95-2877 (C. D. Ill. April 11, 1997). Co-lead counsel; $30 million settlement.

- *Vladimir v. U.S. Banknote Corp.*, No. 94 Civ. 0255 (S.D.N.Y. 1997). Multi-million dollar jury verdict in § 10(b) action.

• *Epstein et al. v. MCA, Inc., et al.,* No. 92-55675, 50 F.3d 644 (9th Cir. 1995) *rev'd and remanded on other grounds, Matsushita Electric Industrial Co., Ltd. et al. v. Epstein et al.,* No. 94-1809, 116 S. Ct. 873 (February 27, 1996). Sole counsel. Appeal resulted in landmark decision concerning liability of tender offeror under section 14(d)(7) of the Williams Act, SEC rule 14d-10 and preclusive effect of a release in a state court proceeding. In its decision granting partial summary judgment to plaintiffs, the court of appeals for the Ninth Circuit stated:

> "The record shows that the performance of the Epstein plaintiffs and their counsel in pursuing this litigation has been exemplary."

• *In re Abbott Laboratories Shareholder Litigation,* No. 92-C-3869 MEA, Fed. Sec. L. Rep. ¶ 98,973 (N.D. Ill. 1995). Co-lead counsel; $32.5 million settlement:

> "The record here amply demonstrates the superior quality of plaintiffs' counsel's preparation, work product, and general ability before the court."

• *In re Morrison Knudsen Securities Litigation,* No. CV 94-334-S-EJL (D. Id. 1995). Co-lead counsel; approximately $68 million settlement.

• *In re T2 Medical Inc. Securities Litigation,* No. 1:94-CV-744-RLV (N.D. Ga. 1995). Co-lead counsel; approximately $50 million settlement.

• *Gelb v. AT&T,* 90 Civ. 7212 (LMM) (S.D.N.Y. 1994). Landmark decision regarding filed rate doctrine leading to injunctive relief.

• *In re International Technology Corporation Securities Litigation,* CV 88-40-WPG, (C.D. Cal. 1993). Co-lead counsel; $13 million settlement.

• *Colaprico v. Sun Microsystems,* No. C-90-20710 (SW) (N.D. Cal. 1993). Co-lead counsel; $5 million settlement.

• *Steinfink v. Pitney Bowes, Inc.,* No. B90-340 (JAC) (D. Conn. 1993). Lead counsel; $4 million settlement.

- *In re Jackpot Securities Enterprises, Inc. Securities Litigation*, CV-S-89-05-LDG (RJJ) (D. Nev. 1993). Lead counsel; $3 million settlement.

- *In re Nordstrom Inc. Securities Litigation,* No. C90-295C (W.D. Wa. 1991). Co-lead counsel; $7.5 million settlement.

- *United Artists Litigation,* No. CA 980 (Sup. Ct., L.A., Cal.). Trial counsel; $35 million settlement.

- *In re A.L. Williams Corp. Shareholders Litigation,* Consolidated, C.A. No. 10881 (Delaware. Ch. 1990). Lead counsel; benefits in excess of $11 million.

- *In re Triangle Inds., Inc., Shareholders' Litigation,* C.A. No. 10466 (Delaware. Ch. 1990). Co-lead counsel; recovery in excess of $70 million.

- *Schneider v. Lazard Freres,* (N.Y. Sup. 1990). Co-lead counsel. Landmark decision concerning liability of investment bankers in corporate buyouts; $55 million settlement.

- *Rothenberg v. A.L. Williams,* C.A. No. 10060 (Delaware. Ch. 1989). Sole counsel; benefits of at least $25 million to the class.

- *Kantor v. Zondervan Corporation,* C.A. No. 88 C5425 (W.D. Mich. S.D. 1989). Sole counsel; recovery of $3.75 million.

- *King v. Advanced Systems, Inc.,* C.A. No. 84 C10917 (N.D. Ill. E.D. 1988). Lead counsel; recovery of $3.9 million (representing 90% of damages).

- *Straetz v. Cordis,* 85-343 Civ. (SMA) (S.D. Fla. 1988). Lead counsel:

> "I want to commend counsel and each one of you for the diligence with
> which you've pursued the case and for the results that have been produced
> on both sides. I think that you have displayed the absolute optimum in
> the method and manner by which you have represented your respective

clients, and you are indeed a credit to the legal profession, and I'm very proud to have had the opportunity to have you appear before the Court in this matter."

- *In re Flexi-Van Corporation, Inc. Shareholders Litigation,* C.A. No. 9672 (Delaware. Ch. 1988). Co-lead counsel; $18.4 million settlement.

- *Entezed, Inc. v. Republic of Nigeria,* I.C.C. Arb. (London 1987). Multi-million dollar award for client.

- *In re Carnation Company Securities Litigation,* No. CV84-6913 (FW) (C.D. Cal. 1987). Co-lead counsel; $13 million settlement.

- *In re Data Switch Securities Litigation,* B84 585 (RCZ) (D. Conn. 1985). Co-lead counsel; $7.5 million settlement.

- *Stern v. Steans,* 80 Civ 3903 (GLG). The court characterized the result for the class obtained during trial to jury as "unusually successful" and "incredible" (Jun 1, 1984).

- *In re Datapoint Securities Litigation,* SA 82 CA 338 (W.D. Tex.). Lead Counsel for a Sub-Class; $22.5 million aggregate settlement.

- *Malchman, et al. v. Davis, et al.,* 77 Civ. 5151 (S.D.N.Y., June 8, 1984) (TPG):

> "It is difficult to overstate the far-reaching results of this litigation and the settlement. Few class actions have ever succeeded in altering commercial relationships of such magnitude. Few class action settlements have even approached the results achieved herein.... In the present case, the attorneys representing the class have acted with outstanding vigor and dedication . . . Although the lawyers in this litigation have appeared considerably more in the state courts than in the federal court, they have appeared in the federal court sufficiently for me to attest as to the high professional character of their work. Every issue which has come to this court has been presented by both sides with a thoroughness and zeal which is outstanding .... In sum, plaintiffs and their attorneys undertook a very large and difficult litigation in both the state and federal courts, where the stakes were enormous. This litigation was hard fought over a period of four years. Plaintiffs achieved a settlement which altered commercial relationships involving literally hundreds of millions of dollars."

\* \* \*

# EXHIBIT B

**KIRBY McINERNEY & SQUIRE, LLP**
**0680.01 SONY BMG LODESTAR**
**FROM INCEPTION THROUGH MARCH 17, 2006**

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Andrew Watt | 53.25 | $325 | $17,306.25 |
| Mark Strauss | 25.00 | $475 | 11,875.00 |
| Ira Press | 20.00 | $550 | 11,000.00 |
| Pamela Kulsrud | 0.25 | $425 | 106.25 |
| Attorney Total | 98.50 | | $40,287.50 |
| **Paralegals/Clerks** | | | |
| Senior Paralegal | 8.75 | $175 | $1,531.25 |
| Paralegals | 0.25 | $150 | 37.50 |
| Clerks | 11.00 | $65 | 715.00 |
| **TOTAL LODESTAR** | **118.50** | | **$42,571.25** |

# EXHIBIT C

KIRBY MCINERNEY & SQUIRE, LLP
0680.01 SONY BMG EXPENSES
FROM INCEPTION THROUGH JANUARY 31, 2006

| Description | Amount |
|---|---|
| Filing Fees | $250.00 |
| Late Night Travel and  Meals | 164.86 |
| Document and Evidence Retrieval | 31.09 |
| **TOTAL EXPENSES** | **$445.95** |