UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SONY BMG CD<br>TECHNOLOGIES LITIGATION | Case No. 1:05-cv-09575-NRB |

DECLARATION OF OREN GISKAN IN SUPPORT OF PLAINTIFFS' CLASS COUNSELS'
APPLICATION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

I, Oren Giskan, declare as follows:

1. I am an attorney in good standing, duly licensed and admitted to the Courts of the States of New York and Illinois, and the United States District Courts for Southern and Eastern District of New York. I am a partner of Giskan & Solotaroff, counsel of record for Andrew Klewan and James Springer In Re SonyBMG Audio Compact Disc Litigation MDL No. 1750. A true and correct copy of my firm resume and a representative list of comparable litigation is attached hereto as Exhibit A and incorporated by reference herein.

2. I submit this declaration in support of Plaintiffs' Class Counsels' application for attorneys' fees and reimbursement of expenses in the above-entitled matter. The testimony set forth in this declaration is based on first-hand knowledge, about which I would and could testify competently in open court if called upon to do so, and on contemporaneously-generated records kept in the ordinary course of business.

2. The total number of professional hours expended in the litigation by Giskan & Solotaroff is 58.7. The total lodestar amount for attorney, paralegal and professional staff time expended by Giskan & Solotaroff in the course of the litigation, based upon current rates, is $24,617.50. The chart attached hereto as Exhibit B was prepared at my direction and presents a summary of the time spent from November 2, 2005 through February 2, 2006 by attorneys, paralegals, and professional staff of the firm on the litigation. The chart includes the name of each attorney, paralegal, and professional staff member who has worked on the case, his or her current hourly billing rate, and the number of hours expended by each professional on this matter. The time reflected in this declaration was time actually spent, in the exercise of reasonable judgment, by the lawyers and staff involved. The attorneys and legal professionals identified in Exhibit B spent time on matters that were essential to the prosecution and resolution

of the litigation, including legal and factual research, drafting of pleadings, attendance at hearing, consultation with expert, and settlement negotiations. My firm was careful not to expend unnecessary hours and not to duplicate work done by others.

3. This firm expended a total of $74.84 in un-reimbursed expenses in connection with prosecution of the litigation on behalf of Andrew Klewan and James Springer. The expenses incurred in this case are reflected in the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other contemporaneously-recorded billing records, are an accurate record of expenses incurred in this litigation. The chart attached hereto as Exhibit B details these expenses.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed this 31st day of March, 2006, at New York, New York.

_____
Oren Giskan

## Exhibit A

## GISKAN & SOLOTAROFF

### Firm Biography

Giskan & Solotaroff is a firm with significant experience in complex litigation involving consumer fraud, antitrust, and employment discrimination litigation in state and federal courts, on behalf of plaintiffs and often involving class actions.

OREN GISKAN is admitted to practice in the states of New York (1993) and Illinois (1990). He received his law degree from the University of Pennsylvania in 1990 and his Bachelor of Arts from the University of Chicago in 1986.

Mr. Giskan served as lead class counsel in Danielson v. Rockford Memorial Hospital, Circuit Court of Winnebago County Illinois, No. 01 L 139 (settlement of patient billing claims under the Illinois Consumer Fraud Act), and Truschel v. Juno Online Inc., Supreme Court of the State of New York, New York County, No. 01/602486 (settlement of consumer protection claims regarding failure to provide Internet service). He is actively litigating several other consumer fraud actions throughout the country as lead or class counsel against companies including Nokia, Inc., Yellow Book USA, and Fleet Mortgage Corp. Prior to forming the firm of Giskan & Solotaroff in October 2002, Mr. Giskan worked for the firms of Prongay & Borderud, the Law Offices of James V. Bashian, P.C. and Zwerling, Schachter & Zwerling, LLP, in New York, New York where he was actively involved as lead counsel for plaintiffs in many securities class action lawsuits including: Hal Bloomberg Trust v. Gencor Industries, Inc., M.D. Fla., 99-106-Civ-Orl; Kaplan v. Prins Recycling Corp., D.N.J., 96 Civ. 2444; In re Lady Luck Gaming Corporation Securities Litigation, D. Nev., CV-S-95-266-LDG (RLH); In re American Pacific Securities Litigation, D. Nev., CV-S-93-00576-PMP; and In re Foodmaker/Jack-in-the-Box Securities Litigation, W.D. Wash., No. C93-517WD. He also actively participated as one of the lead counsel in coordinated nationwide class actions against America Online Inc. regarding its deceptive billing practices.

From 1990-92, Mr. Giskan was an associate with Jenner & Block in Chicago, Illinois where he focused on securities and general commercial litigation.

JASON L. SOLOTAROFF is admitted to practice in the State of New York. He is a 1990 graduate of Columbia Law School where he was an Editor of the Columbia Law Review and a Harlan Fiske Stone Scholar. He graduated from the Johns Hopkins University with General Honors.

Mr. Solotaroff clerked for the Hon. Eugene H. Nickerson, United States District Court for the Eastern District of New York. Following the clerkship, Mr. Solotaroff was a Staff Attorney at the Legal Aid Society, Criminal Defense Division from 1991 to 1993. In 1993, he joined the Society's Federal Defender Division. As a federal defender, Mr. Solotaroff represented clients in a

wide variety of matters including complex white-collar cases. Of the nine clients he represented in criminal trials, six were acquitted and one received a partial acquittal.

Mr. Solotaroff entered private practice in 1997. Since 1997, he has devoted a substantial part of his practice to the representation of plaintiffs in class action matters. Among the cases in which he has had substantial responsibility are consumer class actions against Juno Online Inc., Lincoln Security Life Insurance of New York, Verizon Communications, American Express and antitrust class actions against Abbott Laboratories, Bristol-Myers Squibb and Astrazeneca Inc. He also represents individuals in employment discrimination and criminal defense matters.

CATHERINE E. ANDERSON is admitted to practice in the States of New York and New Jersey. She received her law degree from New York University School of Law in 1995, where she was an editor of the Journal of International Law and Politics and a participant in the Human Rights Clinic. She graduated magna cum laude from Colgate University in 1992, where she was elected Phi Beta Kappa. Ms. Anderson has specialized in consumer fraud and securities class action litigation and has also represented plaintiffs in employment discrimination and ERISA actions.

Ms. Anderson is currently serving as lead or co-lead counsel in consumer class actions against Fry's Electronics, Chase Mortgage, Oxford Health Plans and Sieba, Ltd. Prior to joining Giskan & Solotaroff in February 2003, Ms. Anderson was associated with the firm of Wolf Popper LLP, where she served as lead or co-lead counsel in the following class actions which obtained a substantial recovery for the class: *Garcia v. General Motors Corp.*, Docket No. L-4394-95, Superior Court of New Jersey, Bergen County (obtaining a nationwide settlement of $19.5 million in cash on behalf of a consumer class comprised of 2.6 million owners of GM W-Body cars with allegedly defective braking systems); *Whipple v. Happy Kids, Inc.*, Index No. 99-603371, IAS Part 10, Supreme Court of the State of New York, New York County (obtaining a settlement providing, among other things, an increase of $0.50 per share on behalf of the Happy Kids public shareholders in a revised buyout transaction); *In re Segue Software, Inc., Sec. Litig.*, C.A. 99-10891-RGS, United States District Court, District of Massachusetts (obtaining a cash settlement of $1.25 million on behalf of a class of all persons who purchased the common stock of Segue Software, Inc. during the period July 14, 1998 through April 9, 1999); *Jonas v. Aspec Technology, Inc.*, Lead Case No. CV775037, Superior Court of the State of California (obtaining a settlement with a $13 million cash component and a stock component of 1.75 million shares of the common stock of Aspec Technologies, Inc. for a class comprised of all persons who owned Aspec common stock during the period April 27, 1998 through June 30, 1998); *In re Ugly Duckling Corp. Shareholders Derivative and Class Action*, Consolidated C.A. No. 18843, Delaware Court of Chancery, New Castle County (obtaining an increase from $2.51 per share to $3.53 per share cash in going private transaction on behalf of a class comprised of the Company's minority shareholders, resulting in an aggregate cash benefit of more than $4.7 million).

## Exhibit B: Time and Expenses As of 3/31/06

| Name | Hours | Rate | Fees |
|---|---|---|---|
| Oren S. Giskan (Partner) | 23.40 | $425.00 | $9,945.00 |
| Jason L. Solotaroff (Partner) | 34.40 | $425.00 | $14,577.50 |
| Camille Fundora (Paralegal) | 1.00 | $95.00 | $95.00 |
| | | | |
| | | Total | $24,617.50 |

| Expenses | Total |
|---|---|
| Meals | $16.74 |
| Research Lexis | $34.10 |
| Travel | $24.00 |
| | |
| Total | $ 74.84 |