UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SONY BMG CD
TECHNOLOGIES LITIGATION

Case No. 1:05-cv-09575-NRB

**DECLARATION OF ROBERT I. LAX IN SUPPORT OF PLAINTIFFS'
CLASS COUNSELS' APPLICATION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES**

I Robert I. Lax, declare as follows:

1. I am an attorney in good standing, duly licensed and admitted to practice in the State of New York, and the Southern District of New York. I am a Partner of Robert I. Lax & Associates, counsel of record for class representative Dora Rivas in Dora Rivas v. Sony BMG Music Entertainment. A true and correct copy of my firm resume, including a representative list of comparable litigation is attached hereto as Exhibit A and incorporated by reference herein.

2. I submit this declaration in support of Plaintiffs' Class Counsels' application for attorneys' fees and reimbursement of expenses in the above-entitled matter. The testimony set forth in this declaration is based on first-hand knowledge, about which I would and could testify competently in open court if called upon to do so, and on contemporaneously-generated records kept in the ordinary course of business.

2. The total number of professional hours expended in the litigation by Robert I. Lax & Associates is 22.50. The total lodestar amount for attorney, paralegal and professional staff time expended by my firm in the course of the litigation, based upon current rates, is $11,025.00. The chart attached hereto as Exhibit B was prepared at my direction and presents a summary of the time spent from November 1, 2005 through February 2, 2006 by attorneys of the firm on the litigation. The chart includes the name of each attorney who has worked on the case, his or her current hourly billing rate, and the number of hours expended by each professional on this matter. The time reflected in this declaration was time

actually spent, in the exercise of reasonable judgment, by the laws and staff involved. The attorneys and legal professionals identified in Exhibit B spent time on matters that were essential to the prosecution and resolution of the litigation, including initial research into the factual and legal theories of the case, initial pleadings, and review of correspondence relating to the MDL proceeding and settlement. My firm was careful not to expend unnecessary hours and not to duplicate work done by others.

      3.    The expenses expended by my firm in this litigation have been de minimus, and no request is being made for any compensation of these unreimbursed disbursements.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed this 30th day of March, 2006, at New York, New York.

_____
Robert I. Lax, Esq.

## Robert I. Lax & Associates
Attorneys and Counselors at Law

535 Fifth Avenue
21st Floor
New York, New York 10017

Telephone: (212) 818-9150
Fax: (212) 818-1266

### Firm Resume

Robert I. Lax & Associates practices exclusively in the area of complex commercial litigation, placing particular emphasis on representing plaintiffs in class action and derivative suits in the state and federal courts. In a relatively short period of time, the firm now known as Robert I. Lax & Associates -- formerly known as Lax & Noll -- has become well known for its academic approach to the practice of law, as well as its dedicated sense of client advocacy.

Lax & Associates is actively involved in cases representing clients in actions involving issues of securities fraud and corporate governance, consumer fraud, consumer finance, antitrust, as well as royalty and intellectual property disputes. The firm's ability and expertise in handling these matters has been recognized by both the judiciary as well as members of the Bar, with the result that the firm has been appointed class counsel and invited to serve on the litigation committees of several of the nation's most prominent class action litigations.

**Robert I. Lax, Esq.** received a B.A. in economics from Brandeis University, and graduated from the Benjamin N. Cardozo School of Law of Yeshiva University, where he was Managing Editor of the Cardozo Law Review, and the recipient of a Cardozo-Ford Foundation Fellowship in Public International Law. Mr. Lax practices exclusively in the area of complex class action and derivative litigation, with a strong emphasis on matters involving consumer fraud, consumer finance, corporate governance, antitrust and securities matters, and has taken leading roles in some of the most significant recent cases in these areas. For example, Mr. Lax has recently been appointed and is currently serving as sole Lead Counsel and Chair of the Committee of Consolidated Indirect Purchaser Plaintiffs in the Multidistrict Fresh Pineapple Antitrust Litigation pending in the Southern District of New York. In addition, Mr. Lax has been selected to sit on the Partners Council of the National Consumer Law Center and has been a recurrent lecturer on consumer fraud and consumer finance litigation, including at the New Jersey Institute for Continuing Legal Education.

Some examples of Lax & Associates' and its predecessor firm's recent accomplishments in the class action and derivative arena include:

<u>Summers et al. v. Toshiba America Consumer Electronics</u> and <u>Friedman et al. v. Samsung Electronics America</u>, Superior Court of the State of New Jersey.  Two separate nationwide consumer class action lawsuits brought on behalf of purchasers of both Toshiba and Samsung DVD players, alleging that those machines contained inherent defects rendering them incompatible with the standards set for such devices, and therefore unable to properly play all compatible DVD Video discs, and asserting causes of action alleging breach of warranty and violation of consumer fraud statutes.  After the respective certification of each of the classes, extensive forensic data and other discovery on two continents, and the denial of each of the defendants' motions for summary judgment, the firm sucessfully negotiated settlements valued at well over $100 million which were approved by the Court in March 2004 and January 2005.  The firm served as co-lead counsel for the plaintiff classes in both cases.

<u>Rinaldi et al. v. Iomega Corp.</u>, Superior Court of the State of Delaware, New Castle County.  A nationwide consumer class action filed on behalf of more than 24 million consumer purchasers of defendant's computer peripheral storage device, alleging that these products possessed latent defects which constituted a breach of warranty and a violation of relevant consumer protection statutes.  The firm successfully negotiated a settlement valued in the tens of millions of dollars which was approved by the Court in June 2001.  The firm was co-lead counsel for the Class.

<u>Albert et al. v. Fletcher</u>, Superior Court for the State of California, Los Angeles County.  A multi-defendant shareholder suit involving both class action and derivative claims alleging

self-dealing and breach of fiduciary duty against corporate officers, directors, investment bankers and attorneys, which led to a class settlement of $17.9 million, approved in March, 2001.  In approving the settlement, the Honorable Marvin Lager noted the "top notch" work and "superior" level of advocacy by Class Counsel.  The firm was co-lead counsel for the Class and served on the Executive Counsel Committee.

Klein et al. v. Robert's American Gourmet Foods, Supreme Court of New York, County of Nassau.  A consumer class action brought against the manufacturer of snacks, alleging that it mislabelled and misrepresented the nutritional qualities of its "Pirate's Booty" snack food Products.  In January 2003, the court approved a settlement providing for the distribution and guaranteed redemption of several million dollars worth of discount coupons, as well as the defendant's funding and submission to a comprehensive product label monitoring program.  Robert I. Lax & Associates acted as sole Lead Counsel for the class, and sole Chair of a committee of 8 law firms representing plaintiffs.

Englade v. HarperCollins, Inc., Supreme Court of New York, County of New York.  A class action brought against a publishing company on behalf of its published authors, alleging breach of contract and breach of the implied duty of good faith and fair dealing in selling books to related entities at below market prices.  In an Order later affirmed by the Appellate Division, the Honorable Paula Omansky certified a nationwide class, and, noting the firm's standing at the Bar, appointed the firm as co-lead counsel to the Class.  A settlement providing for the recalculation and disgorgement of several million dollars of royalties to authors was approved by the court in early 2003.

In Re Risk Management Alternatives FDCPA Class Action Litig., United States District Court, Southern District of New York.  Consolidated class actions brought on behalf of

approximately 800,000 consumers nationwide seeking redress for violations of the Federal Fair Debt Collection Practices Act. After the contested certification of the class, the court approved what is believed to be the largest civil recovery within the Second Circuit in litigation under the Federal debt collection practices statute. Robert I. Lax & Associates served as Chair of the Plaintiffs' Lead Counsel Committee in the consolidated actions.

Milex Electronics Corp. et al. v. Pitney Bowes Credit Corp., New York State Supreme Court, County of Suffolk. A class action suit alleging illegal practices in the lease financing of office equipment products. A class was certified by the Court and The firm appointed co-lead counsel to the Class. A class settlement was approved in April, 2001, in which defendant paid each class member a full refund plus interest of all allegedly improper lease payments.

Duronslet et al. v. TransWorld Systems, Inc., United States District Court, Central District of California. A suit brought on behalf of a class of 1.5 million consumers against a debt collection firm alleging violations of the Federal Fair Debt Collection Practices Act. The firm successfully negotiated and obtained final approval of a class settlement which was amongst the largest in the history of the Ninth Circuit in litigation under the Act. The firm acted as co-lead counsel to the Class.

McCarthy et al. v. ExTerra Credit Recovery, Inc., United States District Court, Southern District of New York. A suit brought on behalf of a class of over 55,000 consumers against a debt collection firm alleging violations of the Federal Fair Debt Collection Practices Act. The firm successfully negotiated and obtained final approval of a class settlement including a monetary payment to a common fund benefiting the Class, as well as the entry of an injunction prohibiting further violations of the Act. The firm was appointed lead counsel to the Class and co-lead counsel of the plaintiffs' Liaison Committee for the consolidated litigation.

Hatcher et al. v. Dorchester Publishing Co., New York State Supreme Court, County of New York.  A suit brought on behalf of a class of authors against their publisher alleging commission of various tortious acts including fraud, breach of contract and breach of fiduciary duty.  The litigation resulted in a class settlement worth over $1 million, approved in March 1998.  The firm acted as liaison and co-lead counsel to the Class.

Schwab et al. v. America Online, Inc., Circuit Court of Cook County, Illinois, Chancery Division.  A nationwide consumer class action alleging misrepresentations that defendant could or would provide unlimited online access in which The firm served on the Class Counsel Committee.  A nationwide class was certified and a class settlement approved in February, 1998.

Additional information regarding Robert I. Lax & Associates will be provided upon request.

March, 2006

# ROBERT I. LAX & ASSOCIATES
In Re: SONY BMG CD TECHNOLOGIES LITIGATION
Fee Report
March 30, 2006

**Lawyers**

| Lawyer | Toal Hours | Hourly Rate | Lodestar to Date |
|---|---|---|---|
| *Partners* | | | |
| Robert I. Lax, Esq. | 22.5 | $490.00 | $11,025.00 |
| | | | |
| *Associates* | | | |
| | | | |
| | | | |
| | | | |
| | **22.5** | | **$11,025.00** |