UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                 :
                                       :
SONY BMG CD                            :        Case No. 1:05-cv-09575-NRB
TECHNOLOGIES                           :
--------------------------------------------

**DECLARATION OF ROBERT I. HARWOOD IN SUPPORT OF
PLAINTIFFS' CLASS COUNSELS' APPLICATION FOR
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, Robert I. Harwood, declare as follows:

1.      I am an attorney in good standing, duly licensed and admitted to practice in this Court. I am a member of Wechsler Harwood LLP, counsel of record for John Maletta in <u>Maletta v. Sony BMG Music Entertainment</u>, 05 CV 10637.  A true and correct copy of my firm biography is annexed hereto as Exhibit A.

2.      I submit this declaration in support of Plaintiffs' Class Counsels' application for attorneys' fees and reimbursement of expenses in the above-entitled matter.  The testimony set forth in this declaration is based on first-hand knowledge, about which I would and could testify competently in open court if called upon to do so, and on contemporaneously-generated records kept in the ordinary course of business.

3.      The total number of professional hours expended in the litigation by my firm is 22.60. The total lodestar amount for attorney, paralegal, and professional staff time expended by my firm in the course of the litigation, based upon current rates, is $7,417.  The chart annexed hereto as Exhibit B was prepared at my direction and presents a summary of the time spent from inception through January 31, 2006 on the litigation by attorneys, paralegals, and profession staff of the firm. The chart includes the name of each attorney, paralegal, and professional staff member who has worked on the case, his or her current hourly billing rate, and the number of hours expended by each professional on this matter.  The time reflected in this declaration was time actually spent, in the exercise of reasonable judgment, by the laws and staff involved, and includes preparation of complaint, analysis of MDL motion and consolidated amended class action complaint, and conferences with lead counsel.  My firm was careful not to expend unnecessary hours and not to duplicate work done by others.

4.    This firm expended a total of $407.18 in unreimbursed expenses in connection with prosecution of the litigation on behalf of John Maletta.  The expenses incurred in this case are reflected in the books and records of the firm.  These books and records are prepared from expenses vouchers, check records, and other contemporaneously-recorded billing records, and an accurate record of expenses incurred in this litigation.  The chart annexed as Exhibit C, also prepared at my direction, details these expenses.

I declare under penalty of perjury under the laws of the United States of American and the State of New York that the foregoing is true and correct.

Executed this 24th day of March, 2006, at New York, New York.


_____
Robert I. Harwood

2

# EXHIBIT A

## WECHSLER HARWOOD LLP
## FIRM DESCRIPTION

The law firm of Wechsler Harwood LLP ("Wechsler Harwood" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative and ERISA litigation.  The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

Wechsler Harwood is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence.  The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars.  Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Wechsler Harwood has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar.  In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of

substantial monetary and equitable benefits for investors, stockholders, corporations, and partnerships. By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions: 1) In re First Capital Holdings Corporation Financial Products Securities Litigation, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of settlement fund of $90 million plus implementation of structural relief); 3) In re Prudential Bache Energy Income Partnerships Securities Litigation, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) In re JWP Inc. Securities Litigation, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5) Morse v. McWhorter, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.); 6) In re BankOne Securities Litigation, (N.D. Ill.) (creation of a $45 million settlement fund); and 7) Sidney Morse, et al. v. Abbott Laboratories, et al., (N.D. Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

Courts have often recognized the Firm's skill in class actions. For example, in In re Electro-Catheter Securities Litigation, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and knew their stuff and they are a credit to their profession. They are the top of the line.

## THE ATTORNEYS OF THE FIRM

**Robert I. Harwood,** senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, in <u>In re Royal Dutch/Shell Transport ERISA Litigation</u>, (D.N.J.), Judge Bissell stated:

> the Court knows the attorneys in the firms involved in this matter and they are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with <u>In re Olsten Corporation Securities Litigation</u>, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent." Mr. Harwood was lead attorney in <u>Meritt v. Eckerd</u>, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood prosecuted the <u>Hoeniger v. Aylsworth</u> class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of <u>The Wall Street Journal</u> ("Prospector Fund Finds Golden Touch in Class Action

3

Suit" p. 18, col. 1). Mr. Harwood served as co-lead counsel in <u>In Re Interco Incorporated</u> <u>Shareholders Litigation</u>, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an extensive record that establishes it was very hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood recently served as lead counsel in <u>Morse v. McWhorter</u>, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as <u>In re Bank One Securities Litigation</u>, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $44.5 million; <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $24 million; <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.), which resulted in a $37 million settlement fund; <u>In re Oxford Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and <u>In re</u> <u>UNUMProvident Corp. Securities Litigation</u>, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of <u>In re Home Shopping Network, Inc., Derivative Litigation</u>, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and <u>Edge Partners, L.P. v. Dockser, et al.</u>, (D. Md.), which created a settlement benefit in excess of $11 million. In addition, Mr. Feffer was in charge of <u>Dornberger v. Metropolitan Life Insurance Company</u> in the Southern District of New York, which

created a settlement benefit of more than $20 million; the successful prosecution of the <u>Regeneron</u> <u>Pharmaceuticals, Inc. Securities Litigation</u> in the Southern District of New York, which created a settlement fund in excess of $4 million; and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.</u>, (Del. Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of Tesoro Petroleum Corp.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York State and American Bar Associations.

**Andrew D. Friedman**, a partner of the Firm, is a <u>Phi Beta Kappa</u> and <u>Magma Cum Laude</u> graduate of George Washington University. Mr. Friedman graduated with honors from New York University School of Law in 1985, and has since specialized in corporate and securities litigation, including numerous class and derivative actions.

Mr. Friedman concentrates much of his efforts on actions brought on behalf of limited partners of public limited partnerships and has played a primary role in numerous other litigations in which Wechsler Harwood acted as lead counsel, wherein substantial benefits were conferred upon shareholders, such as <u>Katz, et al. v. Pels, et al.</u>, 90 Civ. 7787 (S.D.N.Y.), a derivative action, brought on behalf of Lin Broadcasting Corporation, that was settled by defendants' agreement to provide the company with cash and benefits worth in excess of $11.5 million; <u>Katz, et. al. v. Hay (LTV Corp.)</u>, 86 Civ. 5640 (S.D.N.Y.) ($9.5 million settlement fund); <u>In re American Savings Bank F.S.B. Litigation</u>, 90 Civ. 2825 (S.D.N.Y.) ($3.5 million settlement fund); <u>Herbert Bush v. The FDI Group, et al.</u>, 93-2484 (Florida Circuit Court) ($17 million settlement fund); and <u>Lewis v. General Employment Enterprises, Inc.</u> ("GEE"), Consol. C.A. No. 90 CH 5953 (Circuit Ct., Cook Cty. Ill.

December 1990), in which the Court issued a permanent injunction against the implementation of a shareholder rights plan which was found to violate shareholders' constitutional right to cumulatively vote their shares.  In the federal aspect of the litigation against GEE, Lewis v. GEE, No. 91C 0291 (N.D. Ill. January 21, 1991) (Rovner, J.), plaintiff successfully restrained the use of an allegedly false and misleading proxy statement in connection with a proposal to reincorporate the company in Delaware and eliminate important shareholder rights.

  **Daniella Quitt**, a member of the Firm, graduated from Fordham University School of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second and Fifth Circuits.

  Ms. Quitt has played a significant role in numerous actions in which Wechsler Harwood served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff shareholders, such as In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.) ( settlement fund of $44.5 million); In re Laidlaw Stockholders Litigation, (D.S.C.) (settlement fund of $24 million; In re UNUMProvident Corp. Securities Litigation, (D. Me.) (settlement fund of $45 million); In re Harnischfeger Industries (E.D. Wisc.) (settlement fund of $10.1 million); In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.) (settlement benefit of $13.7 million and corporate therapeutics); In re JWP Inc. Securities Litigation, (S.D.N.Y.) (settlement fund of $37 million; In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.) (settlement benefit in excess of $20 million); In re Rexel Shareholder Litigation, (Sup. Ct. N.Y. County) (settlement benefit in excess of $38 million); and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million).

Recently, in connection with the settlement of <u>Alessi v. Beracha</u>, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Wechsler Harwood in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Wechsler Harwood, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Wechsler Harwood in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: <u>Pace American Shareholder Litigation</u>, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); <u>In re Bay Financial Securities Litigation</u>, Master File No. 89-2377-DPW, (J. Woodlock) ( D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); <u>Crandon Capital Partners v. Sanford M. Kimmel</u>, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996) (settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); <u>Goldsmith v. Technology</u>

Solutions Company, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and cum laude from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of Morse v. McWhorter, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and In re Olsten Corporation Securities Litigation, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated cum laude from Fordham College in 1980 and cum laude from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as In re Executive Telecard, Ltd. Securities Litigation, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); In re Verizon Three Way Calling Litigation, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); In re Graham-Field Health

Products, Inc. Securities Litigation, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and Geer v. Cox, et al., Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

Prior to joining Wechsler Harwood, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Wechsler Harwood in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.

**William R. Weinstein**, a member of the Firm, has been litigating for almost 20 years, and has been responsible for all phases of lawsuits, from commencement of the action through trial, appeal and/or settlement. His focus has been complex corporate and commercial litigation, with a specialty representing plaintiffs in class actions, including securities and consumer fraud. Some favorably reported decisions in which Mr. Weinstein has been involved include: Broder v. MBNA Corp., 281 A.D.2d 369, 722 N.Y.S.2d 524 (1st Dept. 2001) (subsequent settlement valued in excess of $25 million); Rodney v. KPMG, 143 F.3d 1140 (8th Cir. 1998) (reversing grant of summary judgment ) ($13.9 million settlement against accountants in mutual fund securities fraud case); In re Avon Sec. Litig., 1998 U.S. Dist. LEXIS 18642 (S.D.N.Y. Nov. 19, 1998) (granting class certification) (trial completed November, 2001, awaiting verdict on securities fraud and contract claims for $145 million); In re Henry Hackel, 245 A.D.2d 124, 665 N.Y.S.2d 655 (1st Dep't 1997), appeal denied, 92 N.Y.2d 814, 681 N.Y.S.2d 474 (1998) (consolidated AMEX arbitration against broker/dealer on behalf of 97 claimants arising out of options Ponzi scheme) (award in excess of $825,000 after more than 15 hearing days); Winston v. Mezzanine Investments, L.P., 648 N.Y.S.2d 493 (Sup. Ct. N.Y. County 1996) (awarding judgment in excess of $10 million after trial for breach

of partnership agreement); and <u>Krouner v. American Heritage Fund</u>, 1996 U.S. Dist. LEXIS 9783 (S.D.N.Y. July 15, 1996) (sustaining complaint alleging securities fraud by mutual fund).

A substantial number of his other successes in consumer and securities class actions are unreported.  <u>See, e.g.</u>, <u>Winn v. Symons Int'l Group, Inc., et al.</u>, IP 00-0310-C-B/S (S.D. Ind. Feb. 19, 2002) (denying all of the individual, corporate and accounting defendants' motions to dismiss plaintiffs' Section 10(b) class action complaint); <u>In re Verizon Three Way Calling Litig.</u>, No. 603484-01 (Supreme Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); <u>Greenwald v. Manhattan Life Ins. Co.</u>, No. 604758-99 (Supreme Ct. N.Y. County) (class action settlement providing 50%-100% refund of excessive smoker life insurance rates charged to non-smoker class members); <u>Duke v. ReliaStar Life Ins. Co.</u>, No. CT 99-08254 (MN. D. Ct. Hennepin County) (settlement in principle in multi-million dollar vanishing premium insurance case after court denied defendant's motion to dismiss from bench) (argued by William R. Weinstein); <u>In re Del-Val Sec. Litig.</u>, Master No. MDL 872 (S.D.N.Y.) (combined $5.5 settlement against underwriters and accountants.

**Jeffrey M. Norton,** a member of the Firm, graduated with honors from Arizona State University in 1992 where he also earned a Junior Fellowship position within the Political Science Department.  Mr. Norton graduated <u>cum laude</u> from Pace University School of Law in 1997 where he received a Dean's Grant as well as a Public Interest Law Scholarship for his work with the Center for Constitutional Rights in New York City and Pace University's Social Justice Center.

Mr. Norton has played a key role in numerous securities and ERISA actions in which substantial benefits were conferred upon class members, including <u>In re Royal Dutch/Shell Transport ERISA Litigation</u>, (D.N.J.) (creation of a settlement fund of $90 million plus implementation of

structural relief).  Prior to joining Wechsler Harwood, Mr. Norton represented both plaintiffs and defendants in a wide range of commercial and civil litigation matters, including civil rights, voting rights, mass tort and complex class action litigation, and professional liability litigation. He drafted supplement to Paul D. Rheingold, MASS TORT LITIGATION (1996) and assisted in litigating the seminal voting rights case of Goosby v. Town Board of the Town of Hempstead, 981 F. Supp. 751 (E.D.N.Y. 1997), aff, 180 F.3d 476 (2d. Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Mr. Norton is admitted in the State Courts of New York and Connecticut as well as the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan, and the United States Court of Appeals for the Fourth Circuit.

**Joshua D. Glatter**, an associate at the Firm, graduated with academic distinction from the State University of New York at Binghamton in 1991. He received his J.D. from the University of Pennsylvania Law School.  Mr. Glatter is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York.  Following his law school graduation, Mr. Glatter served as a law clerk to the Honorable Tina L. Brozman, former chief Judge for the United States Bankruptcy Court for the Southern District of New York.  After his clerkship, and prior to joining the Firm, Mr. Glatter represented both plaintiffs and defendants in a variety of complex commercial, securities, class action and  white collar criminal litigation.

**Dana B. Rubin**, an associate of the firm, graduated with honors from the University of Maryland, College Park in 1993.  She received her J.D. in 1999 from Fordham University School of Law, where she was an Associate Editor on the Intellectual Property, Media & Entertainment Law Journal. Prior to joining Wechsler Harwood, Ms. Rubin represented both plaintiffs and defendants

11

in employment litigation and civil rights matters.  Ms. Rubin is admitted in the State Courts of New York and the United States District Courts for the Southern and Eastern Districts of New York.  She is a member of the New York State Bar Association and the American Bar Association.  Since joining Wechsler Harwood, Ms. Rubin has concentrated her practice on complex securities matters.

**Peter W. Overs, Jr.**, an associate of the firm, was admitted to the New York Bar in 1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995.  He is a graduate of St. Johns University (J.D., 1993) and  New York University (B.A., magna cum laude, departmental honors in Philosophy, 1990).  Mr. Overs authored "*U.S. v. Fagg*: Stretching the Bounds of Privacy," 66 St. Johns L. Rev. 1193 (1993).  He is a member of the Association of the Bar, City of New York.  Upon graduation from law school, Mr. Overs served as law clerk to the Honorable Paul J. Kelly, Jr., Circuit Judge, Unites States Court of Appeals for the Tenth Judicial Circuit.  Prior to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in antitrust and securities class actions, complex commercial litigation and federal appeals.

The efforts of **Stuart D. Wechsler**, a founding member of and of counsel to the Firm, in the area of securities litigation have received considerable judicial comment.  U.S. District Court Judge Alvin K. Hellerstein commented in Doney v. Command Systems (98 Civ. 3279), in an opinion dated August 10, 1999 "I don't think it needs my comment to note that, Mr. Wechsler, you are a senior and most respected and most competent member of the securities class action bar.  I would take it as a given your hours are worth the rates that you charge and that the hours that you have put in reflect the efficiency with which you work."  In a report dated May 23, 1977, in Bucher v. Shumway, 76 Civ. 2420 (S.D.N.Y.), United States Magistrate Leonard Bernikow stated that "Stuart Wechsler . . . is a leading expert in securities class action litigation."

In <u>Langert v. Q-1 Corporation</u>, [1973-74 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 94,445 (S.D.N.Y. 1974), a case that Mr. Wechsler prosecuted while at his prior firm, Goodkind, Wechsler, Labaton & Rudoff, Judge Carter of the Southern District of New York stated in a decision certifying the class:

> Counsel for plaintiff are experienced in securities law and class action litigation and will adequately protect the interest of the class.

Judge Lasker, in <u>Rosengarten v. International Telephone and Telegraph Corp.</u>, [1981 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,876 (S.D.N.Y. 1981), an action in which Mr. Wechsler supervised Goodkind, Wechsler's participation on behalf of the plaintiff class stated:

> [C]ounsel [are] attorneys of experience and repute in the field of stockholder and derivative actions . . . they served the corporation and its stockholders with professional competence, "admirable diligence", imagination and tenacity. They contributed to the improvement of the company's procedures and performed a service to both the company and to the stockholders.

Mr. Wechsler also led the team of attorneys that successfully prosecuted the class action, <u>Park Lane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322 (1979), to a landmark decision in federal civil procedure. He was also the responsible partner in <u>Van Gemert v. Boeing</u>, one of the earliest actions maintained as a class action under the then newly amended Federal Rules of Civil Procedure and one of the very few securities class actions ever to go to trial and judgment. Moreover, Mr. Wechsler played an integral role in obtaining a landmark Supreme Court decision in an important phase of that action. <u>See</u> <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472 (1980).

13

# EXHIBIT B

**WECHSLER HARWOOD LLP**
**Summary of Lodestar**

| Name | Total Hours | Hourly Rate | Total Lodestar |
|------|------------|-------------|----------------|
| Robert I. Harwood (Partner) | 4.00 | $600 | $2,400.00 |
| Jeffrey M. Norton (Partner) | 6.80 | $425 | $2,890.00 |
| Glenn C. Mariamo (Paralegal) | .40 | $200 | $    80.00 |
| Taras A. Sawchuk (Law Clerk) | 10.40 | $180 | $1,872.00 |
| Virglio Soler (Paralegal) | 1.00 | $175 | $   175.00 |
| **TOTAL LODESTAR** | 22.60 | | $7,417.00 |

# EXHIBIT C

**WECHSLER HARWOOD LLP**
**Summary of Expenses**

| Description | Amount |
|---|---|
| Copies | $ 94.00 |
| Federal Express | $ 48.41 |
| Filing Fees | $250.00 |
| Pacer | $ 2.72 |
| Local Transportation | $ 4.00 |
| Postage | $ .37 |
| United Lawyers Service | $ 7.68 |
| **TOTAL DISBURSEMENTS:** | $407.18 |

Wechsler Harwood LLP
488 Madison Avenue
New York, NY  10022


Invoice submitted to:
In re Sony BMG Consumer Class Action



March 24, 2006


Invoice #  10007


Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| | **Harwood** | | |
| 12/19/2005 | Telephone call with and correspondence to co-counsel; conference with firm attorney; work on complaint in SDNY; telephone calls with S. Kamber, M. Kelly. | 2.00 | |
| 12/20/2005 | Attention to correspondence with M. Kelly, S. Kamber. | 0.30 | |
| 12/29/2005 | Analysis of defendants' MDL motion. | 0.40 | |
| 12/30/2005 | Analysis of consolidated amended class action complaint. | 0.50 | |
| 1/5/2006 | Attention to motion to transfer and consolidate; correspondence to M. Kelly re same. | 0.50 | |
| 1/9/2006 | Attention to additional defense MDL filings. | 0.30 | |
| | SUBTOTAL: Harwood | [        4.00 | 2,400.00] |
| | **Mariano** | | |
| 3/21/2006 | Case administration: conference with firm attorneys regarding time and expense reports; prepare time and expense reports. | 0.40 | |
| | SUBTOTAL: Mariano | [        0.40 | 80.00] |

In re Sony BMG Consumer Class Action

Page 2

| | | Hours | Amount |
|---|---|---|---|

**Norton**

| 12/19/2005 | Drafting complaint; case research; telephone call with and e-mail correspondence with M. Kelly re: case, venue, strategy; conference with RIH re: same. | 6.80 | |
|---|---|---|---|
| | SUBTOTAL: Norton | [  6.80 | 2,890.00] |

**Sawchuk**

| 12/19/2005 | Process new case report; prepare Court paperwork for filing new action; expedite dispatch to Court. | 3.50 | |
|---|---|---|---|
| 1/5/2006 | Attention to new case opening. | 1.50 | |
| 1/6/2006 | Attention to MDL matters; index, compile pleadings, review proofs of service; prepare PDFs; ECF file. | 3.20 | |
| 1/9/2006 | PDF, e-file proofs of service; telephone conference Court Clerk; arrange filing of originals. | 2.20 | |
| | SUBTOTAL: Sawchuk | [  10.40 | 1,872.00] |

**Soler**

| 12/19/2005 | Attend to filing of complaint in S.D.N.Y. | 1.00 | |
|---|---|---|---|
| | SUBTOTAL: Soler | [  1.00 | 175.00] |
| | For professional services rendered | 22.60 | $7,417.00 |
| | Balance due | | $7,417.00 |

Wechsler Harwood LLP
488 Madison Avenue
New York, NY  10022

Invoice submitted to:
In re Sony BMG Consumer Class Action

March 24, 2006

Invoice #  10001

Additional Charges :

|  | Amount |
|---|---|
| CARFARE | 4.00 |
| COPIES | 94.00 |
| FED EXPRESS | 48.41 |
| FILING FEE | 250.00 |
| PACER COURTS | 2.72 |
| POSTAGE | 0.37 |
| UNITED LAWYERS | 7.68 |
| Total costs | $407.18 |
| Balance due | $407.18 |