UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SONY BMG CD
TECHNOLOGIES LITIGATION

CASE NO: 1:05-cv-09575-NRB

DECLARATION OF JENNIFER SARNELLI IN SUPPORT OF PLAINTIFFS' CLASS COUNSELS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

I, JENNIFER SARNELLI, hereby declare as follows:

1. I am an attorney in good standing duly licensed and admitted to practice in the States of New Jersey, New York, Washington D.C., and the United State District Court Southern District of New York. I am an associate at Wilentz, Goldman & Spitzer, P.A., counsel of record for Plaintiff DeMarco in *DeMarco v. Sony BMG*, Docket No. 1:05-10825. A true and correct copy of the firm resume is attached hereto as Exhibit A and incorporated by reference herein.

2. I submit this declaration in support of Plaintiffs' Class Counsels' application for attorneys' fees and reimbursements of expenses in the above entitled matter. The testimony set forth in this declaration is based on first hand knowledge, about which I would and could

testify competently in open court if called upon to do so, and on contemporaneously generated records kept in the ordinary course of business.

3. The total number of professional hours expended in the litigation by Wilentz, Goldman & Spitzer, P.A. is 62.10. The total lodestar amount for attorney's time expended by Wilentz, Goldman & Spitzer, P.A. in the course of the litigation, based upon current rates, is $19,286.50. The chart attached hereto as Exhibit B was prepared by me and presents a summary of the time spent from November 14, 2005 through March 16, 2006 on the litigation by attorneys. The chart includes the name of each attorney who has worked on the case, his or her current hourly billing rate and the number of hours expended by each professional on the matter. The time reflected in this declaration was time actually spent, in the exercise of reasonable judgment, by the laws and staff involved, and includes, but is not limited to: communications by and between counsel and plaintiff; communications amongst co-counsel; drafting correspondence, emails, pleadings; review and responses to co-counsel's work, proposed settlements; conferences with co-counsel; and legal research. My firm was careful not to expend unnecessary hours and did not do duplicate work done by others.

4. This firm expended a total of $497.06 in unreimbursed expenses in connection with prosecution of the litigation on behalf of Darren DeMarco. The expenses incurred in this case are reflected in the books and records of the firm. These books and records are prepared from expense vouchers, check records, and other contemporaneously-recorded billing records, are an accurate record of expenses incurred in this litigation. The chart attached hereto as Exhibit C, also prepared at my direction, details these expenses.

I hereby declare that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 24, 2006

_____
Jennifer Sarnelli

Exhibit A







WILENTZ GOLDMAN & SPITZER

Commitment to make a difference™

Wilentz, Goldman & Spitzer is a name that has become synonymous with law firm excellence and the commitment to make a difference for the businesses and individuals it serves. We have a distinct and remarkable history, with our proud heritage distinguished as much by the spirit of our founder as by our size and stature.

| 1919 | 1935 | 1956 | 1965 | 1975 | 1979 | 1979 | 1979 | 1982 |
|---|---|---|---|---|---|---|---|---|

David T. Wilentz founds the firm that will become Wilentz, Goldman & Spitzer in Perth Amboy, N.J. His sons, Robert N. Wilentz and Warren W. Wilentz, follow in his footsteps as attorneys.



As New Jersey state attorney general, David T. Wilentz prosecutes the world's most notorious case, the Lindbergh Baby Kidnapping, in Flemington, N.J.



Warren W. Wilentz is appointed county prosecutor of Middlesex County, N.J.

On a pro bono basis, the firm represents 10 families before the New Jersey Supreme Court, saving their homes from a so-called "title raider."

The firm represents a national oil company in a major modernization of its Perth Amboy, N.J., refinery.



Robert N. Wilentz, who served the firm as managing partner, is named chief justice of the New Jersey Supreme Court, providing leadership until his retirement in 1996.

The Three Mile Island accident threatens the electric industry and the firm defends the Board of Public Utilities' treatment of the investment.



The firm represents the owner of Caesars Palace Casino in obtaining a license for the second casino built in Atlantic City, N.J.



The firm successfully litigates the rights of its client to develop the Great Adventure Amusement Park in Jackson, N.J.



# A Tradition of Making a Difference

The firm was founded in 1919 by David T. Wilentz, a man of uncommon determination and an icon of the legal profession. By 1935, he had become New Jersey's attorney general, during which time he prosecuted what was then the world's most sensational case, the Lindbergh Kidnapping. Books, movies and news accounts document his tenacity, legal acumen and integrity. Those early lessons were not lost on the firm's future members. Inspired by the leadership of David T. Wilentz, and committed to delivering effective legal services to both large and small businesses and to individuals, the firm prospered and earned a place of prominence in the New Jersey legal community.

From its humble beginnings, with offices over a storefront, to its own 11-story building at the crossroads of New Jersey, with state-of-the-art information technology systems, the firm has earned a stellar reputation as a formidable advocate and astute advisor in business. As it has grown to offer its services throughout its offices in New Jersey, New York and Pennsylvania, it continues to remain linked to all of the people and legal resources at the main office through those valuable technology systems. Despite growth, the firm's culture and core values have not changed — competent, effective and practical legal services for the firm's business clients and individual clients — one by one — generation to generation.

The depth and breadth of the capabilities of our firm's lawyers are noteworthy. Presidents, senators, governors and mayors have relied upon firm attorneys for nearly a century. From its ranks of talented lawyers have come bar association presidents, numerous Superior Court judges, prosecutors, members of judicially-appointed committees, policymakers, authors, and professors. In fact, Wilentz, Goldman & Spitzer has had four of its attorneys serve as justices of the New Jersey Supreme Court, one of the country's most influential Supreme Courts, including Robert N. Wilentz, who from 1979 to 1996 presided as its chief justice.

Grounded in community and rich in history, the firm continues to provide legal services to individuals and businesses. It has represented clients who have shaped and reshaped our landscapes and cityscapes; financed and built commercial and residential developments, schools and hospitals; and delivered the utilities necessary to sustain growth in our state. Whether helping to form a start-up business, structuring a merger of existing businesses, negotiating buyouts, preparing a public stock offering, or resolving business disputes through litigation or mediation, the firm's lawyers provide legal acumen combined with practical experience and proven strategies to gain a competitive edge.

## 1980s

| 1984 | 1985 | 1985 | 1985 | 1987 | 1987 | 1988 | 1990 | 1991 |

- 1984: The firm represents Amerada Hess Corporation in a significant expansion of its Port Reading, N.J., refinery.
- 1985: The firm represents supermodel Christina Ferrare in various matters, including the infamous DeLorean divorce case, and receives national media attention.
- 1985: The firm opens a Monmouth County, N.J., office.
- 1985: The firm negotiates a $40 million Urban Development Action Grant for Jersey City, N.J., and another $35 million in related federal funding for the Newport Redevelopment Project.
- 1987:  The firm moves its main office to its current location at the David T. Wilentz building in Woodbridge, N.J., and also opens an office in New York City.
- 1987: The New York Times comes to Edison, N.J., and the firm obtains zoning and other regulatory approvals to convert a 1,000,000 sq.-ft. building into one of the world's largest printing plants.
- 1988:  David T. Wilentz passes away.
- 1990:  Matthias D. Dileo, who served as the firm's managing partner for nearly 20 years, is named president of the New Jersey State Bar Association (NJSBA).
- 1991: The firm recovers $17.9 million on behalf of workers injured from exposure to asbestos in its first Consolidated Brooklyn Navy Yard Trial.

*Commitment to make a difference*



In addition, Wilentz lawyers provide individuals advice, representation and access to the justice system. Whether counseling individuals who have been injured or whose health has been wrongfully compromised, whose marriages are at risk, whose disputes require judicial intervention, or helping families plan for the future when they will need to pass their estates on to loved ones, Wilentz lawyers possess the skills necessary to make a difference in the lives of their clients and are committed to making that happen.

This commitment to clients and to excellence of work product has resulted in Wilentz, Goldman & Spitzer lawyers being continuously acknowledged in their areas of practice. They have been recipients of countless local, state and national awards from professional associations, organizations and consumer groups. They are frequently sought out for teaching and lecturing positions for members of the bar and for the general public. Their commitment to the community has also resulted in recognition of the firm's myriad of charitable sponsorships and initiatives, free legal services to the poor and indigent, and individual attorney involvement as leading volunteers for various not-for-profit boards and foundations. The firm has also maintained as another core value a public commitment that is reflected by its participation in public entities and involvement in local, state and federal government.

Practicing law, teaching the law, and shaping the law is what we do. We are proud of our heritage and cherish our client relationships. All of us at Wilentz, Goldman & Spitzer are dedicated to maintaining the reputation, service and results our clients have come to expect and that is our Commitment to Make a Difference.



www.wilentz.com

We invite you to sign on to our web site to learn more about the service areas of Wilentz, Goldman & Spitzer. It is innovative, highly interactive, easy to navigate, and gives clients and other visitors access to up-to-the-minute legal information every day.

---

**1992**  The firm participates in the Sica case before the New Jersey Supreme Court, helping to make it easier to procure zoning approvals for inherently beneficial uses such as churches, hospitals, nursing homes and utilities.

**1995**   Frederic K. Becker is named president of The Association of the Federal Bar of the State of New Jersey.

**1996**  The firm successfully defends the new system of deregulation of telecommunications in New Jersey in the Appellate Division of the Superior Court of New Jersey.

**1997**  In a case involving excessive police force, the firm wins a $17.5 million verdict, the largest ever awarded to an individual plaintiff in a federal civil rights case.

**1999**   The firm serves on the litigation team that negotiates a $3.75 billion landmark class action settlement on behalf of people claiming injury by the diet drug popularly known as Fen-Phen.

**1993**   The firm recovers approximately $110 million for workers injured by asbestos at New York power plants in the first New York Powerhouse Consolidation.

**1996**   After the Telecommunications Act of 1996, the firm litigates Verizon New Jersey's interconnection agreements with AT&T and other competing carriers and, during this time, a firm attorney serves as the company's general counsel.

**1998**   The firm is part of the litigation team representing New Jersey against the tobacco industry, helping to achieve a landmark settlement of $7.6 billion for its citizens.

**1999**  Alan B. Handler, former associate justice of the New Jersey Supreme Court, joins the firm and later heads the investigation of operations of the New Jersey Division of Motor Vehicles.



# Our Services at a Glance

**Business Services**

Appellate Practice

Banking & Financial Services

Bankruptcy & Creditors' Rights

Brokerage Commission & Securities Litigation

Business Law

Casino Law

Commercial Litigation

Commercial Real Estate

Computer & Related Technology

Construction Industry Law

Corporate Finance

Education Law

Employee Benefits

Employment Law

Energy, Telecommunications, Water & Public Utilities

Franchise Law

Healthcare

Intellectual Property

Land Use/Environmental

Public Finance

Public Utilities

Redevelopment

Regulatory Law

Tax

**Personal Services**

Class Actions

Criminal Law/Civil Rights

Employment Law

Family Law

Personal Injury

Toxic & Environmental Injury

Trusts & Estates

Workers' Compensation

---



**2000** — RWE, an international utility company, acquires the American Waterworks Company, a merger on which the firm provides regulatory counsel in New Jersey and other states across the United States.

**2001** — During a trend to bring market forces to the electric industry, the firm counsels PSE&G as it develops its plan and later successfully defends the plan in appeals through the New



**2001** — The firm helps establish Trial Lawyers Care, one of the largest pro bono efforts in U.S. history, assisting victims of the 9/11 terrorist attacks who make claims under the



**2002** — The firm opens its office in Philadelphia.



**2002** — Barry T. Albin, a partner of the firm, is nominated and later sworn in as an associate justice of the New Jersey



**2004** — Stuart A. Hoberman is named president-elect of NJSBA, and in 2005 becomes the second firm partner named NJSBA president.

**2004** — Leading the way in revolutionary technology, the firm launches an interactive web site that provide consumers with up-to-date legal information, via the Internet.



# Exhibit B

| Date | Tkpr | Hrs | Rate | Total | Narrative |
|---|---|---|---|---|---|
| 11/14/2005 | KIZISL | 5.80 | 400.00 | 2,320.00 | Review of documents |
| 11/14/2005 | SARNEJ | 4.20 | 275.00 | 1,155.00 | meeting with Steve and Mike Raff, P Tort, M. Halbfish and Lynne re potential case to be filed against Sony BMG and research in E-Commerce on COAs |
| 11/15/2005 | KIZISL | 3.20 | 400.00 | 1,280.00 | Research for causes of action in Complaint |
| 11/15/2005 | SARNEJ | 7.10 | 275.00 | 1,952.50 | legal research on COA including EULA and mail fruad as well as other federal electronic privacy acts, review of other class action with these COA and DoubleClick case |
| 11/16/2005 | SARNEJ | 0.40 | 275.00 | 110.00 | Telephone conferences with Tortoreti. |
| 11/17/2005 | KIZISL | 2.60 | 400.00 | 1,040.00 | Review and edit of Complaint & Filing |
| 11/17/2005 | SARNEJ | 6.30 | 275.00 | 1,732.50 | Drafted and Filed Class Action Complaint. Edited according to c-counsel comments, memos to/from co-counsel re same. |
| 11/18/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | memos to/from co-counsel re media coverage and details of defect |
| 11/19/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | memos to/from co-counsel re strategy |
| 11/21/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | review of e-filing and memo re Texas AG case |
| 11/22/2005 | RODDYK | 1.20 | 400.00 | 480.00 | Memos from/to J. Sarnelli and L. Kizis re new case filing and inquiry from plaintiffs' counsel. |
| 11/22/2005 | SARNEJ | 0.40 | 275.00 | 110.00 | memos to/from co-counsel on case strategy and service |
| 11/23/2005 | SARNEJ | 0.10 | 275.00 | 27.50 | review of memo from Halbfish |
| 12/1/2005 | SARNEJ | 0.80 | 275.00 | 220.00 | research on Buchwald class decisions, call with Kambler re his case and transfer issues |
| 12/2/2005 | KIZISL | 1.10 | 400.00 | 440.00 | Conference call w/co-counsel on transfer and research on Spitzer potential filing. Discussions re: transfer & memos |
| 12/2/2005 | SARNEJ | 1.10 | 275.00 | 302.50 | conference call with co-counsel on transfer and research on Spitzer potential filing, discussions re transfer, memos re same |
| 12/3/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | memos to from co-counsel re follow up on call and transfer decision |
| 12/4/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | memos to/from co-counsel |
| 12/5/2005 | KIZISL | 1.10 | 400.00 | 440.00 | Review of memo from co-counsel and discussions re: MDL & Sony potential consolidation |
| 12/5/2005 | SARNEJ | 1.10 | 275.00 | 302.50 | review of memo from co-counsel and discussions re mdl and sdny potential consolidation |
| 12/9/2005 | SARNEJ | 1.10 | 275.00 | 302.50 | memo to Scott Kamber re case, memos to/from co-counsel re same, call with Phil re his call with Kamber |
| 12/11/2005 | SARNEJ | 1.80 | 275.00 | 495.00 | research on forum or venue transfer by plaintiff to consolidate with SDNY case, communications with co-counsel re case and decisions regarding transfer and discussions re potential settlement |
| 12/12/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | communications with co-counsel re case and decisions regarding transfer |
| 12/13/2005 | SARNEJ | 0.30 | 275.00 | 82.50 | communications with co-counsel re settlement criteria and finalizing decision to merge with SDNY case |
| 12/16/2005 | SARNEJ | 1.80 | 275.00 | 495.00 | memos to/from co-counsel re transfer, forms search, drafting transfer stip and order, memo to opposing counsel re transfer & filing |
| 12/19/2005 | SARNEJ | 0.40 | 275.00 | 110.00 | e-filing stipulation of venue transfer |
| 12/22/2005 | SARNEJ | 0.30 | 275.00 | 82.50 | Memo follow up w/co-counsel |
| 12/23/2005 | SARNEJ | 1.60 | 275.00 | 440.00 | Memos to Scott Kamber re status and memos to/from co-counsel re transfer drafting transfer order. |
| 12/27/2005 | SARNEJ | 0.20 | 275.00 | 55.00 | Memo to Scott Kamber. |
| 12/28/2005 | SARNEJ | 0.50 | 275.00 | 137.50 | Memos to/from Kamber re conf. and transfer to SDNY. |
| 12/29/2005 | SARNEJ | 2.40 | 275.00 | 660.00 | Review of media re settlement, review of preliminary settlement papers, memos w/co-counsel re same. |
| 12/30/2005 | SARNEJ | 0.10 | 275.00 | 27.50 | Memos w/co-counsel re settlement. |
| 1/6/2006 | SARNEJ | 6.30 | 285.00 | 1,795.50 | travel to and attendance at preliminary settlement hearing and review of settlement documents. memos to from co-counsel and call with co-counsel |
| 1/13/2006 | SARNEJ | 1.10 | 285.00 | 313.50 | filing papers with MDL panel |
| 1/15/2006 | SARNEJ | 0.30 | 285.00 | 85.50 | memo to co-counsel re status and MDL filing |
| 1/16/2006 | KIZISL | 1.50 | 415.00 | 622.50 | Review settlement and papers being filed with the court; conference with co-counsel |
| 2/2/2006 | SARNEJ | 0.50 | 285.00 | 142.50 | review of fax re revisions to settlement. discussions with Lynne and Phil re same |
| 2/3/2006 | SARNEJ | 0.20 | 285.00 | 57.00 | Email to Tortoreti re: Ricciutti Objection |
| 2/3/2006 | SARNEJ | 0.20 | 285.00 | 57.00 | Email to co-counsel re: Ricciutti Objection |
| 2/7/2006 | SARNEJ | 0.30 | 285.00 | 85.50 | Emails to co-counsel re: Ricciutti Objection |
| 2/16/2006 | SARNEJ | 0.20 | 285.00 | 57.00 | review of MDL notice |
| 2/17/2006 | SARNEJ | 0.50 | 285.00 | 142.50 | memo to co-counsel re settlement terms |
| 2/27/2006 | SARNEJ | 0.30 | 285.00 | 85.50 | confernce call with co-counsel |
| 3/10/2006 | SARNEJ | 0.20 | 285.00 | 57.00 | Memos to co-counsel re MDL hearing. |
| 3/13/2006 | SARNEJ | 0.50 | 285.00 | 142.50 | Completed MDL oral argument waiver and served on all counsel. |
| 3/16/2006 | SARNEJ | 0.50 | 285.00 | 142.50 | confernce call with co-counsel |
| 3/20/2006 | SARNEJ | 0.20 | 285.00 | 57.00 | Memos w/Kamber re final settlement. |
| 3/21/2006 | SARNEJ | 0.40 | 285.00 | 114.00 | Memos to/from co-counsel requesting final time entries. |
| 3/23/2006 | SARNEJ | 0.70 | 285.00 | 199.50 | Compiling all time from all counsel and memo to Kamber re same |
| | | **62.10** | | **19,286.50** | |

# Exhibit C

| Date | Tkpr | Cost Code | H/S | Base Qty | Tobill Amt | Narrative |
|---|---|---|---|---|---|---|
| 11/16/2005 | SARNEJ | CRTF | H | 0 | $250.00 | PAYEE: Clerk The U.S. District Court; REQUEST#: 345930; DATE: 11/16/2005. |
| 12/16/2005 | PATEL1 | COPY | S | 17 | $1.70 | COMPLAINT FOR ATTY |
| 12/19/2005 | PATEL1 | COPY | S | 1 | $0.10 | SCANNING FOR ECF |
| 12/19/2005 | PATEL1 | SCAN | S | 1 | $0.05 | SCANNING FOR ECF |
| 12/19/2005 | PATEL1 | SCAN | S | 1 | $0.05 | SCANNING FOR ECF |
| 12/23/2005 | SARNEJ | FAXS | S | 4 | $6.00 | PLEADINGS |
| 12/23/2005 | SARNEJ | SCAN | S | 3 | $0.15 | PLEADINGS |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $0.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $0.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $0.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $2.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $17.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $46.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $0.00 | WESTLAW |
| 12/16/2005 | SARNEJ | WEST | S | 0 | $2.00 | WESTLAW |
| 12/28/2005 |  | PHON | S | 0 | $0.07 | Sarnelli 6446 |
| 12/28/2005 |  | PHON | S | 0 | $1.20 | Gabriel 5640 |
| 1/6/2006 | SARNEJ | WTNS | H | 0 | $69.95 | PAYEE: Guaranteed Subpoena Service; REQUEST#: 359527; DATE: 1/6/2006. |
| 1/13/2006 | SARNEJ | COPY | S | 251 | $25.10 | RESPONSE TO MOTION |
| 1/13/2006 | SARNEJ | FAXS | S | 7 | $10.50 | NOTICE OF APPEARANCE |
| 1/18/2006 | GOMMBM | FAXS | S | 2 | $3.00 | MNOTICEW OPFG APP |
| 1/13/2006 |  | UPSD | H | 0 | $9.59 | Judicial Panel on Multidist |
| 2/15/2006 | SARNEJ | COPY | S | 128 | $12.80 | NOTICE OF SETTLEMENT |
| 12/2/2005 | SARNEJ | OTEL | H | 0 | $39.20 |  |
| 3/23/2006 | SARNEJ | SCAN | S | 12 | $0.60 | TIME ENTRIES CHART |
|  |  |  |  |  | $497.06 |  |