UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SONY BMG CD
TECHNOLOGIES LITIGATION

Case No. 1:05-cv-09575-NRB

**AFFIDAVIT OF ELIZABETH C. PRITZKER IN SUPPORT OF CLASS COUNSEL'S MEMORANDUM IN OPPOSITON TO RICIUTTI REPRESENTATIVES' APPLICATION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**GIRARD GIBBS**
   **& De BARTOLOMEO LLP**
Daniel C. Girard (Pro Hac Vice)
Jonathan K. Levine (JL-8390)
Elizabeth C. Pritzker (Pro Hac Vice)
Aaron M. Sheanin (Pro Hac Vice)
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800

**KAMBER & ASSOCIATES LLC**
Scott A. Kamber (SK-5794)
19 Fulton Street, Suite 400
New York, NY 10038
Telephone: (212) 571-2000

*Class Counsel*

Elizabeth C. Pritzker hereby declares as follows:

1.    I am a partner in the firm of Girard Gibbs & De Bartolomeo LLP ("Girard Gibbs"), one of the two firms serving as Plaintiffs' Class Counsel in this matter.  My office is located at 601 California Street, Suite 1400, San Francisco, California 94108.  My business telephone number is (415) 981-4800.

2.    I am an attorney duly admitted to practice law before all state and federal courts in the State of California.  On January 23, 2006, this Court entered an order approving my admission to this Court, *pro hac vice*.  I make this affidavit in support of Class Counsel's Memorandum in Opposition to Riciutti Representatives' Application for Award of Attorneys' Fees and Reimbursement of Expenses ("Riciutti Counsel Fee Application").

3.    On April 6, 2006, Class Counsel filed a Joint Affidavit of Daniel C. Girard and Scott Kamber in Support of (1) Motion of Class Counsel for Final Approval of Class Action Settlement, and (2) Motion of Class Counsel for Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to Named Plaintiffs ("Joint Affidavit").  The Joint Affidavit provides the sworn testimony of counsel setting forth the history of the case, and Class Counsel's role in the litigation from inception through preliminary approval of settlement.  This declaration provides additional history as relevant to respond to the Riciutti Counsel Fee Application.  The following statements are based on personal knowledge and Class Counsel's investigation and review of the files in *In Re Sony BMG CD Technologies Litigation*, Case No. 1:05-cv-09575-NRB (S.D.N.Y.), unless noted.

**CLASS COUNSEL'S OFFER TO ASSIGN SPECIFIED WORK TO EFF IS REJECTED**

4.    Riciutti Counsel assert that Class Counsel entered into an agreement with EFF to "delegate" to EFF certain monitoring activities specified in the Settlement Agreement, and that

2

EFF was "misled" into signing the Agreement by the promise of delegated responsibilities by Class Counsel. Both assertions are meritless. The Settlement Agreement, to which EFF is a signatory, provides at Paragraph II.I that "Plaintiffs' Class Counsel may, at their sole option, delegate certain responsibilities under this Settlement Agreement, including, without limitation, those responsibilities described in Sections III.I-M, III.Q, IV.B(3)(e) and IV.B(4)." The underlined portion of this provision, agreed to by EFF and Riciutti Counsel, reflects the settling parties' agreement that the decision, if any, to delegate, or not to delegate, responsibilities to others rests with Class Counsel. As for the contention that EFF was misled into signing the Settlement Agreement, Paragraph XI.P of the Settlement Agreement binds the parties to the express terms of the Settlement Agreement and makes clear that there can be no agreements or understandings other than those contained in the Agreement.

5.    Class Counsel did discuss with EFF, both at the December 18th meeting with Sony BMG in New York, and in subsequent email exchanges, Class Counsel's willingness to draw upon EFF's interest in DRM and related issues to assist in certain administrative aspects of the settlement. These discussions did not result in a formal delegation of authority to EFF.

6.    Despite the clarity provided by the Settlement Agreement, in order to avoid a threatened motion by Riciutti Counsel, on February 13, 2006, Class Counsel wrote to EFF and proposed a meeting to discuss the areas of work Class Counsel might assign to EFF, going forward, and a protocol for the efficient performance of any tasks to be assigned to EFF to avoid unnecessary duplication of effort by Riciutti Counsel. A true and correct copy of my February 13, 2006 letter is attached as Exhibit A hereto.

7.    Class Counsel met with EFF and Riciutti Counsel at our offices on February 27, 2006, where we discussed a protocol to allow EFF to assist Class Counsel in certain monitoring activities specified in the Settlement Agreement, namely those described in Paragraphs III.Q.,

3

IV.B(3), and IV.B(4), and to perform those tasks under the supervision and direction of Class Counsel as required by CMO No. 1. On March 17, 2006, Class Counsel sent a letter agreement to EFF, in which Class Counsel proposed to give EFF responsibility for performing these specified monitoring tasks under Class Counsel's supervision. A true and correct copy of my March 17, 2006 letter is attached as Exhibit B hereto.

8.    EFF did not execute or return the March 17, 2006 letter agreement to Class Counsel. Instead, on or about April 3, 2006, EFF sent Class Counsel an email in which EFF declined to perform certain work, proposed to be assigned additional work, and rejected Class Counsel's proposal that any assignment of work to EFF be performed under the supervision and direction of Class Counsel as required by CMO No. 1. A true and correct copy of EFF's April 3, 2006 email is attached as Exhibit C hereto.

9.    On April 5, 2006, Class Counsel wrote EFF a letter setting forth Class Counsel's understanding that EFF had rejected the terms and conditions of Class Counsel's March 17, 2006 letter. Class Counsel confirmed this understanding in a subsequent email exchange with EFF on April 17, 2006. A true and correct copy of my April 5, 2006 letter, and the April 17, 2006 email exchange with EFF, are attached hereto as Exhibits D and E, respectively.

## CLASS COUNSEL DID NOT AUTHORIZE OR APPROVE WORK BY RICIUTTI COUNSEL TO NEGOTIATE THE TEXT OR DESIGN OF BANNER NOTICE

19.    Class Counsel strongly disagree with Riciutti Counsel's assertion that it "negotiated the banner notices' look and feel" with Sony BMG after the Settlement Agreement was signed. Joint Decl. of Riciutti Counsel, at ¶ 50. What actually happened is that on January 4, 2006, at Riciutti Counsel's request, Class Counsel shared with Riciutti Counsel three forms of banner notification that Class Counsel had been negotiating with Sony BMG. On January 19,

4

2006, Riciutti Counsel forwarded to Class Counsel and to Sony BMG an alternative form of banner notification, which Riciutti Counsel had apparently developed with a paid consultant.

20.     Class Counsel did not authorize Riciutti Counsel to incur time and expense developing these alternative banner notifications, and at no time approved the hiring of a paid consultant for this purpose.  I am informed and believe that Sony BMG rejected the alternative banner notification design and language proposed by Riciutti Counsel, as inappropriate, and adopted the banner notification negotiated with Class Counsel as a means of providing an additional form of settlement notice to class members who had purchased CDs equipped with this functionality.

## REVIEW OF RICIUTTI COUNSEL TIME AND EXPENSE RECORDS

21.     Under my direction and supervision, paralegal staff of my firm reviewed the time records submitted by each of the law firms and attorneys submitted by Riciutti Counsel, and prepared summaries of the time reflected in those records by specified categories.  I have reviewed these summaries, and the time records upon which they are based, and based on that review I believe them to be accurate.

22.     These summaries reveal, among other things, that Riciutti Counsel spent:

- Over 250 hours of attorney time – including more than 100 hours of partner time by the Green Welling firm, and 76 partner hours by the Lerach firm, and 80 hours by EFF – investigating, researching, drafting and filing four nearly identical complaints.

- Over $57,000 in expenses for experts, copying, filing and other costs associated with the preparation and filing of these complaints; and

5

- Approximately 26 partner hours – primarily by the Lerach firm – preparing the MDL petition and consolidating the Northern District of California actions.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of May, 2006 at San Francisco, California.

Elizabeth C. Pritzker

State of California        )
County of San Francisco )

On May 3, 2006, before me, Zackary M. Lyons, Notary Public, personally appeared Elizabeth C. Pritzker, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity on behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

ZACKARY M. LYONS
Commission # 1362719
Notary Public - California
San Francisco County
My Comm. Expires Jun 28, 2006

6

# EXHIBIT A

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY
PARTNERSHIP
*Attorneys at Law*

601 California Street, Suite 1400

San Francisco, California

94108-2805

Telephone:   (415) 981-4800

Facsimile:     (415) 981-4846

URL:     www.girardgibbs.com

February 13, 2006

**VIA FACSIMILE & U.S. MAIL**

Cindy Cohn
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA  94110
Fax No.: 415/436-9993

> **Re:**   **In re Sony BMG CD Technologies Litigation**
> **Case No. 1:05-cv-09575 (NRB)**

Dear Cindy:

We have reviewed your letter of February 7, 2006.

We find no merit to the assertion in your letter that Class Counsel (in the person of Scott and I) entered into an agreement with you to "delegate" to EFF the responsibilities described in your letter.  The Settlement Agreement, which you refer to in your letter several times, provides at Paragraph II.I that "Plaintiff's Class Counsel may, at their sole option, delegate certain responsibilities under this Settlement Agreement, including, without limitation, those responsibilities described in Sections III.I-M, III.Q, IV.B(3)(e) and IV.B(4)."  The underlined portion of this provision, agreed to by EFF and its co-counsel, reflects the settling parties' agreement that the decision, if any, to delegate, or not delegate, responsibilities to others rests with Class Counsel.

As for the contention that EFF was mislead into signing the Settlement Agreement, we invite your attention to paragraph XI.P of the Settlement Agreement.  Paragraph XI.P binds the parties to the express terms of the Settlement Agreement and makes clear that there can be no agreements or understandings other than those contained in the Agreement.  The integration clause expressly bars claims based on the purported communications you claim to have relied upon when you signed the Settlement Agreement.

We did discuss with you at the December 18 conference and in a subsequent email exchange our willingness to draw upon EFF's interest in DRM and related issues to assist in certain aspects of the administration of the settlement.  These discussions did not result in a formal delegation of authority to EFF.  We suggest a meeting to discuss the areas where we believe EFF can make a positive contribution going forward.  We will also want to agree on a

To:     Cindy Cohn
Re:     **In re Sony BMG CD Technologies Litigation**
        **Case No. 1:05-cv-09575 (NRB)**
February 13, 2006
Page 2


protocol for the efficient performance of any tasks EFF will be assigned and the avoidance of unnecessary duplication of effort. We will be pleased to host a meeting at our office at your convenience. Please let me know when you would like to come over.  If you will be accompanied by anyone else, please let me know in advance so that I can alert the security desk.

        Finally, I will note for the record our view that a number of statements in your letter are either grossly exaggerated or completely untrue.  As it is not clear that responding in writing to the various charges in your letter would serve any productive purpose, I will simply register our disagreement with the accusations in your letter and urge you to consider adopting a more restrained and collaborative tone in future communications.


                        Very truly yours,

                        **GIRARD GIBBS**
                        **& De BARTOLOMEO, LLP**

                        //s//  *Elizabeth C. Pritzker*

                        Elizabeth C. Pritzker


cc:   Scott Kamber, Esq.

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY
PARTNERSHIP

*Attorneys at Law*

601 California Street
Suite 1400
San Francisco, California
94108-2805

Telephone: (415) 981-4800
Facsimile:   (415) 981-4846
URL: www.girardgibbs.com

# FACSIMILE COVER PAGE

Date: February 13, 2006

| To | Firm | Fax # |
|---|---|---|
| Cindy Cohn | ELECTRONIC FRONTIER FOUNDATION | **(415) 436-9993** |
| Scott A. Kamber | KAMBER & ASSOCIATES LLC | **(212) 202-6364** |

From   :   Elizabeth C. Pritzker

Re   :   **In re Sony BMG CD Technologies Litigation**

Case Name/Code:   SONY:264

Number of pages (including cover page):   3

Message:

The information contained in this facsimile message is attorney-client privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. postal service.

```
*******************************
***   MULTI TX/RX REPORT    ***
*******************************

TX/RX NO          4174
PGS.              3
TX/RX INCOMPLETE  -----
TRANSACTION OK    (1)   4369993
                  (2)   12122026364
ERROR INFORMATION -----
```

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY PARTNERSHIP

*Attorneys at Law*

601 California Street
Suite 1400
San Francisco, California
94108-2805

Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
URL: www.girardgibbs.com

# FACSIMILE COVER PAGE

Date: February 13, 2006

| To | Firm | Fax # |
|---|---|---|
| Cindy Cohn | ELECTRONIC FRONTIER FOUNDATION | (415) 436-9993 |
| Scott A. Kamber | KAMBER & ASSOCIATES LLC | (212) 202-6364 |

From    :    Elizabeth C. Pritzker

Re      :    **In re Sony BMG CD Technologies Litigation**

Case Name/Code:    SONY:264

Number of pages (including cover page):    3

Message:

# EXHIBIT B

# GIRARD GIBBS & De BARTOLOMEO
A LIMITED LIABILITY
PARTNERSHIP
*Attorneys at Law*

601 California Street, Suite 1400

San Francisco, California

94108-2805

Telephone:   (415) 981-4800

Facsimile:    (415) 981-4846

URL:    www.girardgibbs.com

March 17, 2006

**VIA FACSIMILE AND MAIL:**

Cindy Cohn
Legal Director
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA  94110

> Re:    **In re Sony BMG CD Technologies Litigation**
> **Case No. 1:05-cv-09575 (NRB)**

Dear Cindy:

I am enclosing a draft work assignment letter, setting forth the specified areas of work that Class Counsel is prepared to assign to EFF, on a going-forward basis, per our discussion on February 27, 2006.

As you will note from the enclosed, we propose that EFF provide Class Counsel with a reasonably detailed timetable and proposed budget for assigned services before undertaking any of the tasks that we propose to assign to EFF.  If the enclosed proposal is acceptable, please transmit a timetable, budget, and a list of key personnel to be assigned to any specified tasks to me, at your earliest convenience.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

**GIRARD GIBBS**
**& De BARTOLOMEO, LLP**

Elizabeth C. Pritzker

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY
PARTNERSHIP
*Attorneys at Law*

601 California Street, Suite 1400      Telephone:   (415) 981-4800

San Francisco, California             Facsimile:    (415) 981-4846

94108-2805                            URL:    www.girardgibbs.com

March 17, 2006

Cindy Cohn
Legal Director
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA  94110

>      Re:   <u>**In re Sony BMG CD Technologies Litigation**</u>
>            **Case No. 1:05-cv-09575 (NRB)**

Dear Cindy:

Plaintiffs' Class Counsel, Girard Gibbs & De Bartolomeo LLP and Kamber & Associates, LLC ("Class Counsel"), are authorized by the Settlement Agreement entered in the above-referenced consolidated class action to assign specified work functions to other Plaintiffs' counsel, as appropriate.  The Electronic Frontier Foundation ("EFF"), given its experience with computer security and its public policy interest in digital rights management (DRM) issues, has expressed an interest in assisting Class Counsel in the performance of certain monitoring activities specified in the Settlement Agreement, namely those described in Paragraphs III.Q., IV.B.(3), and IV.B.(4) of the Agreement.

We are prepared to assign work to EFF within these specified areas in accordance with the recent discussion held at our offices.  At your request, we are setting out in this letter our expectations regarding the scope of the work we propose to assign to EFF, and the terms under which we are prepared to assign this work to EFF.

The services we would request that EFF perform are as follows:

1.      EFF will draft and submit to Class Counsel a proposal outlining additional methods for publicizing and disseminating the XCP Update, MediaMax Update, XCP Uninstaller and MediaMax Uninstaller, pursuant to Paragraph III.Q of the Settlement Agreement.  Class Counsel will explore and discuss those proposed methods with Sony BMG, and may include EFF in those discussions, as appropriate.

2.      EFF will review any proposed End-User Licensing Agreement ("EULA") associated with Content Protection Software manufactured by Sony BMG during the Injunctive Period, as described in Paragraph IV.B(3) of the Settlement Agreement, and provide a report to Class Counsel summarizing EFF's findings as to whether the EULA associated with the Content Protection Software accurately

To:      Cindy Cohn
Re:      **In re Sony BMG CD Technologies Litigation**
         **Case No. 1:05-cv-09575 (NRB)**
March 17, 2006
Page 2

>       describes the nature and function of the software, and does so in easily
>       understandable language.

3.      EFF will monitor and review any Content Protection Software associated with
        CDs manufactured by Sony BMG during the Injunctive Period for compliance
        with Paragraphs IV.B.3 (a)-(h) of the Settlement Agreement, and provide a report
        to Class Counsel summarizing EFF's findings regarding said compliance.

4.      EFF will monitor and review any Content Protection Software associated with
        CDs manufactured by Sony BMG during the Injunctive Period for any Suspected
        Security Vulnerability, and for compliance with Paragraphs IV.B.4.(a)-(f) of the
        Settlement Agreement, and provide a report to Class Counsel summarizing EFF's
        findings regarding said compliance.   In the event EFF, in the course of its
        monitoring and review function, determines that a Suspected Security
        Vulnerability exists, EFF will promptly document and report that Suspected
        Security Vulnerability to Class Counsel. As part of its report, EFF will identify
        any and all proposed means to cure, correct, or otherwise address the Suspected
        Security Vulnerability.   Class Counsel and EFF will meet in joint session with
        Sony BMG in the event a Suspected Security Vulnerability is determined to exist
        to advise Sony of the Suspected Security Vulnerability, and propose an
        appropriate course of action to promptly address the Suspected Security
        Vulnerability. If, in Class Counsel's judgment, the actions taken by Sony BMG
        are not appropriate or inadequate, Class Counsel, in consultation with EFF, will
        submit an application for judicial relief from the Court, pursuant to the Court's
        continuing jurisdiction over matters related to the Settlement Agreement.

It is our expectation that the following understandings will apply to the services to be
performed by EFF:

1.      EFF understands and agrees that the services to be provided are being assigned
        under the authority vested in Co-Lead Counsel by the Court's Case Management
        Order No. 1 and Hearing Order, and provided for the benefit of the Settlement
        Class in this matter.  EFF acknowledges that Class Counsel will exercise the
        supervisory responsibilities contemplated therein.    EFF understands that
        communications and reports to be provided to Class Counsel are protected by the
        attorney-client privilege and attorney work product doctrine, and EFF will treat all
        such materials as privileged and will not waive or compromise any privilege or
        claim of privilege without the prior approval of Class Counsel.  EFF further
        understands that it will cooperate and use all reasonable efforts to achieve
        approval of the settlement on behalf of the Settlement Class, in accordance with
        the terms of the Settlement Agreement, implement the settlement, and comply
        with and effectuate the terms of the Settlement Agreement, consistent with Class
        Counsel's and EFF's obligations under Paragraph XI.A of that Agreement.

To:     Cindy Cohn
Re:     **In re Sony BMG CD Technologies Litigation**
        **Case No. 1:05-cv-09575 (NRB)**
March 17, 2006
Page 3

      2.    EFF will select personnel sufficiently qualified to efficiently perform each of the tasks in question. EFF will notify Class Counsel in writing of the personnel assigned to do the work, and provide any necessary updates regarding personnel or staffing changes.

      3.    Before undertaking any of the tasks we propose to assign to EFF, you will provide a reasonably detailed timetable and budget proposal for the services to be provided. EFF will look solely to Defendants for any compensation for the services to be provided at the request of Class Counsel. Absent agreement to the contrary, Class Counsel will allocate reasonable attorney's fees to EFF for the services provided hereunder at the conclusion of the litigation. EFF retains the right to move separately for an award of attorney's fees or to object to any allocation made by Class Counsel.

Please indicate your assent to this proposal by your signature below.

                    Very truly yours,

                    **GIRARD GIBBS**
                    **& De BARTOLOMEO, LLP**

                    Elizabeth C. Pritzker

Agreed and accepted:

_____
**Electronic Frontier Foundation**
Cindy Cohn, Legal Director

Attorneys for Plaintiffs Tom and Yvonne Ricciutti, Mary Schumacher, Robert Hull, Joseph Halpin, and Edwin Bonner

# GIRARD GIBBS & De BARTOLOMEO

### A LIMITED LIABILITY PARTNERSHIP

*Attorneys at Law*

601 California Street
Suite 1400
San Francisco, California
94108-2805

Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
URL:  www.girardgibbs.com

# FACSIMILE COVER PAGE

|  |  |  |
|---|---|---|
| To | : | Cindy Cohn |
| Firm/Company: | | ELECTRONIC FRONTIER FOUNDATION |
| Tel. # | : | |
| Fax # | : | 415.436.9993 |
| | | |
| From | : | Elizabeth C. Pritzker |
| Date | : | March 17, 2006 |

Case Name/Code:   **In re Sony BMG CD Technologies Litigation**
SONY:264

Number of pages (including cover page):   <u>5</u>

<u>Message:</u>

The information contained in this facsimile message is attorney-client privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. postal service.

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              4271
CONNECTION TEL                    4369993
CONNECTION ID
ST. TIME             03/17 18:10
USAGE T              02'08
PGS. SENT               5
RESULT               OK
```

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY PARTNERSHIP

*Attorneys at Law*

601 California Street
Suite 1400
San Francisco, California
94108-2805

Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
URL: www.girardgibbs.com

# FACSIMILE COVER PAGE

To           :     Cindy Cohn
Firm/Company:      ELECTRONIC FRONTIER FOUNDATION
Tel. #  :
Fax #   :     415.436.9993

From  :     Elizabeth C. Pritzker
Date  :     March 17, 2006

Case Name/Code:     **In re Sony BMG CD Technologies Litigation**
                    SONY:264

Number of pages (including cover page):    5

Message:

# EXHIBIT C

## Elizabeth C. Pritzker

**From:** Cindy Cohn [cindy@eff.org]
**Sent:** Monday, April 03, 2006 10:41 AM
**To:** Elizabeth Pritzker
**Subject:** delegation agreement response

Dear Elizabeth,

We have had a chance to review your draft delegation agreement and believe that it needs some adjustments to better reflect our understanding of the agreement. Since you did not send it to me in electronic form, I detail the changes here. Please send me back a revised version reflecting these changes:

1. Class counsel will include EFF in discussions with Sony BMG about the proposed methods for publicizing and disseminating the Updates and Uninstallers.

2. Absent any meaningful ability to require Sony to incorporate requests regarding proposed EULA language, EFF does not see this function as likely to help consumers. Therefore, EFF does not believe it will be able to assist with respect to this provision.

3. EFF should be included in any discussions with Sony BMG should EFF determine that Sony has failed to comply with Paragraphs IV.B.3 (a)-(h), and not merely be charged with providing a report to Class Counsel.

4. EFF shall be notified if Sony BMG releases an update addressing a Confirmed Security Vulnerability (as defined Section II.F of the Settlement Agreement). Should Sony provide such notification to Plaintiffs' Class Counsel, Plaintiffs' Class Counsel agrees to forward that notification to EFF immediately.

5. EFF shall immediately receive any reports of Suspected Security Vulnerabilities provided to Class Counsel and shall be notified if, after the period specified in Section IV.B(4)(c) of the Settlement Agreement, Sony BMG determines it cannot effectively address a Confirmed Security Vulnerability. EFF shall participate in any meet and confer process with Sony BMG on an appropriate course of action; and EFF shall, after consultation with Class Counsel, seek relief from the Court if EFF does not believe that the actions taken by Sony BMG are appropriate. Should Sony notify Plaintiffs' Class Counsel of a Confirmed Security Vulnerability Plaintiffs' Class Counsel agrees to forward that notification to EFF immediately.

6. EFF shall receive information from SONY BMG regarding the total number of Settlement Class members who (i) downloaded the XCP Update (as described in Sections III.J of the Settlement Agreement), the XCP Uninstaller (as described in Sections III.K of the Settlement Agreement), the MediaMax Update (as described in Sections III.L of the Settlement Agreement) and the MediaMax Uninstaller (as described in Sections III.M of the Settlement Agreement), and (ii) submitted claims for the Incentives and/or MediaMax Compensation. Should Sony provide any of the above information to Plaintiffs' Class Counsel, Plaintiffs' Class Counsel agrees to forward that information to EFF immediately.

Please forward a revised agreement to me at your earliest convenience.

Cindy

*********************************************************
Cindy Cohn                        ---- Cindy@eff.org

Legal Director                    ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)

# EXHIBIT D

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY
PARTNERSHIP
*Attorneys at Law*

601 California Street, Suite 1400

San Francisco, California

94108-2805

Telephone:   (415) 981-4800

Facsimile:   (415) 981-4846

URL:   www.girardgibbs.com

April 5, 2006

**VIA FACSIMILE:**

Cindy Cohn, Legal Director
**ELECTRONIC FRONTIER FOUNDATION**
454 Shotwell Street
San Francisco, CA  94110

> Re:   **In re Sony BMG CD Technologies Litigation**
> **Case No. 1:05-cv-09575 (NRB)**

Dear Cindy:

This letter responds to your recent email concerning the work assignment proposal that we sent to EFF last month.

Although your email attempts to portray our proposal as a "draft," we transmitted that proposal to you as a final written expression of the scope of work that Class Counsel was prepared to assign to EFF, going forward.  Your email states that EFF does not wish to accept the task of assisting Class Counsel in the monitoring efforts described in Paragraph IV.B(3) of the Settlement Agreement concerning future EULAs.  With respect to other work assignments, you write that EFF desires to perform work in a leadership capacity outside of the structure contemplated by the Court's Case Management Order No. 1, which requires that assigned work be performed under the supervision of Class Counsel.  As we discussed at our group session in February, this supervisory function is a critical predicate to Class Counsel's assignment of work to other Plaintiffs' counsel.  As EFF is unwilling to accept this predicate, and does not wish to perform several specific assignments outlined in our proposal, we interpret your email as a rejection of our offer to assign work to EFF.

We note that your email comes some days after we received a letter from your co-counsel, Jeff Friedman, stating that the Ricciuti plaintiffs would file a separate application for attorneys' fees, and not join the fee application being prepared by Class Counsel.  To the extent that the timing of your email represents an attempt by EFF to secure some fee advantage for itself, we remind you that Class Counsel will resist every effort by counsel to put their own financial interests ahead of the interests of the Class.

Very truly yours,

**GIRARD GIBBS
& De BARTOLOMEO, LLP**

Elizabeth C. Pritzker

```
********************
***   TX REPORT   ***
********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4365 |
| CONNECTION TEL | 14154369993 |
| CONNECTION ID | |
| ST. TIME | 04/05 14:45 |
| USAGE T | 00'59 |
| PGS. SENT | 2 |
| RESULT | OK |

# GIRARD GIBBS & De BARTOLOMEO

A LIMITED LIABILITY
PARTNERSHIP

*Attorneys at Law*

601 California Street
Suite 1400
San Francisco, California
94108-2805

Telephone: (415) 981-4800
Facsimile: (415) 981-4846
URL: www.girardgibbs.com

# FACSIMILE COVER PAGE

To       :    Cindy Cohn
              Legal Director
              **ELECTRONIC FRONTIER FOUNDATION**
Fax #  :    (415) 436-9993

From   :    Elizabeth C. Pritzker
Date    :    April 5, 2006

Case Name/Code:

Number of pages (including cover page):     2

<u>Message:</u>

Please see attached.

# EXHIBIT E

## Elizabeth C. Pritzker

| | |
|---|---|
| **From:** | Elizabeth C. Pritzker |
| **Sent:** | Monday, April 17, 2006 10:50 AM |
| **To:** | 'Cindy Cohn' |
| **Subject:** | RE: Your email entitled delegation agreement response |


Cindy -

We have been experiencing problems with our server and email, so I am uncertain when the below email was posted or received.

Your email focuses in on the key issue regarding Class Counsel's offer to assign certain work to EFF.  We have repeatedly emphasized that any work assignments to plaintiff's counsel would be made, if at all, under the leadership structure approved by Judge Buchwald in the CMO and subsequent Hearing Order preliminarily approving class action settlement.  Under that structure, Class Counsel is obligated to direct and supervise any work that it assigns to plaintiff's counsel.  We have discussed this issue numerous times. We also discussed this issue at length during our February 27th meeting, and we made plain there, as before, that any assignment of work to EFF (as with any plaintiff's counsel) would be expressly contingent upon EFF's agreement to accept this judicially-approved leadership structure, and EFF's similar agreement to perform any assigned work under our supervision within that structure.  Your previous correspondence, and your email below, make clear that EFF does not with to accept these essential terms of our offer for assigned work.

The various other items described in your email have been addressed in prior telephone discussions, meetings and correspondence, and is based on little more than speculation and inaccuracies in any event.  I see no reason to rehash these issues again here.

Elizabeth C. Pritzker
Girard Gibbs & De Bartolomeo LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Phone: (415) 981-4800
Fax: (415) 981-4846
ecp@girardgibbs.com
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Saturday, April 08, 2006 11:25 AM
To: Elizabeth Pritzker
Subject: Delegation agreement response

Dear Elizabeth:

I was dismayed that in your April 5, 2005 fax Class Counsel once again have twisted a substantive issue into a single-minded focus on fees.

My response to you  on April 3, 2006 concerning the delegation agreement contained a counter-proposal that was absolutely consistent with the discussions we had at our  meeting on February 27, 2006. During the meeting you and Mr. Girard asked that EFF submit  a plan and cost estimate prior to undertaking any work and I did not change

those portions of the draft.  Mr. Girard said that Class Counsel
should maintain an oversight role and my suggestions acceded to that
request as well. What we objected to during the meeting was an
arrangement where EFF agreed to be  stripped of all decisionmaking
about future actions contemplated by the Settlement Agreement. While
you stated at the meeting that you were comfortable with joint
decisionmaking by EFF and Class Counsel about the areas to be
delegated, your draft agreement did not reflect joint decisionmaking
and instead made EFF completely subservient to Class Counsel's
decisions.  When I pointed this out on April 3, you responded that it
was a "take it or leave it" offer.

This interchange, coming after months of dragging your feet on EFF's
monitoring role and your blocking of all of our efforts to secure
additional notice from Sony BMG, indicates that having rushed in to
settle this case, Class Counsel are not only uninterested in any real
monitoring of this settlement agreement, but also are affirmatively
blocking EFF from doing any monitoring. I am still bewildered at
Class Counsel's unwillingness to push Sony BMG on the banner ad
notice even after it was revealed that it was far less than we had be
led to believe by Sony BMG. I assume  that you were also misled
because you also circulated drafts of  banner notice for MediaMax
3.0; if not it would indicate that you were complicit in Sony's
misleading of us. Most importantly, this interchange makes is plain
that you are still unwilling to honor your agreement with me about
EFF's ongoing monitoring role during our meeting in December.

There is some irony in your citation to the CMO.  You may recall,
this is the very CMO we did not to challenge based on your
representation that we would fulfill the monitoring responsibilities.
Under your dilatory "take it or leave it terms," we would be unable
to effectuate any meaningful enforcement of the Settlement
Agreement's terms. Given what we have seen from you to date,
unfortunately, we cannot trust your future conduct, and we anticipate
it would very likely put us in the position of not being able to
fulfill our fiduciary duty to the class and the class representatives
whom we represent.

Finally, the logic in your last paragraph escapes me.  How does it
conceivably "secure some fee advantage" to not participate in the
role as a monitor?  If anything, your suggestion simply supports the
inescapable conclusion that you are incapable of separating the
substantive issues in this case from principled disagreement over the
relative contributions of the various parties in this matter.

Cindy Cohn

On Apr 3, 2006, at 10:40 AM, Cindy Cohn wrote:

> Dear Elizabeth,
>
> We have had a chance to review your draft delegation agreement and
> believe that it needs some adjustments to better reflect our
> understanding of the agreement.  Since you did not send it to me in
> electronic form, I detail the changes here.  Please send me back a
> revised version reflecting these changes:
>
> 1.  Class counsel will include EFF in discussions with Sony BMG about
> the proposed methods for publicizing and disseminating the Updates and
> Uninstallers.
>
> 2.  Absent any meaningful ability to require Sony to incorporate
> requests regarding proposed EULA language, EFF does not see this
> function as likely to help consumers.  Therefore, EFF does not believe
> it will be able to assist with respect to this provision.
>
> 3.  EFF should be included in any discussions with Sony BMG should EFF

> determine that Sony has failed to comply with Paragraphs IV.B.3
> (a)-(h), and not merely be charged with providing a report to Class
> Counsel.
>
> 4.   EFF shall be  notified if Sony BMG releases an update addressing
> a Confirmed Security Vulnerability (as defined Section II.F of the
> Settlement Agreement).  Should Sony provide such notification to
> Plaintiffs' Class Counsel, Plaintiffs' Class Counsel agrees to forward
> that notification to EFF immediately.
>
> 5.  EFF shall immediately receive any reports of Suspected Security
> Vulnerabilities provided to Class Counsel and shall be notified if,
> after the period specified in Section IV.B(4)(c) of the Settlement
> Agreement, Sony BMG determines it cannot effectively address a
> Confirmed Security Vulnerability. EFF shall participate in any meet
> and confer process with Sony BMG on an appropriate course of action;
> and EFF shall, after consultation with Class Counsel, seek relief from
> the Court if EFF does not believe that the actions taken by Sony BMG
> are appropriate.  Should Sony notify Plaintiffs' Class Counsel of a
> Confirmed Security Vulnerability Plaintiffs' Class Counsel agrees to
> forward that notification to EFF immediately.
>
> 6.   EFF shall receive information from SONY BMG regarding the total
> number of Settlement Class members who (i) downloaded the XCP Update
> (as described in Sections III.J of the Settlement Agreement), the XCP
> Uninstaller (as described in Sections III.K of the Settlement
> Agreement), the MediaMax Update (as described in Sections III.L of the
> Settlement Agreement) and the MediaMax Uninstaller (as described in
> Sections III.M of the Settlement Agreement), and (ii) submitted claims
> for the Incentives and/or MediaMax Compensation.  Should Sony provide
> any of the above information to Plaintiffs' Class Counsel, Plaintiffs'
> Class Counsel agrees to forward that information to EFF immediately.
>
> Please forward a revised agreement to me at your earliest convenience.
>
> Cindy
>
> **********************************************************
> Cindy Cohn                        ---- Cindy@eff.org
> Legal Director              ---- www.eff.org
> Electronic Frontier Foundation
> 454 Shotwell Street
> San Francisco, CA 94110
> (415) 436-9333 x108
> (415) 436-9993 (fax)
>
>
> _____
> SonyDRM-priv mailing list
> SonyDRM-priv@eff.org
> https://falcon.eff.org/mailman/listinfo/sonydrm-priv

**********************************************************
Cindy Cohn                        ---- Cindy@eff.org
Legal Director              ---- www.eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333 x108
(415) 436-9993 (fax)