UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SONY BMG CD
TECHNOLOGIES LITIGATION

Case No. 1:05-cv-09575-NRB

PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**GIRARD GIBBS
 & De BARTOLOMEO LLP**
Daniel C. Girard (Pro Hac Vice)
Jonathan K. Levine (JL-8390)
Elizabeth C. Pritzker (Pro Hac Vice)
Aaron M. Sheanin (Pro Hac Vice)
601 California Street, Suite 1400
San Francisco, California 94108
Telephone:  (415) 981-4800

**KAMBER & ASSOCIATES, LLC**
Scott A. Kamber (SK-5794)
19 Fulton Street, Suite 400
New York, NY  10038
Telephone:  (877) 773-5469

*Class Counsel*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. Class Reaction to the Settlement Supports Final Approval | 1 |
| | B. The Court Should Certify The Class And Grant Final Approval | 3 |
| III. | CONCLUSION | 6 |

## **TABLE OF AUTHORITIES**

**CASES**

Bell Atlantic Corp. v. Bolger
2 F.2d 1304 (3d Cir. 1993).................................................................................................. 3

City of Detroit v. Grinnell Corporation
495 F.2d 448 (2d Cir. 1974)................................................................................................ 1

D'Amato v. Deutsche Bank
236 F.3d 78 (2d Cir. 2001).................................................................................................. 3

Fischer v. Int'l Tel. & Tel. Corp.
72 F.R.D. 170 (E.D.N.Y. 1976)........................................................................................... 5

Hanlon v. Chrysler Corp.
150 F.3d 1011 (9th Cir. 2000) ............................................................................................ 3

In Re Austrian & German Bank Holocaust Litig.
80 F.Supp.2d 164 (S.D.N.Y. 2000)................................................................................. 2, 3

In Re Frontier Ins. Group, Inc. Sec. Litig.
172 F.R.D. 31 (E.D.N.Y. 1997).......................................................................................... 5

Malchman v. Davis
761 F.2d 893 (2d Cir. 1985)............................................................................................... 5

Swift v. First USA Bank
1999 U.S. Dist. LEXIS 19474 (ND. Ill. Dec. 15, 1999)..................................................... 5

Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.
296 F.3d 96 (2d Cir. 2005)................................................................................................. 1

**OTHER AUTHORITIES**

Newberg on Class Actions
4 Herbert Newberg & Alba Conte, § 11.41 (4th Ed. 2002) ................................................ 2

I.      **INTRODUCTION**

The Court should grant final settlement approval as requested.  By granting final approval, the Court will formalize the obligation of Defendant Sony BMG Music Entertainment, Inc. ("Sony BMG") to carry out a series of remedial and injunctive measures designed to address any security vulnerabilities and allay attendant public concern arising out of sale of music compact discs ("CDs") containing Digital Rights Management ("DRM") by Sony BMG.  A final approval order will also bring to a prompt and favorable resolution each of the consolidated class actions pending in this Court and an additional fifteen class actions pending in state courts around the country.

The reaction of the Class to the settlement has been overwhelmingly positive. After an extensive notice campaign, only nine people opted out of the settlement.  More importantly, there are only two objectors.  The objections raise no due process issues and are easily addressed by reference to the facts of the case.  The fact there is no meaningful opposition to this settlement, despite the high visibility of this case, weighs heavily in favor of final settlement approval.

II.     **ARGUMENT**

    A.      **Class Reaction to the Settlement Supports Final Approval**

Among the many factors the Court must consider in examining the substantive fairness, adequacy, and reasonableness of a class action settlement is the reaction of class members.  See City of Detroit v. Grinnell Corporation, 495 F.2d 448, 463 (2d Cir. 1974) ("Grinnell"); see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 296 F.3d 96, 117 (2d Cir. 2005) (affirming use of Grinnell analysis).  "A certain number of [comments and] objections are to be expected in a class action with an extensive notice campaign and a potentially large number of class members."  In Re Austrian & German Bank Holocaust

1

Litig., 80 F.Supp.2d 164, 175 (S.D.N.Y. 2000).  Each such objection, however, must be evaluated in light of the presumption of fairness that the settlement enjoys.  Id., at 173-74.  Moreover, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement" for the Class as a whole.  4 Herbert Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 11.41, at 108 (4th Ed. 2002).

Here, only nine people asked to be excluded from the settlement and, despite extensive media coverage and a wide-reaching notice campaign, only two people – James Leitner and David Nall – raised objections to the settlement.  The objection period concluded on May 1, 2006, and no other class member has come forward either to echo Mr. Leitner's or Mr. Nall's concerns, or articulate any other basis for objecting to the settlement.

Mr. Leitner and Mr. Nall lodged their objections well before the objection period ended, and Class Counsel responded to those objections in their opening memorandum. See Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, at pp.18-20.  In summary, the objectors believe the settlement should include a recall or replacement of MediaMax CDs. The objectors believe the compensation offered to purchasers of MediaMax CDs – a free MP3 download of the CDs they purchased, a second free MP3 download of one of several album choices provided for by the settlement, and a free software utility to enable users to remove MediaMax software from their computers – affords no real benefit. As explained in the opening brief, however, unlike the MediaMax CDs, the MP3 downloads available through settlement contain no DRM software of any kind.  The music content on these downloads can be enjoyed by consumers on a computer, or copied to an MP3 player

(such as an iPod) or to a blank "physical" CD, unhindered by any concern about the existence or impact of MediaMax software upon a home or work computer. These benefits are commensurate with the very limited harm associated with MediaMax DRM software. Class Counsel had no valid basis for insisting on a recall of the Media Max CDs.

Where the class size is large, notice is extensive, and few class members object, it is entirely appropriate for the Court to conclude the settlement is fair, adequate, and reasonable. In Re Austrian & German Bank Holocaust Litig., supra, 80 F.Supp.2d at 176; see also D'Amato v. Deutsche Bank, 236 F.3d 78, 86-87 (2d Cir. 2001) (holding that 18 objections from a class of 27,883 weighed in favor of settlement); and see Hanlon v. Chrysler Corp., 150 F.3d 1011, 1027 (9th Cir. 2000) ("the fact that the overwhelming majority of the class willingly approved the offer and stayed in the Class presents at least some objective positive commentary as to its fairness"); Bell Atlantic Corp. v. Bolger, 2 F.2d 1304, 1313-14 (3d Cir. 1993) (silence may be construed as constituting tacit consent to the settlement agreement and strongly favors approval of the settlement).

The overwhelming favorable response by the members of the Settlement Class, as demonstrated by the extremely low number of objectors, argues persuasively for the Court's final approval of the settlement here.

### B. The Court Should Certify The Class And Grant Final Approval

In its Hearing Order entered January 6, 2006, the Court conditionally certified a Settlement Class "consisting of all Plaintiffs in the Action and all natural persons or entities in the United States who purchased, received or came into possession of or used one or more MediaMax CDs and/or XCP CDs" during the relevant class period. See Hearing Order, ¶ 1, at p.2. The Court also found that the proposed settlement satisfied

3

the requirements of Federal Rules of Civil Procedure 23 – especially as these requirements pertain to issues of numerosity, commonality, typicality, superiority, and adequacy of representation.  Id., ¶¶ 2-6, at pp.2-3.  No class member or litigant has lodged an objection to the Court's certification decision, or to any of the Rule 23 findings detailed in its Hearing Order of January 6, 2006.

Ricciuti Counsel make two claims that touch upon the adequacy of representation afforded by the class representatives and their counsel.  Ricciuti Counsel allege without great conviction that Class Counsel participated in a "reverse auction" by engaging in settlement discussions with Sony BMG.  This claim is meritless, of course, since Sony BMG never entered into separate settlement discussions with Ricciuti Counsel.  See Declaration of Jeffrey S. Jacobson, Esq., in Opposition to the "EFF Group's" Motion for the Award of Attorneys' Fees ('Jacobson Decl."), ¶¶ 21-40.  In any event, Class Counsel, not Ricciuti Counsel, were charged with responsibility for the conduct of settlement discussions with defense counsel.  See CMO No. 1, at pp. 4-5.

Ricciuti Counsel have also enlisted the services of a private investigator to establish that Dora Rivas is the sister of Rosemary Rivas, an associate with Girard Gibbs & De Bartolomeo ("Girard Gibbs").  See Joint Affidavit of Daniel C. Girard and Scott A. Kamber in Support of (1) Motion of Class Counsel for Final Approval of Class Action Settlement, and (2) Motion of Class Counsel for Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to Named Plaintiffs ("Joint Aff."), ¶ 12.  Rosemary Rivas' position with Girard Gibbs is no secret—her name appears on a firm resume which appears on the Internet.  See, e.g., Joint Aff., Exhibit F.  Rosemary Rivas did no work on the case, and neither she nor Dora Rivas has an interest in any legal fees that Class Counsel may receive in the course of the litigation.  See Joint Aff., ¶ 12.

4

Family members of class counsel are not disqualified from serving as class representatives. See, e.g., Malchman v. Davis, 761 F.2d 893, 899 (2d Cir. 1985). The adequacy of a class representative is considered in context, and the courts of this Circuit hold that family members of class counsel are adequate class representatives, in the absence of any other unusual circumstances. Id. at 898-900 (affirming district court's finding that named plaintiffs, who included class counsel's brother and mother-in-law, were adequate class representatives); In Re Frontier Ins. Group, Inc. Sec. Litig., 172 F.R.D. 31, 44 (E.D.N.Y. 1997) (finding niece of partner in class counsel's firm was an adequate class representative, in light of the fact that "she filed suit on her own initiative" and there was no evidence which "suggests an appearance of collusion or impropriety"). See also Fischer v. Int'l Tel. & Tel. Corp., 72 F.R.D. 170, 173 (E.D.N.Y. 1976) (observing that "the touchstone [in adequacy of class representative cases] . . . is [whether] plaintiff might have an interest in [class counsel's] legal fees," and finding that class counsel's father was an adequate class representative); Swift v. First USA Bank, No. 98 C 8238, 1999 U.S.Dist. LEXIS 19474, *8, *10 (ND. Ill. Dec. 15, 1999) (finding class counsel's wife was an adequate class representative, reasoning that "it was natural for her to ask [her attorney husband] whether the mailing she received from First USA was legal" and that wife "possess[ed] an adequate interest in the result of the case to ensure she will vigorously pursue it to its conclusion").

As the representation of the Class by the named plaintiffs and their counsel has been adequate in all respects, there is no impediment to final approval of the proposed settlement.

### III. CONCLUSION

Plaintiffs respectfully request that the Court grant final approval of the Settlement Agreement and enter the proposed Final Order and Judgment.

DATED: May 10, 2006

Respectfully submitted,

**GIRARD GIBBS & De BARTOLOMEO LLP**

By: *[signature]*
Daniel C. Girard (Pro Hac Vice)
Jonathan K. Levine (JK-8390)
Elizabeth C. Pritzker (Pro Hac Vice)
Aaron M. Sheanin (Pro Hac Vice)
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800

**KAMBER & ASSOCIATES LLC**
Scott A. Kamber (SK-5794)
19 Fulton Street, Suite 400
New York, NY 10038
Telephone: (877) 773-5469

*Class Counsel*

Peter Safirstein
Jennifer Czeisler
**MILBERG WEISS BERSHAD & SCHULMAN LLP**
One Pennsylvania Avenue
New York, New York 10119
Telephone: (212) 594-5300

Ira M. Press
**KIRBY MCINERNEY & SQUIRE LLP**
830 Third Avenue
New York, New York 10022
Telephone: (212) 317-2000

Jason L. Solotaroff
**GISKAN & SOLOTAROFF LLP**
207 West 25th Street
New York, New York 10001
Telephone: (212) 847-8315

*Plaintiffs' Executive Committee Counsel*

## CERTIFICATE OF SERVICE

I, Zackary M. Lyons, hereby declare as follows:

I am employed by Girard Gibbs & De Bartolomeo, a Limited Liability Partnership, 601 California Street, Suite 1400, San Francisco, California 94108. I am over the age of eighteen years and am not a party to this action. On May 10, 2006, the attached document was filed with the Clerk of the Court using the Court's CM/ECF system:

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This will notify all CM/ECF registered counsel of said filing, specifically the following counsel:

Sanford P. Dumain
sdumain@milbergweiss.com

Scott Adam Kamber
skamber@kolaw.com

Shana Eve Scarlett
shanas@lerachlaw.com

Mark A. Strauss
mstrauss@kmslaw.com,
lmorris@kmslaw.com

Jeffrey S. Jacobson
jsjacobs@debevoise.com, mmgrimes@debevoise.com

Ira M. Press
ipress@kmslaw.com

Jason Louis Solotaroff
jsolotaroff@gslawny.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, executed this 10th day of May, 2006, at San Francisco, California.

_____
Zackary M. Lyons

2