WHEREAS, each of the Parties and counsel believes, in consideration of all the circumstances and after substantial arms' length settlement negotiations between counsel, that its interests are best served by entering into the settlement set forth in ~~this~~the Settlement Agreement, and that this proposed settlement is fair, reasonable, adequate and in the best interests of the Settlement Class; and

WHEREAS, the Parties also acknowledge that SONY BMG is subject to one lawsuit (*Texas* v. *SONY BMG Music Entertainment*, Dist, Ct., Travis Co, Tex.), an inquiry by the Federal Trade Commission, and numerous investigations by state attorneys general or other governmental authorities in various jurisdictions (together, the "Government Inquiries"), all of which cover materially the same subject matter as the Complaint and complaints in the Non-S.D.N.Y. Actions; and

WHEREAS, it is the intention of SONY BMG to seek to settle the Government Inquiries on an agreed basis to the maximum extent possible, with settlement term(s) to be disclosed to Plaintiffs' Class Counsel, the Court and the public; and

WHEREAS, it is the intention of the Parties that the terms of the Settlement Agreement be complementary to the terms of the anticipated settlement(s) of the Government Inquiries, particularly with respect to injunctive relief; and

WHEREAS, the Settlement Agreement among the parties defines "Released Claims" as any and all claims, rights, damages, losses, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, debts, liens, contracts, liabilities, agreements, costs, or expenses, of any nature whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including Unknown Claims, of any and all Plaintiffs and/or Settlement Class Members arising out of any purchase or use by them of an XCP CD or a MediaMax CD, the XCP Update (as defined below), the XCP Uninstaller (as defined below), the MediaMax Update

(as defined below), or the MediaMax Uninstaller (as defined below) or any installation or de-installation of XCP Software or MediaMax Software at any time, to the extent that such claims: (a) arise out of the Action or the Non-S.D.N.Y. Actions; (b) relate to any allegations that either were or could have been asserted in the Action or the Non-S.D.N.Y. Actions; or (c) which might in the future be asserted by any Plaintiff or Settlement Class Member, against any of the Released Parties that would arise out of, or relate to in any manner, directly or indirectly, any acts, facts, transactions, occurrences, conduct, representations or omissions alleged in the Action and the Non-S.D.N.Y. Actions, including, without limitation, claims respecting any disclosure, advertising or other descriptions of, or claims relating to (*i*) the nature, quality, value, and/or functionality of the MediaMax CDs, the XCP CDs, the MediaMax Software, MediaMax Update, MediaMax Uninstaller, XCP Software, XCP Update or XCP Uninstaller; and/or *(ii)* the EULAs, and/or *(iii)* the alleged collection by Defendants of Personal Data or IP addresses. Released Claims also include claims for abuse of process, malicious prosecution or any other claim arising out of, relating to, or in connection with the defense or resolution of the Action. For avoidance of doubt, Released Claims include claims relating to (?) the asserted costs of removing XCP Software and/or MediaMax Software from a computer or network and (/;) damages caused by negligent removal of XCP Software and/or MediaMax Software. The sole exception to the definition of Released Claims is that such claims do not include claims for consequential damage to a computer or network that may or are alleged to have resulted from interactions between the XCP Software or the MediaMax Software and other software or hardware installed on such computer or network. (For avoidance of doubt, Released Claims also do not include copyright, trademark or other claims concerning the ownership of intellectual property rights in the MediaMax Software or the XCP Software, or any uninstallers or updates thereto, which were not alleged); and

22085153v8               -17-

WHEREAS, the Settlement Agreement among the parties defines "Released Parties" as each and all of the Defendants and each and all of Defendants' direct and indirect parent companies including, in the case of SONY BMG and without limitation, Sony Corporation and Bertelsmann AG, and each and all of each of Sony Corporation's, Bertelsmann AG's and Defendants' respective divisions and direct and indirect subsidiaries, affiliates, partners, joint ventures, predecessors and successor corporations and business entities, and each and all of their past and present officers, directors, servants, licensees, joint ventures, sureties, attorneys, agents, consultants, advisors, contractors, employees, controlling or principal shareholders, general or limited partners or partnerships, divisions, insurers, designated management companies, and each and all of their successors or predecessors in interest, assigns, or legal representatives, and any persons or entities that have designed, developed, programmed, manufactured, supplied, advertised, marketed, distributed or sold MediaMax CDs and/or XCP CDs or software thereon; and.

WHEREAS, the Parties intend that the proposed ~~settlement~~Settlement embodied in ~~this~~the Settlement Agreement will resolve all Released Claims, including Unknown Claims (as that term is defined in the Settlement Agreement)~~;~~ against all Released Parties; and

WHEREAS, the Parties have engaged in intensive, complex, difficult and hard-fought arm's-length negotiations; and

WHEREAS, as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle these Actions; and

WHEREAS, by the terms of the proposed ~~settlement~~Settlement of this Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, within thirty (30) days after the Preliminary Approval Date, SONY BMG shall make available to all Settlement Class members all of the ~~following~~ benefits and

22085153v8                                          - 13 -

<u>relief set forth in the Settlement Agreement, the terms of which are expressly incorporated by reference herein,</u> in accordance with the procedures set forth ~~below: (a) XCP Exchange Program.~~<u>therein; and</u>

~~(1) After some actions had been filed, but before the parties began negotiating this Settlement Agreement, SONY BMG had offered all persons possessing XCP CDs the opportunity to exchange their XCP CDs for an identical CD title that does not contain any Copy Protection Software. That offer was~~

~~22085153v4                                                      -7-~~

~~incorporated into the Settlement Agreement as a term of settlement and is hereby incorporated into this Order.~~

~~(2) In addition to the exchange described immediately above and in Section III.B.1 of the Settlement Agreement, SONY BMG also shall offer the additional incentives specified below in Section (b) (the "Incentives") to induce Settlement Class Members to exchange their XCP CDs for CDs that do not contain copy protection software.~~

~~(3) SONY BMG will use commercially reasonable efforts to advise its authorized resellers that SONY BMG will accept returns from that reseller of XCP CDs in any condition, and SONY BMG will provide full refunds to the reseller for those XCP CDs. Although SONY BMG cannot compel its resellers to accept such returns from consumers, or dictate the consideration (i.e., refunds, store credit or exchanges) that its resellers will offer upon the return of XCP CDs, SONY BMG will use commercially reasonable efforts to encourage resellers to provide at least an even exchange of that XCP CD, and to provide a receipt for the exchange so that Settlement Class Members may readily claim the Incentives by sending the receipt to SONY BMG.~~

~~(4) If a Settlement Class Member returns an XCP CD to a reseller, and wishes to claim the Incentives, he or she may do so by filling out the Claim Form attached as Exhibit C to the Settlement Agreement, and by sending that Claim Form and the exchange receipt by mail or electronic mail to the address specified on the Claim Form. If the Settlement Class Member elects to send the Claim Form by any means other than electronic mail, the Settlement Class Member shall be responsible for the costs of postage for that Claim Form.~~

~~(5) SONY BMG also will offer Settlement Class Members the option of returning their XCP CDs to SONY BMG by U.S. Mail, or another shipping method, at no charge to the class member. SONY BMG may administer this exchange program itself, or it may, at its option, engage a vendor of its choosing to administer the exchange program.~~

~~(6) If a Settlement Class Member returns an XCP CD to SONY BMG using the procedure specified immediately above in Section (a)(5), that Settlement Class Member may claim the Incentives by completing the Claim Form, (collectively, Paragraphs 1 through 6, the "XCP Exchange Program").~~

24

~~**(b) The XCP Exchange Program Incentives.** Settlement Class Members who exchange their XCP CDs shall be able to claim either of the following two incentive packages from SONY BMG:~~

~~(1) *Incentive #1.* For each XCP CD returned by a Settlement Class Member, the Settlement Class Member may elect to receive a cash payment of seven dollars and fifty cents ($7.50), payable (at SONY BMG's sole option) by check or debit card, and a promotional code allowing the holder of the code to download the contents of any one (1) of the albums specified on the list attached~~

~~22085153v4                                                  - 8 -~~

~~to the Settlement Agreement as Exhibit D. Because an album download regularly costs approximately $10.00, the total value available to Settlement Class Members for each return under Incentive #1 is approximately $17.50.~~

~~(2) *Incentive #2.* For each XCP CD returned by a Settlement Class Member, the Settlement Class Member may elect to receive a promotional code allowing the holder of the code to download the contents of any three (3) of the albums specified on the list attached to the Settlement Agreement as Exhibit D. The total value available to Settlement Class Members for each return under Incentive #2 is approximately $30.00.~~

~~For both Incentive #1 and Incentive #2, Settlement Class Members will be able to select promotional codes usable to download the specified album contents from any one of three (3) major download services. SONY BMG will use commercially reasonable efforts to ensure that one of the three download services offered as an option to the Settlement Class Members is the "iTunes" service. The promotional codes will be fully transferable, and will expire no less than 180 days after they are issued.~~

~~In addition to Incentive #1 or Incentive #2, SONY BMG shall make available to each Settlement Class Member downloadable versions of the songs on each XCP CD he or she had purchased. Settlement Class Members will, upon returning XCP CDs or a completed Claim Form to SONY BMG, be sent an electronic mail message containing a link to an Internet website from which the music may be downloaded at no charge to~~ the class member.

~~Plaintiffs' Class Counsel shall have the right to periodically monitor the XCP Exchange Program and ensure that SONY BMG is promptly providing the appropriate replacement~~ CDs and the Incentives to Settlement Class Members.

**(c) XCP Update.** ~~SONY BMG commits to continue making available, through its Internet website, a software utility (the "XCP Update"), downloadable by Settlement Class Members, that will~~ render the XCP "rootkit" visible to users through ~~an ordinary directory search, and thereby eliminate the alleged security vulnerability created by the XCP Software's use of hidden or "cloaked" filenames.   Settlement Class Members will not need to provide Defendants with any personal information in order~~ to obtain the XCP Update.   ~~The XCP Update also will offer~~ Settlement Class Members the opportunity to completely remove the XCP Software. Plaintiffs Class Counsel has had and ~~will have an opportunity to review and comment on all instructions provided to Settlement Class Members on how to use the~~ XCP Update.   Defendants shall verify, subject to

25

~~confirmatory discovery by Plaintiffs' Class Counsel, that they have obtained the opinion of an independent, qualified expert that the XCP Update is effective, and that installation of the XCP Update would create no known security vulnerabilities under ordinary conditions.~~

~~**(d) One-Click XCP Uninstaller.** SONY BMG commits to continue making available, through its Internet website, a software utility (the "XCP Uninstaller"), downloadable by Settlement Class Members, that will remove the XCP Software from~~

~~22085153v4                                                      9.~~

~~the hard disk drive of a Settlement Class Member's computer. Settlement Class Members will not need to provide Defendants with any personal information in order to obtain the XCP Uninstaller. Plaintiffs' Class Counsel will have an opportunity to review and comment on all instructions provided to Settlement Class Members on how to use the XCP Uninstaller. Defendants shall verify, subject to confirmatory discovery by Plaintiffs' Class Counsel, that they have obtained the opinion of an independent, qualified expert that the XCP Uninstaller is effective, and that the use of the XCP Uninstaller would create no known security vulnerabilities under ordinary conditions.~~

~~**(e) MediaMax Update.** SONY BMG commits to continue making available, through its Internet website and SunnComm's website, a software utility (the "MediaMax Update"), downloadable by Settlement Class Members, that eliminates all currently-known security vulnerabilities associated with the MediaMax Software. Settlement Class Members will not need to provide any personal information in order to obtain the MediaMax Update. Plaintiffs' Class Counsel will have an opportunity to review and comment on all instructions provided to Settlement Class Members on how to use the MediaMax Update. SONY BMG shall verify, subject to confirmatory discovery by Plaintiffs' Class Counsel, that it has obtained the opinion of an independent, qualified expert that the MediaMax Update is effective, and that installation of the MediaMax Update would create no known security vulnerabilities under ordinary conditions.~~

~~**(f) One-Click MediaMax Uninstaller.** SONY BMG commits to continue making available, through its website, a software utility (the "MediaMax Uninstaller") available through SunnComm's website, downloadable by Settlement Class Members, that will remove the MediaMax Software from the hard disk drive of a Settlement Class Member's computer. Settlement Class Members will not need to provide any personal information in order to obtain the MediaMax Uninstaller. Plaintiffs Class Counsel has had and will have an opportunity to review and comment on all instructions provided to Settlement Class Members on how to use the MediaMax Uninstaller. SONY BMG shall verify, subject to confirmatory discovery by Plaintiffs' Class Counsel, that it has obtained the opinion of an independent, qualified expert that the MediaMax Uninstaller is effective, and that use of the MediaMax Uninstaller would create no known security vulnerabilities under ordinary conditions.~~

~~The XCP Update, the XCP Uninstaller, the MediaMax Update and the MediaMax Uninstaller shall be available on or through SONY BMG's website until December 31, 2007.~~

~~(g) Defendants agree not to object if any operating system manufacturer, provider of computer security or anti-virus software plans to disseminate the XCP Update, the XCP Uninstaller, the MediaMax Update or the MediaMax Uninstaller, so such provider's customers.~~

~~(h) **No Collection of Personal Data.** SONY BMG warrants that it has not used the MediaMax or XCP Software, or any of the enhanced content on audio CDs, to collect, aggregate or retain Personal Data about persons who listened to XCP CDs or MediaMax CDs on computers, without such persons' express consent. [UNDER CONSIDERATION: SONY BMG further warrants that with the customer's consent,~~

~~22085153v4~~                                                              ~~-10-~~

~~SONY BMG only collects that information necessary to provide enhanced CD functionality. Such functionality requires that the album title, artist, and IP address be collected. The IP address is required so that the appropriate language and country links are provided to the customer. SONY BMG collects artist, album title, and IP address solely for this purpose and does not retain the information except for~~

~~_____. SONY BMG warrants that it never collects information about non-SONY BMG titles.]~~

~~(i) **Third Party Verification.** On [some date between the Preliminary Approval Date and a date specified in the Hearing Order - see Settlement Agreement III.N.], SONY BMG caused an independent third party to investigate whether SONY BMG has collected, aggregated or retained Personal Data in a manner inconsistent with the above representations, and SONY BMG provided the third party's conclusions to Plaintiffs' Class Counsel and to the Court prior to the Fairness Hearing. SONY BMG shall similarly engage an independent third party to repeat this review once during each of calendar years 2006 and 2007. If the auditor concludes that SONY BMG has collected, aggregated or retained Personal Data in a manner inconsistent with the above representations during calendar years 2006 or 2007, SONY BMG will promptly report the third party's findings to Plaintiffs' Class Counsel.~~

~~(j) **Defendant's Waiver of Rights Under XCP EULA and MediaMax EULA.** As of the Effective Date, SONY BMG (and F4I, as a potential third-party beneficiary) shall waive all of their rights to enforce the following provisions of the XCP EULA and the MediaMax EULA:~~

~~1.     Article 2, to the extent such provision could be construed as precluding consumers from transferring music they purchased to portable devices that are not "APPROVED MEDIA PLAYERS" and "APPROVED PORTABLE DEVICES" (as those terms are defined in the EULA);~~

~~2.     Article 2.3;~~

~~3.     Article 3.1(e), to the extent such provision could be construed to prevent uninstallation of the XCP Software or MediaMax Software; and Article 3.1(f), to the extent anything in such provision is inconsistent with SONY BMG's other waivers of rights under this Paragraph (j);~~

~~4.     Articles 7 and 8; and~~

~~5.     Article 9(1);~~

~~6.     Article 9.2(ii)-(iii).~~

27

~~WHEREAS, as specified below, SONY BMG has agreed to waive other rights under the XCP EULA and the MediaMax EULA to the extent that Settlement Class Members pursue non-~~

~~220851 53v4~~

~~Released Claims on an individual basis, as opposed to a class action or mass action under federal or state law, or as a "private attorney general" under a state statute authorizing such actions.~~

**WHEREAS,** if, after the date on which the Settlement Agreement was executed, SONY BMG enters into any settlement agreement, consent decree, assurance of discontinuance or other, similar pre-trial resolution with a State Attorney General, or any class action settlement, in which SONY BMG undertakes to provide additional benefits <u>directly</u> to all Settlement Class Members who reside in any single state or states respecting Released Claims, SONY BMG agrees to offer the same benefits to all Settlement Class Members~~.~~<u>; and</u>

**WHEREAS,** ~~in addition to the Settlement Benefits specified above~~<u>the parties expect that, by the date of the Fairness Hearing, SONY BMG will have entered into an enforceable, nationwide agreement resolving one or more of the Government Inquiries; and the parties also expect that the resolution of these Government Inquiries will include, at least, the restrictions on SONY BMG's future conduct stated below in the paragraph immediately following this paragraph; if, as of the date of the Fairness Hearing, SONY BMG has not entered into such an enforceable agreement, and/or if such agreement is not nationwide in scope and does not address each and every one of the provisions stated below in the paragraph immediately following this paragraph, then as of the date of the Fairness Hearing, the Settlement Agreement will be deemed amended to include an entitlement by Settlement Class Members to an injunction, during the Injunctive Period, addressing each and every such provision not addressed; and</u>

**WHEREAS,** <u>to the extent not covered in an agreement to resolve the Government Inquiries,</u> SONY BMG shall<u>, during the Injunctive Period,</u> adhere to <u>all of</u> the ~~following~~

affirmative and negative restrictions on its use of ~~copy protection technology during the Injunctive Period, as defined in paragraph II.D.~~<u>Content Protection Software described in Section IV of the Settlement Agreement</u>~~.~~<u>; and</u>

~~(a) SONY BMG will not manufacture or distribute audio CDs with XCP Software. (SONY BMG, in fact, has not been manufacturing or distributing audio CDs with XCP Software since November [], 2005.)~~

~~(b) If SONY BMG manufactures any CDs with any Copy Protection Software, including MediaMax Software, during the Injunctive Period, it will, before doing so:~~

~~(1) Ensure that the Copy Protection Software operates in a manner ensuring that no software will be installed on a user's computer unless and until the user has agreed to such installation by accepting a EULA.~~

~~(2) Ensure that the EULA associated with the Copy Protection Software accurately describes the nature and function of the software, and does so in easily understandable language.~~

~~(3) Show the EULA associated with the Copy Protection Software in advance of its use to an independent third party (the "EULA Reviewer") to be designated jointly by SONY BMG and Plaintiffs' Class Counsel, and receive comments to the proposed EULA from the EULA Reviewer. SONY BMG shall consider, but~~ ~~will not be required to adopt,~~ the comments of the EULA Reviewer. However, to the extent that SONY BMG determines not to accept the EULA Reviewer's comments, the EULA Reviewer will not be required to keep such non-accepted comments confidential.~~

22085153v<s>4</s><u>8</u>                     - <s>12</s><u>14</u> -

29

~~(4) Provide any Copy Protection Software to at least one qualified, independent third party, and obtain an opinion from that third party that the software is effective, and that installation and use of the software would create no known security vulnerabilities under ordinary conditions.~~

~~(5) Ensure that, with respect to CDs with Copy Protection Software, SONY BMG will, if such CDs are played on computers with active connections to the Internet and the CDs cause the computer to make a connection to the Internet, make a record only of the associated album title, artist and IP address from which the connection was made.~~

~~(6) Include, on the jewel case of any SONY BMG CD containing any Copy Protection Software, a written disclosure, in plain language and type size, and at a location to be negotiated with Plaintiffs' Class Counsel, that the CD contains such Copy Protection Software and a brief description of such Copy Protection Software.~~

~~(c) If, during the Injunctive Period, a reputable computer security firm or expert in the field of computer security brings to the attention of the SONY BMG personnel responsible for Copy Protection Software, including MediaMax Software, any Suspected Security Vulnerability in such Copy Protection Software, SONY BMG will:~~ **[discuss "patch if patchable" terms]**

~~(1) . . .~~

~~(d) If SONY BMG manufactures any CDs with Copy Protection Software, including MediaMax Software, during the time from sixty (60) days after the Preliminary Hearing Date until the end of the Injunctive Period, SONY BMG also shall include a written disclosure on the exterior portion of the SONY BMG jewel case that the CD contains such software and a short description of such Copy Protection Software. To the extent such CDs are manufactured prior to the Effective Date, SONY BMG and Plaintiffs' Class Counsel shall meet and confer on the specific language, type size, and location of such disclosure.~~ **WHEREAS**, on ~~[DATE OF SETTLEMENT AGREEMENT]~~, <ins>or about December 28, 2005,</ins> the Parties, by their duly authorized counsel, entered into a Settlement Agreement, which provides that, subject to the approval of this Court pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the claims asserted in this Action against Defendants were to be settled, compromised and dismissed with prejudice, upon and subject to the terms and conditions set forth therein ~~(the "Settlement");~~ and

30

**WHEREAS,** on [December 22, 2005],January ___, 2006, this Court entered a Hearing Order (the "Hearing Order"), which, *inter alia*:

(a) (a) certified, for settlementpurpose^onlyrpursuant settlement purposes only, pursuant to Rule 23 (a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of the named Plaintiffs in the Actions 22085153v4 13 Action and all natural persons or entities in the United States who (i) purchased or received one or more MediaMax CDs and/or XCP CDs from any source, including a retail store and a mailorder or Internet-based retailer, another owner or holder of a MediaMax CD or XCP CD, or directly from SONY BMG; and/or (ii) during the Class Period, received, came into possession of, or otherwise used , nneone or more^ MediaMax CDs and/or XCP CDs at any time (the CDs prior to the Effective Date ("Settlement Class"); excluding Released Parties, as defined below; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Defendants and SunnComm International, Inc.Released Parties; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all ail claims that are the subject of the Action and the Non-S.D.N.Y. Actions;

(b) appointed **[insert names]** as representatives of the Settlement Class;

(c) appointed [Kamber & Associates, LLC and Girard Gibbs & De Bartolomeo LLP] LLP as Class Co-Counsel for the Settlement Class;

(d) preliminarily approved the Settlement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(e) set a hearing to take place on ____, 2006, at _____.m., before this Court, at the Daniel* Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl Street, Room 2270, New York, New York (the "Fairness Hearing"), upon notice to members of the Settlement Class, to determine whether:

(i/) the requirements for certification of the Settlement Class have been met;

(iiiI) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the settlementSettlement the payment of Plaintiffs' Class Counselcounsel's attorneys' fees and reimbursement of Plaintiffs' Class Counselcounsel's expenses, should be approved as fair, reasonable and adequate; and

31

    *(~~iii~~<u>Hi</u>)* the Judgment approving the ~~settlement~~<u>Settlement</u> and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered.

22085153v8      - 15 -

(f) approved the form of the Notice of Pendency and Settlement Class Action (the "Full Settlement Notice"), substantially in the form of Exhibit F annexed to the Settlement Agreement, which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement, and approved the summary form of that Settlement Notice, substantially in the form of Exhibit G, annexed to the Settlement Agreement;

(g) prescribed the method and period of time for providing notice to members of the Settlement Class of the certification of the Settlement Class; the Settlement; Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses; and the Fairness Hearing;

~~22085153v4~~                                                                 ~~14 .~~

(h) directed that Defendants and Plaintiffs' Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice and printed Claim Form by mailing the documents to any Settlement Class Members who shall make such requests;

(i) found that such notice to the members of the Settlement Class as described in the Settlement Agreement: (/) is the best notice practicable to members of the Settlement Class; (~~«"//)~~ is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs'[1] counsel for an award of attorneys' fees and reimbursement of expenses; *(Hi)* is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (~~iv~~ iv) meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(j) directed Plaintiffs' Class Counsel and Defendants' counsel, on or before ~~[FILL IN DATE],~~ _____, 2006, to file with the Court evidence that the provisions of paragraphs 9 and 10 of the Hearing Order had been satisfied, which they did;

(k) prescribed the method and period of time during which members of the Settlement Class may file requests to be excluded from the Settlement Class;

(~~l~~l) provided that, whether or not the Effective Date ~~(as defined below)~~ occurs, any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by any and all judgments and settlements entered or approved by this Court, whether favorable or unfavorable to the Settlement Class;

(~~m~~m) prescribed the method and periods of time during which members of the Settlement Class may serve written objections to the Settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by ~~Class Counsel~~Plaintiffs' counsel;

(n) prescribed the methods and periods of time during which members of the Settlement Class must apply for the applicable relief by, *inter alia,* completing a printed

22085153v8                                                                  - 16-

Claim Form such as that attached to the Settlement Agreement as Exhibit C, in order to obtain those facets of the Settlement for which the completion of a Claim Form is required;

(o) directed that if, for any reason, the notice to the Settlement Class Members is not or cannot be provided before February 1, 2006, the Parties will confer in good faith and ~~recomment~~recommend to the Court that the date by which any Settlement Class Member must seek to receive one or more of the ~~Settlement Benefits~~settlement benefits be extended correspondingly;

(p) directed that <ins>if the settlement benefits available to Settlement Class Members change, including by operation of Section III(V) of the Settlement Agreement, no new notice need issue to Settlement Class Members;</ins>

<ins>(q) prescribed the date by which Defendants shall provide notice of the Settlement Agreement to the authorities required to be notified of prospective class action settlements under the Class Action Fairness Act of 2005;</ins>

<ins>(r) directed that</ins> SONY BMG shall pay all costs associated with providing notice to the members of the Settlement Class;

(~~q~~<ins>s</ins>) required SONY BMG, between the Preliminary Approval Date and ~~[FILL IN DATE]~~ _____, 2006, to cause an independent third party to investigate whether SONY BMG has collected, aggregated or retained ~~Personal Data~~<ins>personal data</ins> in a manner inconsistent with the Settlement ~~22085153v4 . 15 .~~ Agreement<ins>, Paragraph III.S,</ins> and to provide the third party's conclusions to Plaintiffs' Class Counsel and to the Court prior to the Fairness Hearing<ins> and post the third party's conclusions on its website no more than thirty (30) days after receiving those conclusions,</ins> which it did;

(~~r~~<ins>t</ins>) preliminarily barred and enjoined Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class from<ins>:</ins> (~~i~~<ins>1</ins>) filing, commencing, prosecuting, maintaining, <ins>or</ins> intervening in~~, participating in~~ ~~(as members of a class action or otherwise),~~ any claim, lawsuit, arbitration, administrative, regulatory or other proceeding<ins> (as members of a class action or otherwise)</ins> arising out of the Released Claims ~~(as defined in paragraph II.L. of the Settlement Agreement)~~ against any of the Released Parties ~~(as defined in paragraph II.H. of the Settlement Agreement)~~; and (~~ii~~<ins>2</ins>) organizing or soliciting the participation of any members of the Settlement Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims against any of the Released Parties;

(~~s~~<ins>u</ins>) provided that if for any reason, the Effective Date of the Settlement does not occur, the Hearing Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of ~~[DATE BEFORE IT IS EXECUTED]~~,<ins>December 22, 2005,</ins> except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement

35

shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be

22085153v8                                             - 17 -

consummated or the Effective Date of the Settlement to occur including, without limitation, paragraphs IX. A., IX.B., XI.C, XI.D., XI.K., and XI.L. of the Settlement Agreement.

(t<u>v</u>) provided that nothing in the Hearing Order shall be construed or used as an admission, concession, or declaration by or against SONY BMG for any fault, wrongdoing, breach or liability; or be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; or be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any ~~Claim~~<u>claim</u> asserted in ~~this~~<u>the</u> Action; and

WHEREAS, on ~~[FILL IN DATE FROM HEARING ORDER ¶ 12]~~ , Defendant submitted to this Court proof of the e-mailing of the Full Statement Notice, the posting of the Full Statement Notice on SONY BMG's website, the use of the "Banner" to provide a link to the Full Settlement Notice, the coordination with prominent search engines, to make the Full Settlement Notice readily accessible on the Internet, and publication of the Summary <u>Settlement</u> Notice, as ~~22085153v4                  16~~ directed in the Hearing Order, pursuant to which members of the Settlement Class were notified of their rights to: (i) request exclusion from the Settlement Class; or (ii) appear at the hearing in favor of, or opposition to, the Settlement and/or the application of Plaintiffs' counsel for award of fees and reimbursement of expenses; and

WHEREAS, SONY BMG has submitted evidence demonstrating, and the Court finds, that SONY BMG provided the notices to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715; and

WHEREAS, the Fairness Hearing was duly held as noticed on _____ , ~~2006~~<u>200_</u>; and

WHEREAS, this Court, having heard from <u>Plaintiffs'</u> Class Counsel on behalf of the Settlement Class, and from Defendants' counsel, and having reviewed all other arguments and

submissions presented by all interested persons and entities with respect to the Settlement and

22085153v8

the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Notice to the members of the Settlement Class required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as directed by this Court in the Hearing Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, and satisfied the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

2. The Settlement Class as provided in the Hearing Order is unconditionally certified pursuant to Rules 23(a) and Rules 23(b)(~~3~~2) and 23(b)(3) of the Federal Rules of Civil Procedure.

3. For purposes of all aspects of the Settlement except the provisions of Section IV, with respect to which the Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(2), the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.