22085153v4 ———————————————————— 17 6        . 19 .

**40**

4.     For purposes of the injunctive relief specified in Section IV of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that; (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

5.     3. The Settlement, as set forth in the Settlement Agreement, is in all respects fair,

reasonable, and adequate, and in the best interests of the ~~members of the~~ Settlement Class Members, and is

approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure.

6.     4. Plaintiffs and Defendant are directed to promptly consummate the Settlement in

accordance with the Settlement Agreement and all of its terms~~, which are hereby incorporated by reference herein~~.

7.     5. The Settlement shall not be deemed to constitute an admission or finding of

liability or wrongdoing on the part of Defendant, or any of the Plaintiffs, Settlement Class ~~members, Releasing Parties (as defined below)~~ Members, or Released Parties ~~(as defined below)~~.

8.     6. Those persons appearing on the list annexed hereto as Exhibit A have properly

and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's

Hearing Order, and are excluded from the Settlement Class, shall not be bound by this Final

Order and Judgment (except with respect to the injunctive relief specified in Section IV of the

Settlement Agreement), and shall not participate in the proceeds of the Settlement hereby

approved

nor receive any benefit thereunder.

22085153v8                                                                    -20-

9.     ~~7.~~ The Action is hereby dismissed, with prejudice, on the merits, as against all

Plaintiffs and all members of the Settlement Class, on the terms and conditions set forth in the

Settlement Agreement, and without costs to any party except as provided herein, in the Hearing

Order and in the Settlement Agreement.

~~8.        For the purposes~~

10.     Upon the Effective Date, each Plaintiff and each Settlement Class Member shall

be deemed to have, and by operation of this Final Order and Judgment~~, the following terms shall~~

~~have~~

~~the following meanings:~~

~~(a) "Released Parties" means each and all of the Defendants, SunnComm, and all of~~

~~their and its direct and indirect parent companies, including, without limitation, Sony~~

~~Corporation and Bertelsmann AG, and all of their respective divisions and direct and indirect~~

~~subsidiaries, affiliates, partners, joint ventures, predecessor and successor corporations and~~

~~22085153v4                                                18~~

~~business entities, and all of their respective past and present officers, directors, servants,~~

~~sureties, attorneys, employees, controlling or principal shareholders, general or limited~~

~~partners or partnerships, divisions, insurers, designated management companies, and all of~~

~~their successors or predecessors in interest, assigns or legal representatives, and any persons~~

~~or entities that have manufactured, supplied, advertised, marketed, distributed, or sold~~

~~MediaMax Software, XCP Software, MediaMax CDs and/or XCP CDs. "Releasing Party" or~~

~~"Releasing Parties" means each Plaintiff, each member of the Settlement Class who has not~~

~~timely submitted a properly completed request for exclusion, and its, his, her, or their~~

~~respective past, present, or future parents, subsidiaries, predecessors, successors, heirs,~~

personal representatives, affiliates, insurers, attorneys, and/or assigns.

(b) "Settlement Class" means the named Plaintiffs in the Action and all natural persons or entities in the United States who (z) purchased or received one or more MediaMax CDs and/or XCP CDs from any source, including a retail store and a mail-order or Internet-based retailer, another owner or holder of a MediaMax CD or XCP CD, or directly from SONY BMG; and/or *(ii)* at any time, came into possession of, or otherwise used, one or more MediaMax CDs and/or XCP CDs. Excluded from the Settlement Class are Released Parties; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Defendants and SunnComm; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all claims that are the subject of the Action.

(c) "Settlement Class Member" means any person who falls within the definition of the Settlement Class and who did not validly and timely elect exclusion from the Settlement Class under the conditions and procedures for exclusion as determined by this Court and described in any Notice of Pendency and Settlement of Class Action approved by this Court.

22085153v4                                                                    -19-

(d) "Released Claims" means any and all claims, rights, damages, losses, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, debts, liens, contracts, liabilities, agreements, costs, or expenses, of any nature whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including Unknown Claims, of any and all Plaintiffs and/or Settlement Class Members arising out of any purchase or use by them of an XCP CD or a MediaMax CD, the XCP Update or the MediaMax Update, or the installation or de-installation of XCP Software or MediaMax Software, to the extent that such claims: (a) arise out of the Action or the Non-S.D.N.Y. Actions; (b) relate to any allegations that either were or could have been asserted in the Action or the Non-S.D.N.Y.

Actions; or (c) which might in the future be asserted by any Plaintiff or Settlement Class Member, against any of the Released Parties that would arise out of, or relate to in any manner, directly or indirectly, any acts, facts, transactions, occurrences, conduct, representations or omissions alleged in the Action and the Non-S.D.N.Y. Actions, including, without limitation, claims respecting ~~to~~ any disclosure, advertising or other descriptions of, or claims relating to *(i)* the nature, quality, value, and/or functionality of the MediaMax CDs, the XCP CDs, the MediaMax Software, MediaMax Update, MediaMax Uninstaller, XCP Software, XCP Update or XCP Uninstaller; and/or (n) the EULAs. Released Claims also include claims for abuse of process, malicious prosecution or any other claim arising out of, relating to, or in connection with the defense or resolution of the Action, which raise highly individualized issues, including proof of causation. Released Claims do not include *(i)* claims for consequential damage to a computer or network that may or are alleged to have resulted from interactions between the XCP Software or the MediaMax Software and other software or hardware installed on such computer or network.    However, Released Claims do include claims relating to the asserted costs of

22085153v4                                              . 20 -

removing XCP Software and/or MediaMax Software from a computer and damages caused by negligent or improper removal of XCP Software and/or MediaMax Software.

(e)  "Unknown Claims" means all claims arising out of facts relating to any matter covered by the Released Claims which all persons or entities providing releases under this Settlement Agreement, including all Settlement Class Members, do not know or suspect to exist in their favor at the time of the release of the Released Parties and which, if known by them, might have affected their decision to settle with Defendant and release the Released Parties or to take any other action including, but not limited to, objecting or not objecting to the Settlement.   All persons or entities providing releases under this Settlement Agreement

may hereafter discover facts other than or different from those which such persons now know or believe to be true with respect to the subject matter of the Released Claims.   Upon the Effective Date of the Settlement, each person or entity providing releases under the Settlement Agreement, including all Settlement Class Members, shall be deemed to have waived any and all rights that he, she, it or they may have under any statute, regulation, administrative adjudication or common law principle that would otherwise limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of execution of this Settlement Agreement, including, but not limited to, the provisions of Section 1542 of the California Civil Code, to the extent deemed applicable, which provides as follows:

> 1542.  General Release-Claims Extinguished.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

(f)  The "Effective Date" of the Settlement is the date on which the Judgment becomes Final.

22085153v4                                                                            -21-

(g) "Class Period" means the period from August 2003 through the Effective Date. (h) "Final" means, when used in connection with any court order or judgment, that the relevant order or judgment will be final:

a)       if no appeal is taken therefrom, on the date on which the time to appeal therefrom (including any potential extension of time) has expired; or

b)       if any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal therefrom (including any potential extension of time) has expired, in a

manner resulting in an affirmance of the relevant order or judgment.

(i) The "Injunctive Period" is the period between one day after the Preliminary Approval Date and December 31, 2007.

(j) "Confirmed Security Vulnerability" means [placeholder].

(k) "Suspected Security Vulnerability" means [placeholder].

I

(l) "Personal Data" means information stored on a computer that discloses the identity of the individual using that computer or websites, other than the SONY BMG and SunnComm websites, that the user has visited using the browser on such computer, but does not include the Internet Protocol address of the computer's Internet connection or any information with respect to an album title, artists and tracks that is routinely logged by SONY BMG in connection with enhanced or connected CDs. [Plaintiffs may suggest alternate definition.]

(m) "Plaintiffs' Class Counsel" means the firms of Girard Gibbs & De Bartolomeo LLP and Kamber & Associates, LLC.

22085153v4                                                                 - 22 -

(n) The "Preliminary Approval Date" is the date one business day after the Court grants preliminary approval to this Settlement Agreement and directs the Defendants to send notice to Settlement Class Members on the terms specified herein.

(o) "Settlement Agreement" and the "Settlement" refers to the Settlement Agreement executed by the parties on [FILL IN DATE] and the terms thereof. shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Parties, in the manner(s) set forth in the Settlement Agreement.

11.    9. Upon the Effective Date, each Plaintiff and each Settlement Class Member

shall

be ~~deemed to have, and by operation of~~ ~~this Final Order and Judgment shall have, fully, finally,~~ ~~and forever released, relinquished and discharged all Released Claims (including Unknown~~ ~~Claims) against the Released Parties.~~<u>permanently barred and enjoined from asserting,</u>

<u>commencing, prosecuting or continuing any</u>

<u>of the Released Claims.</u>

~~10.~~

<u>12.</u>    Upon the Effective Date, ~~the Defendant shall be deemed to have, and by operation~~ ~~of~~ <u>Defendants shall be</u> <u>deemed to have, and by operation of</u>

this Final Order and Judgment shall have, fully, finally and forever released, relinquished and

discharged all of the Plaintiffs ~~and all~~<u>, Plaintiffs'</u> Class Counsel <u>and all agents of and expert</u>

<u>witnesses</u>

<u>retained by Plaintiffs' Class Counsel</u> from any claims ~~(including Unknown~~

<u>(including Unknown</u> Claims) for abuse of

process, malicious prosecution or any other claim arising out of, relating to,

~~or in connection~~ <u>or in connection</u>

with the institution, prosecution, assertion or resolution of the Action.

~~11.    The Court finds that non-Released Claims    for consequential damage to a~~ ~~computer that allegedly result from interactions between the XCP Software or the MediaMax~~ ~~Software and other software or hardware installed on such computer    do not meet the~~ ~~standards for class certification~~ ~~under Federal Rule of Civil Procedure 23(b)(3), and could not~~ ~~manageably be litigated on a class basis, because such claims unavoidably involve individual~~ ~~issues, including proof of causation.   Defendants have agreed that, to the extent an individual~~ ~~pursues such non-Released Claims on an individual basis, as opposed to a class action, mass~~ ~~action or as a "private attorney general" under statutes authorizing such actions, Defendants will~~

~~waive the five dollar limitation of liability (Article 6), and the New York forum selection clause~~

~~(Article 10) of the XCP EULA and the MediaMax EULA with respect to such person and such~~

13.     Upon the Effective Date, Defendants shall be deemed to have waived the limitation of liability provisions (XCP EULA and MediaMax 5.0 EULA Article 6; MediaMax 3.0 EULA Article 4.1), and the New York forum selection clauses (XCP EULA and MediaMax 5.0 EULA Article 10; MediaMax 3.0 EULA Article 6.1) of the EULAs, only to the extent that a person pursues non-Released Claims against Defendants on an individual, as opposed to class action or mass action, basis.

22085153v~~4~~8                                           - ~~23~~ 21 -

~~action. To the extent that any person attempts to pursue non-Released Claims on a class action or mass action basis or as a "private attorney-general," Defendants shall not be required to waive any rights under the XCP EULA and MediaMax EULA with respect to such person and such action.~~

14. ~~12.~~ ~~Each Settlement Class Member is permanently enjoined and barred from~~

~~prosecuting non-Released Claims for consequential physical damage to a computer that allegedly result from interactions between the XCP Software or the MediaMax Software and other software or hardware installed on such computer on a class action or mass action basis pursuant to federal law or the law of any State.~~Based on the record and confirmatory discovery obtained by Plaintiffs' Class

Counsel, the Court finds that the scope of the Settlement Class and Release are appropriate in light of concerns that non-Released Claims for consequential damages to a computer or network as defined in Section II.O. of the Settlement Agreement may raise questions concerning the predominance and manageability required under Federal Rule of Civil Procedure 23(b)(3).

15. An incentive payment, not to exceed $1,000, is hereby awarded to each of the following named plaintiffs in the Action and the Non-S.D.N.Y. Actions: **[insert names].** Defendants shall pay $1,000 to each of the specified individuals within ten (10) business days after the Effective Date.

16. ~~13.~~ Plaintiffs' counsel are hereby awarded (~~z~~_i_) attorneys' fees in an amount not to

exceed **[sum to be ~~negotiated~~specified]**, and (~~ii~~_ii_) reimbursement of their reasonable documented expenses

incurred up to and through the date of the Fairness Hearing in an amount not to exceed **[sum to be ~~negotiated].~~ specified].** Such amounts are to be paid to Plaintiffs' Class Counsel by

Defendants within ten ~~(10)~~

~~business days after the Effective Date. Such expenses shall not include any expenses incurred in~~

~~connection with notice or fulfillment of the Settlement or providing the Settlement Benefit(s) to~~

~~Settlement Class Members, which costs and expenses shall be borne entirely by Defendants.~~

~~Defendants shall not oppose any of the foregoing requests, and will pay these~~ ~~amounts, or such~~

~~smaller amounts, awarded by the Court to~~ ~~Plaintiffs' Class Counsel.~~

(10) business days after the Effective Date, and in accordance with Paragraphs _____ , _____ of the

Settlement Agreement.   Such expenses shall not include any expenses incurred in connection

with notice or fulfillment of the Settlement or providing the Settlement Benefit(s) to Settlement

Class Members, which costs and expenses shall be borne entirely by Defendants.

     17.    The award of attorneys' fees to Plaintiffs' counsel, as provided in paragraph 16,

above, shall be allocated among Plaintiffs' counsel in a fashion which, in the opinion of

Plaintiffs' Class Counsel, fairly compensates Plaintiffs' counsel for their respective contributions

in the prosecution of the Action.  In making its award of attorneys' fees and reimbursement of

expenses, in the amounts described in paragraph 16, above, the Court has considered and finds as

follows:

22085153v8 _____ -22-

a.      The Settlement has provided a significant amount of cash and non-cash relief to the Settlement Class.

b.      Defendants' adoption of substantial changes to their business practices and procedures involving the use and appropriate disclosure of Content Protection Software were a negotiated material term of Settlement.

c.      The Settlement Notice was published to at least _____ putative Settlement Class members.   Only _____ [No] objections were filed against the terms of the proposed Settlement.

d.      Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class as a whole.

e.      The Action involves complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

f.      Had Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants, and that any recovery would have been significantly delayed which would have resulted in the continued exposure of Settlement Class members' computers to security vulnerabilities.

g.      The amount of attorneys' fees and reimbursable expenses awarded to Plaintiffs' counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

14. 18.      Following the Effective Date, Plaintiffs' Class Counsel may separately request the

Court to award to Plaintiffs'  Class Counsel a further reimbursement of their

reasonable

53

22085153 v8                                                          -23-

documented expenses incurred between the Fairness Hearing and the Effective Date, provided

that this amount, when added to the amount awarded pursuant to paragraph ~~12~~16(~~zz~~/J), above,

does

~~not exceed [the number appearing above in paragraph 13].~~ ~~Defendants shall not oppose this~~

~~22085153v4~~ _____ ~~24~~

~~request and will~~not exceed___.___Defendants shall pay this amount, or such smaller

amount, awarded by the Court to Plaintiffs' Class Counsel~~.~~,

~~15.~~ ~~Such attorneys' fees, expenses and/or interest thereon as are awarded by the Court~~

~~may be paid to Plaintiffs' Class Counsel, at Defendants' sole option, at any time following the~~

~~date of such award, notwithstanding the existence of any timely filed objections thereto, or~~

~~potential for appeal therefrom, or collateral attack on the settlement or any part thereof. Such~~

~~payment, if made prior to the Effective Date, shall be subject to the following conditions:~~

~~(a)~~ ~~If the Settlement Agreement becomes null and void for any reason, or is~~

~~terminated, or for any reason the Effective Date does not occur, Plaintiffs' Class Counsel~~

~~shall be obligated to repay to Defendants all attorneys' fees, expenses and/or interest awarded~~

~~by the Court and paid by Defendants, or portion thereof if the award of attorneys' fees,~~

~~expenses and/or interest is reduced;~~

~~(b)~~ ~~Plaintiffs' Class Counsel shall, without need for motion by Defendant or further~~

~~notice, within five (5) business days after issuance of (z) a mandate reversing the Judgment~~

~~on appeal; or (ii) an order terminating the Settlement Agreement or otherwise causing the~~

~~Settlement Agreement to become null and void for any other reason, return to Defendants the~~

~~full amount of all attorneys' fees, expenses and/or interest awarded to Plaintiffs' Class~~

~~Counsel or the amount such award of attorneys' fees, expenses and/or interest is reduced.~~

54

Plaintiffs' Class Counsel must, without need for motion by Defendants or further notice, within five (5) business days after issuance of a mandate or order reducing the amount of attorneys' fees, expenses and/or interest awarded to Plaintiffs' Class Counsel, return to Defendants the amount by which the attorneys' fees, expenses and/or interest were reduced. The foregoing repayment obligations shall be enforceable by any means, including the

22085153v4 ————————————————————————— . 25 -

contempt power of the Court, and the Court shall retain jurisdiction to enter all orders necessary to enforce such obligations.

(c)  Immediately upon the entry of the Judgment, Plaintiffs' Class Counsel shall be deemed to have submitted themselves to the jurisdiction of this Court. For purposes of further effectuating this provision, Plaintiffs' Class Counsel irrevocably waives and agrees not to assert, by way of motion, as a defense or otherwise, any claim or objection that the Court is, in any way, an improper venue or inconvenient forum.

19.      16. Defendants and the Released Parties (as defined above) shall not be liable for any

additional fees or

expenses for Plaintiffs' Class Counsel or counsel of any Plaintiff or Settlement Class Member in

connection with the Action, other than as or the Non-S.D.N.Y. Actions, beyond those expressly

provided in the

Settlement Agreement, and paragraphs 15 through 18, above.

20.      After the Effective Date, and before receiving any portion of the attorneys' fees

specified in paragraph 16, counsel pursuing any of the Non-S.D.N.Y. Actions shall voluntarily

discontinue such Non-S.D.N.Y. Actions.

21.      17. By reason of the Settlement, and approval hereof, there is no just reason for

delay

and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure.

22. 18. Jurisdiction is reserved, without affecting the finality of this Final Order

and

Judgment, over:

(a) Effectuating thisthe Settlement and the terms of the Settlement Agreement,

including

the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of

expenses,

including any interest accrued thereon;

(b) Supervising all aspects of the administration of the Settlement, and providing the

benefits of the Settlement to Settlement Class Members, including, but not limited to, the

resolution of any complaints submitted by Settlement Class Members, and for future

allowances of expenses incurred by Plaintiffs' counsel solely in the administration of the

Settlement, subject to the limits specified above in Paragraph 1416;

22085153v4                                                    . 26 8 - 24 -

56

(c) Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

(d) (c) Enforcing  and administering the  Settlement Agreement and the Settlement

including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

(e) (d) Adjudicating any disputes that arise under the Settlement Agreement; and

(f) (e) Any other matters related or ancillary to the foregoing.


Dated: New York, New York,


_____, 2006


                                    **SO ORDERED, ADJUDGED AND DECREED**



                                    _____
                                    THE HONORABLE NAOMI R. BUCHWALD
                                    UNITED STATES DISTRICT JUDGE