UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/06

-------------------------------------------------------------------- x
                         :

In re SONY BMG CD Technologies Litigation     :   No. 1:05-cv-09575-NRB

                         :

-------------------------------------------------------------------- x

## FINAL ORDER AND JUDGMENT

**WHEREAS**, SONY BMG Music Entertainment ("SONY BMG") markets and, directly and indirectly, including through retailers, sells, among other things, compact discs ("CDs") containing music from a wide variety of genres; and

**WHEREAS**, during the period beginning on August 1, 2003 through the present, some, but not all, of the CD titles marketed and sold by SONY BMG, contained, in addition to tracks of music, software (referred to herein as "Content Protection Software") that, when the CDs were inserted into computers with CD player/recorder drives, enable consumers to transfer the music to their computers, from which consumers could make other authorized uses (including transferring the music to portable devices and copying the music onto no more than three blank CDs), and which prohibit other uses; and

**WHEREAS**, SONY BMG used two types of Content Protection Software on CDs during the Class Period, "MediaMax" and "XCP"; and

**WHEREAS**, two versions of "MediaMax" — MediaMax 3.0 and MediaMax 5.0 — were designed and licensed to SONY BMG by SunnComm International Inc., a Nevada corporation

headquartered in Arizona (Sunncomm International Inc. and another Nevada corporation headquartered in Arizona, MediaMax Technology Corp. being collectively referred to herein as "SunnComm"); and

**WHEREAS**, the MediaMax software included on SONY BMG CDs sold to consumers during the Class Period will be referred to herein as the "MediaMax Software," and a SONY BMG CD or copy thereof containing MediaMax Software will be referred to herein as a "MediaMax CD"; and

**WHEREAS**, various versions of "XCP" were designed and licensed to SONY BMG by First 4 Internet Ltd. ("F4I," and, collectively with SONY BMG and SunnComm, the "Defendants"), a corporation located in and organized under the laws of the United Kingdom; and

**WHEREAS**, the XCP versions included on SONY BMG CDs sold to consumers during the Class Period will be referred to herein as the "XCP Software," and a SONY BMG CD or copy thereof containing XCP Software will be referred to herein as an "XCP CD"; and

**WHEREAS**, the following CD titles distributed by SONY BMG are XCP CDs:

| A Static Lullaby | Faso Latido |
|---|---|
| Acceptance | Phantoms |
| Amerie | Touch |
| Art Blakey | Drum Suit |
| The Bad Plus | Suspicious Activity? |
| Bette Midler | Sings the Peggy Lee Songbook |
| Billie Holiday | The Great American Songbook |
| Bob Brookmeyer | Bob Brookmeyer & Friends |
| Buddy Jewell | Times Like These |
| Burt Bacharach | At This Time |

| | |
|---|---|
| Celine Dion | On Ne Change Pas |
| Chayanne | Cautivo |
| Chris Botti | To Love Again |
| The Coral | The Invisible Invasion |
| Cyndi Lauper | The Body Acoustic |
| The Dead 60's | The Dead 60's |
| Deniece Williams | This Is Niecy |
| Dextor Gordon | Manhattan Symphonie |
| Dion | The Essential Dion |
| Earl Scruggs | I Saw The Light With Some Help From My Friends |
| Elkland | Golden |
| Emma Roberts | Unfabulous And More: Emma Roberts |
| Flatt & Scruggs | Foggy Mountain Jamboree |
| Frank Sinatra | The Great American Songbook |
| G3 | Live In Tokyo |
| George Jones | My Very Special Guests |
| Gerry Mulligan | Jeru |
| Horace Silver | Silver's Blue |
| Jane Monheit | The Season |
| Jon Randall | Walking Among The Living |
| Life Of Agony | Broken Valley |
| Louis Armstrong | The Great American Songbook |
| Mary Mary | Mary Mary |
| Montgomery Gentry | Something To Be Proud Of: The Best of 1999-2005 |
| Natasha Bedingfield | Unwritten |
| Neil Diamond | 12 Songs |
| Nivea | Complicated |

| | |
|---|---|
| Our Lady Peace | Healthy In Paranoid Times |
| Patty Loveless | Dreamin' My Dreams |
| Pete Seeger | The Essential Pete Seeger |
| Ray Charles | Friendship |
| Rosanne Cash | Interiors |
| Rosanne Cash | King's Record Shop |
| Rosanne Cash | Seven Year Ache |
| Shel Silverstein | The Best Of Shel Silverstein |
| Shelly Fairchild | Ride |
| Susie Suh | Susie Suh |
| Switchfoot | Nothing Is Sound |
| Teena Marie | Robbery |
| Trey Anastasio | Shine |
| Van Zant | Get Right With The Man |
| Vivian Green | Vivian |

**WHEREAS**, the following CD titles distributed by SONY BMG are MediaMax CDs containing MediaMax 3.0:

| | |
|---|---|
| Anderson, Keith | Three Chord Country |
| Backstreet Boys | Never Gone (Walmart) |
| Backstreet Boys | Never Gone (Target) |
| Backstreet Boys | Never Gone |
| Brickman, Jim | Grace |
| Brickman, Jim | Grace (Provident Version) |
| Citizen Cope | Clarance Greenwood Recordings |
| Charlotte Martin | On Your Shore |
| Chieftains, The | Live From Dublin |
| Clay Aiken | Merry Christmas |
| Dave Matthews Band | Stand Up |
| Dido | "White Flag" W/Enhanced Features  (Maxi Single) |

| Foo Fighters | In Your Honor (Bb Version) |
|---|---|
| Foo Fighters | In Your Honor |
| 40 Below Summer | The Mourning After |
| Hamilton, Anthoney | Coming From Where I'm From |
| J-Kwon | Hood Hop (Edited) |
| J-Kwon | Hood Hop (Ex) |
| Kasabian | Kasabian |
| Kings Of Leon | Aha Shake Heartbreak |
| Mclachlan, Sarah | "Fallen" W/Enhanced Features  (Maxi Single) |
| Mclachlan, Sarah | Afterglow Live |
| Mclachlan, Sarah | Afterglow Live |
| Nodesha | Get It While It's Hot (Maxi Single) |
| Sahara Hotnights | Kiss & Tell |
| Silvertide | Show & Tell |
| Silvertide | Show & Tell (Ex) |
| Soundtrack | Xxx: State Of The Union |
| Soundtrack | Xxx: State Of The Union |
| Stone, Angie | Stone Love |
| Tha' Rayne | Didn't You Know (Maxi Single) |
| Velvet Revolver | Contraband  (Bb Version) |
| Velvet Revolver | Contraband (Ed) |
| Velvet Revolver | Contraband (Ex) |
| Yung Wun | The Dirtiest Thirstiest (Ex) |
| Yung Wun | The Dirtiest Thirstiest |
| Various | Relaxation: A Windham Hill Collection |

**WHEREAS,** the following CD titles distributed by SONY BMG are MediaMax CDs

containing MediaMax 5.0:

| Alicia Keys | Unplugged |
|---|---|
| Amici Forever | Defined |
| Babyface | Grown & Sexy |
| Black Rebel Motorcycle Club | Howl |
| Britney Spears | Hitme - Remix |
| Cassidy | I'm A Hustla |

| Chris Brown | Chris Brown |
| --- | --- |
| Cook, Dixon & Young | Volume One |
| David Gray | Life In Slow Motion |
| Dido | Dido Live |
| Faithless | Forever Faithless/ENH |
| Imogen Heap | Speak For Yourself |
| Judd & Maggie | Subjects |
| Leo Kottke/Mike Gordon | Sixty Six Steps |
| Maroon 5 | Live |
| My Morning Jacket | Z |
| Raheem Devaughn | The Love Experience |
| Santana | All That I Am |
| Sarah McLachlan | Bloom (Remix Album) |
| Stellastarr* | Harmonies for the Haunted |
| Syleena Johnson | Chapter 3: The Flesh |
| T-Pain | Rappa Ternt Sanga |
| Various | So Amazing: An All Star Tribute To Luther Vandross |
| Various | Songs Brown Hotel |
| Wakefield | Which Side Are You On? |
| Charlie Wilson | Charlie, Last Name Wilson |
| YoungBloodZ | Everybody Know Me |

**WHEREAS,** six complaints—*Maletta v. SONY BMG Music Entm't*, No. 05 CV 10637 (UA) (S.D.N.Y. Dec. 19, 2005); *Ricciuti v. SONY BMG Music Entm't*, No. 05 CV 10190, consolidated as No. 05 CV 9609(NRB) (S.D.N.Y. Dec. 5, 2005); *Klewan v. Arista Holdings Inc. d/b/a SONY BMG Music Entm't*, No. 05 CV 9609, consolidated as No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005); *Michaelson v. SONY BMG Music, Inc.*, No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005); *Potter v. SONY BMG Music Entm't*, No. 05 CV 9607, consolidated as No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005); *Rivas v. SONY BMG Music Entm't*, No. 05 CV 9598, consolidated as No. 05 CV 9575 (NRB) (S.D.N.Y. Nov. 14, 2005)—were filed in the Southern District of New York and are subject to consolidation before the Honorable Naomi Reice Buchwald into the above-referenced *SONY BMG CD Technologies Litigation* (the "Action"); and

- 6 -

**WHEREAS**, a Consolidated Amended Complaint in the Action (hereafter, the "Complaint") was filed on December 28, 2005; and

**WHEREAS**, as of the date of Settlement, other complaints raising substantially identical claims (collectively, the "Non-S.D.N.Y. Actions") have been filed in other jurisdictions as follows: *Black v. SONY BMG Music Entm't*, No. CIV-05-1315 WDS/RLP (D. N.M. Dec. 19, 2005); *Klemm v. SONY BMG Music Entm't*, No. C 05 5111 BZ (N.D. Cal. Dec. 9, 2005); *Melcon v. SONY BMG Music Entm't*, No. C 05 5084 MHP (N.D. Cal. Dec. 8, 2005); *Ponting v. SONYBMG Music Entm't, LLC*, No. CV-05-08472-JFW(AJWx) (C.D. Cal. Dec. 2, 2005); *Jacoby v. SONY BMG Music Entm't*, No. 05/116679 (N.Y. Sup. Ct. Nov. 30, 2005); *Bahnmaier v. SONY BMG Music Entm't*, No. CJ 2005 06968 (Okla. Dist. Ct. Nov. 28, 2005); *Xanthakos v. SONY BMG Music Entm't, LLC*, No. 05-0009203 (D.C. Super. Ct. Nov. 28, 2005); *Maletta v. SONY BMG Music Entm't Corp.*, No. BC343615 (Cal. Super. Ct. Nov. 28, 2005); *Burke v. SONY BMG Music Entm't*, No. 857213 (Cal. Super. Ct. Nov. 22, 2005); *Hull v. SONY BMG Music Entm't*, No. BC343385 (Cal. Super. Ct. Nov. 21, 2005); *Cooke v. SONY BMG Music Entm't*, No. 05-0009093 (D.C. Super. Ct. Nov. 18, 2005); *DeMarco v. SONY BMG Music*, No. 2:05-cv-05485-WHW-SDW (D.N.J. Nov. 17, 2005); *Stynchula v. Sony Corp. of Am.*, No. BC343100 (Cal. Super. Ct. Nov. 15, 2005); *Gruber v. Sony Corp. of Am.*, No. BC342805 (Cal. Super. Ct. Nov. 9, 2005); *Guevara v. SONY BMG Music Entm't*, No. BC342359 (Cal. Super. Ct. Nov. 1, 2005) (although several of the complaints in the Action and the Non-S.D.N.Y. Actions misstate the name of SONY BMG, it is understood that SONY BMG is the defendant meant to have been named in each such complaint); and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that, when and if an XCP CD is inserted into a computer, an End User License Agreement (a

- 7 -

"EULA", and, with respect to XCP CDs, the "XCP EULA") appears automatically on the screen and the XCP Software installs itself on the user's computer; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions assert that the XCP Software contains a potentially harmful "rootkit" which renders the user's computer more vulnerable to "malware" promulgated by third parties, including "viruses," "Trojan Horses" and "spyware," than the computers would have been had the software not been installed; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that the XCP Software interferes with the user's ability to access the music via non-XCP software, consumes excess computer resources and causes system errors; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that SONY BMG, including through the XCP EULA, misrepresented, or did not fully or adequately disclose, the true nature of the XCP Software; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that the XCP EULA contained terms that are unconscionable or otherwise unenforceable; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that once installed, the XCP Software is difficult to locate and remove, and that SONY BMG did not make available a ready means to uninstall the XCP Software; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that when SONY BMG made an uninstaller program available to remove the XCP Software, this program also created a security risk; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that, when a MediaMax CD is inserted into a computer, a EULA appears automatically on the screen (for CDs containing the MediaMax 3.0 software, the "MediaMax 3.0 EULA"; for CDs

containing the MediaMax 5.0 software, the "MediaMax 5.0 EULA"; each, a "MediaMax EULA", and collectively, the "MediaMax EULAs"), and that certain software files are immediately loaded onto the computer even before the user of the MediaMax CD has an opportunity to accept or reject the MediaMax EULA; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that these software files remain on the computer even if the MediaMax EULA is rejected; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions also allege that SONY BMG, including through the MediaMax EULAs, misrepresented, or did not fully or adequately disclose, the true nature of the MediaMax Software; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that the MediaMax EULAs contained terms that are unconscionable or otherwise unenforceable; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that at least one version of MediaMax Software causes a file folder to be installed on a user's computer that renders the user's computer more vulnerable to security breaches by third parties by allowing these third parties to gain enhanced permissions over the user's computer running the Windows operating system; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that SONY BMG did not make available a ready means to uninstall the MediaMax Software; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions allege that when SONY BMG made a program available to uninstall the MediaMax Software, this program also created a security risk; and

**WHEREAS**, the Complaint and the complaints in the Non-S.D.N.Y. Actions claim that the SONY BMG and F4I, by disseminating the XCP Software on XCP CDs, and that SONY BMG and SunnComm, by disseminating the Media Max software on Media Max CDs, violated,

- 9 -

among other things, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq.; the consumer fraud, false advertising, and/or deceptive trade practices laws of the several states, and state and federal common law; and

**WHEREAS**, the Complaint seeks injunctive relief, equitable relief, restitution, and damages on behalf of a nationwide class of consumers who used any of the MediaMax CDs and/or the XCP CDs; and

**WHEREAS**, the plaintiffs in the Non-S.D.N.Y. Actions seek essentially the same relief on behalf of a nationwide class or the residents of individual states; and

**WHEREAS**, on April 19, 2006, the Judicial Panel on Multidistrict Litigation entered a Transfer Order in Docket No. 1750, *In Re Sony BMG Audio Compact Disc Litigation*, transferring each of the following Non-S.D.N.Y. Actions to the Southern District of New York, and with consent of this Court, assigning same to the Honorable Naomi Reice Buchwald for coordinated or consolidated pretrial proceedings with the actions already pending in the District: *Black v. SONY BMG Music Entm't*, No. CIV-05-1315 WDS/RLP (D. N.M. Dec. 19, 2005); *Klemm v. SONY BMG Music Entm't*, No. C 05 5111 BZ (N.D. Cal. Dec. 9, 2005); *Melcon v. SONY BMG Music Entm't*, No. C 05 5084 MHP (N.D. Cal. Dec. 8, 2005); *Ponting v. SONYBMG Music Entm't, LLC*, No. CV-05-08472-JFW(AJWx) (C.D. Cal. Dec. 2, 2005); and *DeMarco v. SONY BMG Music*, No. 2:05-cv-05485-WHW-SDW (D.N.J. Nov. 17, 2005); and

**WHEREAS**, on May 1, 2006, the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order in Docket No. 1750, *In Re Sony BMG Audio Compact Disc Litigation*, conditionally transferring the following "tag along" Non-S.D.N.Y. Action to the Southern District of New York, and with consent of this Court, assigning same to the Honorable Naomi Reice Buchwald for coordinated or consolidated pretrial proceedings with the actions

already pending in the District: *Allen v. Sony BMG Music Entertainment*, No. 0:05-23306-CIV-JORDAN (S.D.Florida Dec. 23, 2005); and

**WHEREAS**, Plaintiffs, through their counsel, have conducted an investigation of the facts and analyzed the relevant legal issues and believe that the claims asserted in the complaints have substantial merit, have examined the benefits to be obtained under the proposed Settlement, including the prompt removal of XCP CDs from the market, SONY BMG's ceasing production of the MediaMax software and in the testing of and disclosures regarding future Content Protection Software, and have considered the risks, costs and delays associated with the continued prosecution of this litigation and the likely appeals of any rulings in favor of either Plaintiffs or Defendants; and

**WHEREAS**, Defendants have conducted an investigation of the facts and analyzed the relevant legal issues; and

**WHEREAS**, Defendants deny all liability with respect to any and all facts or claims alleged in the Complaint, and believe that their defenses to the claims asserted in the Complaint have substantial merit; and

**WHEREAS**, Defendants also have weighed the potential risks, costs and delays associated with continued litigation of the Action and the Non-S.D.N.Y. Actions against the benefits of the proposed Settlement; and

**WHEREAS**, each of the Parties and counsel believes, in consideration of all the circumstances and after substantial arms' length settlement negotiations between counsel, that its interests are best served by entering into the settlement set forth in the Settlement Agreement, and that this proposed settlement is fair, reasonable, adequate and in the best interests of the Settlement Class; and

**WHEREAS**, the Parties also acknowledge that SONY BMG is subject to one lawsuit (*Texas v. SONY BMG Music Entertainment*, Dist. Ct., Travis Co, Tex.), an inquiry by the Federal Trade Commission, and numerous investigations by state attorneys general or other governmental authorities in various jurisdictions (together, the "Government Inquiries"), all of which cover materially the same subject matter as the Complaint and complaints in the Non-S.D.N.Y. Actions; and

**WHEREAS**, it is the intention of SONY BMG to seek to settle the Government Inquiries on an agreed basis to the maximum extent possible, with settlement term(s) to be disclosed to Plaintiffs' Class Counsel, the Court and the public; and

**WHEREAS**, it is the intention of the Parties that the terms of the Settlement Agreement be complementary to the terms of the anticipated settlement(s) of the Government Inquiries, particularly with respect to injunctive relief; and

**WHEREAS**, the Settlement Agreement among the parties defines "Released Claims" as any and all claims, rights, damages, losses, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, debts, liens, contracts, liabilities, agreements, costs, or expenses, of any nature whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including Unknown Claims, of any and all Plaintiffs and/or Settlement Class Members arising out of any purchase or use by them of an XCP CD or a MediaMax CD, the XCP Update the XCP Uninstaller, the MediaMax Update, or the MediaMax Uninstaller or any installation or de-installation of XCP Software or MediaMax Software at any time, to the extent that such claims: (a) arise out of the Action or the Non-S.D.N.Y. Actions; (b) relate to any allegations that either were or could have been asserted in the Action or the Non-S.D.N.Y. Actions; or (c) which might in the future be asserted by any Plaintiff or Settlement Class Member, against any of the Released Parties that would arise out of, or relate to in any manner,

directly or indirectly, any acts, facts, transactions, occurrences, conduct, representations or omissions alleged in the Action and the Non-S.D.N.Y. Actions, including, without limitation, claims respecting any disclosure, advertising or other descriptions of, or claims relating to (*i*) the nature, quality, value, and/or functionality of the MediaMax CDs, the XCP CDs, the MediaMax Software, MediaMax Update, MediaMax Uninstaller, XCP Software, XCP Update or XCP Uninstaller; and/or (*ii*) the EULAs, and/or (*iii*) the alleged collection by Defendants of Personal Data or IP addresses.  Released Claims also include claims for abuse of process, malicious prosecution or any other claim arising out of, relating to, or in connection with the defense or resolution of the Action.  For avoidance of doubt, Released Claims include claims relating to (*i*) the asserted costs of removing XCP Software and/or MediaMax Software from a computer or network and (*ii*) damages caused by negligent removal of XCP Software and/or MediaMax Software.  The sole exception to the definition of Released Claims is that such claims do not include claims for consequential damage to a computer or network that may or are alleged to have resulted from interactions between the XCP Software or the MediaMax Software and other software or hardware installed on such computer or network.  (For avoidance of doubt, Released Claims also do not include copyright, trademark or other claims concerning the ownership of intellectual property rights in the MediaMax Software or the XCP Software, or any uninstallers or updates thereto, which were not alleged); and

**WHEREAS,** the Settlement Agreement among the parties defines "Released Parties" as each and all of the Defendants and each and all of Defendants' direct and indirect parent companies including, in the case of SONY BMG and without limitation, Sony Corporation and Bertelsmann AG, and each and all of each of Sony Corporation's, Bertelsmann AG's and Defendants' respective divisions and direct and indirect subsidiaries, affiliates, partners, joint ventures, predecessors and successor corporations and business entities, and each and all of their

past and present officers, directors, servants, licensees, joint ventures, sureties, attorneys, agents, consultants, advisors, contractors, employees, controlling or principal shareholders, general or limited partners or partnerships, divisions, insurers, designated management companies, and each and all of their successors or predecessors in interest, assigns, or legal representatives, and any persons or entities that have designed, developed, programmed, manufactured, supplied, advertised, marketed, distributed or sold MediaMax CDs and/or XCP CDs or software thereon; and

**WHEREAS,** on February 1, 2006, pursuant to a joint motion of Class Counsel and defendant Sony BMG, the Court entered an order amending the Settlement Agreement dated December 28, 2005 and the Hearing Order, *nunc pro tunc* January 6, 2006, as follows:

(1)     Amending the Settlement Agreement dated December 28, 2005 to

include, as a new Section III.W., the following:

Settlement Class Members who are entitled to receive promotional codes usable to download one or more of the albums from the list attached as Exhibit C, and who do not use those promotional codes by their expiration date (i.e., 180 days after issuance), because, for example, they do not have access to a broadband internet connection and do not wish to download music over a dial-up connection, may, within 60 days after the expiration of the codes, return the codes to the Settlement Administrator, and receive in exchange a payment of two dollars ($2.00), payable by check, for each unused code.

(2)     Amending the Settlement Agreement dated December 28, 2005 to

include, as a new Section III.X., the following:

If, in particular instances, SONY BMG cannot within a reasonable time provide (i) a non-content protected replacement for an XCP CD returned pursuant to Section III.B.1, or (ii) MP3 downloads of the music on an XCP CD or a MediaMax CD pursuant to Section III.B.1, III.E or III.F, then SONY BMG will provide an alternate benefit of equivalent or greater value, in a form acceptable to Plaintiffs' Class Counsel, and in consultation with the affected class member(s).

(3)     Amending paragraph 14 of the Hearing Order to delete "May 1, 2006" in the third line of the paragraph, and to replace it with the following: "May 1, 2006, or within 60 days of the date on which the person becomes a Settlement Class Member (whichever is later)."

(4)     Replacing Exhibit E to the Settlement Agreement with Exhibit 1 to the Parties' Agreed Motion to Modify the Settlement Agreement and Notice Forms dated January 30, 2006; and

(5)     Replacing Exhibit F to the Settlement Agreement with Exhibit 2 to the Parties' Agreed Motion to Modify the Settlement Agreement and Notice forms dated January 30, 2006; and

WHEREAS, on February 14, 2006, pursuant to a joint motion of the signatories to the Settlement Agreement, the Court entered an order further amending paragraph III.X. of the Settlement Agreement, which paragraph was added by Order of the Court dated February 14, 2006, as follows:

> If, in particular instances, SONY BMG cannot within a reasonable time provide (i) a non-content protected replacement for an XCP CD returned pursuant to Section III.B.I, or (ii) MP3 downloads of the music on an XCP CD or a MediaMax CD pursuant to Section III.B.I, III.E or III.F, then SONY BMG will provide an alternate benefit of equivalent or greater value, in a form acceptable to Plaintiffs' Class Counsel, and in consultation with the affected class member(s). If the total number of Settlement Class Members who have filed claims and who are affected by this provision exceeds 500, then SONY BMG will be required to certify to Plaintiffs' Class Counsel that it cannot provide the requisite replacement CDs or MP3 downloads to these Settlement Class Members, or that the cost of doing so would substantially exceed the cost of providing the alternative benefit. If the total number of Settlement Class Members who have filed claims and who are affected by this provision exceed 5,000, then Plaintiffs' Class Counsel will be entitled to receive reasonable documentary evidence in support of SONY BMG's certification. Under no circumstances may SONY BMG provide such an alternative benefit to more than 6,000 Settlement Class Members who file claims that seek solely MediaMax Compensation.

**WHEREAS,** the Parties intend that the proposed Settlement embodied in the Settlement Agreement, as amended by Court Order on February 1 and February 14, 2006, will resolve all Released Claims, including Unknown Claims (as that term is defined in the Settlement Agreement) against all Released Parties; and

**WHEREAS,** the Parties have engaged in intensive, complex, difficult and hard-fought arm's-length negotiations; and

**WHEREAS,** as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle these Actions; and

**WHEREAS,** by the terms of the proposed Settlement of this Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, within thirty (30) days after the Preliminary Approval Date, SONY BMG shall make available to all Settlement Class members all of the benefits and relief set forth in the Settlement Agreement, as amended by Court Order on February 1 and February 14, 2006, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein; and

**WHEREAS,** Paragraph III.V of the Settlement Agreement provides that if, in the future, SONY BMG enters into any settlement agreement, consent decree, assurance of discontinuance or other, similar pre-trial resolution with a State Attorney General, or any class action settlement, in which SONY BMG undertakes to provide additional benefits directly to all Settlement Class Members who reside in any single state or states respecting Released Claims, SONY BMG has agreed to offer the same benefits to all Settlement Class Members; and

**WHEREAS,** SONY BMG had expected that, by the date of the Fairness Hearing, it would have entered into an enforceable, nationwide agreement resolving one or more of the Government Inquiries; and also expected that the resolution of these Government Inquiries

- 16 -

would include, at least, the restrictions on SONY BMG's future conduct stated in Section IV of the Settlement Agreement below in the paragraph (the "Section IV Restrictions"); and

**WHEREAS**, SONY BMG shall, during the Injunctive Period, adhere to all of the affirmative and negative restrictions on its use of Content Protection Software described in Section IV of the Settlement Agreement; and

**WHEREAS**, SONY BMG is continuing to seek to resolve the Government Inquiries through one or more enforceable agreements that are nationwide in scope and which include, at a minimum, all of the Section IV Restrictions, and has represented to the Court that it is reasonably likely that agreement(s) of such scope will be entered into on or before July 21, 2006, giving the signatory state and/or federal regulators rights of nationwide enforcement of the affirmative and negative restrictions specified in the agreement(s); and

**WHEREAS**, on December 28, 2005, the Parties, by their duly authorized counsel, entered into a Settlement Agreement, which provides that, subject to the approval of this Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the claims asserted in this Action against Defendants were to be settled, compromised and dismissed with prejudice, upon and subject to the terms and conditions set forth therein; and

**WHEREAS**, on January 6, 2006, this Court entered a Hearing Order (the "Hearing Order"), which, *inter alia*:

(a) certified, for settlement purposes only, pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of the named Plaintiffs in the Action and all natural persons or entities in the United States who purchased, received, came into possession of or otherwise used one or more MediaMax CDs and/or XCP CDs prior to the Effective Date ("Settlement Class"); excluding Released Parties; SONY BMG-authorized resellers or distributors of the XCP CDs and MediaMax CDs; current or former employees of Released Parties; and any persons or entities that have previously executed releases discharging Defendants from liability concerning or encompassing any or all claims that are the subject of the Action and the Non-S.D.N.Y. Actions;

(b) appointed Edwin Bonner, Ori Edelstein, Joseph Halpin, Robert Hull, Andrew Klewan, John Maletta, James Michaelson, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti,

- 17 -

Dora Rivas, Mary Schumacher, and James Springer as representatives of the Settlement Class;

(c) appointed Kamber & Associates, LLC and Girard Gibbs & De Bartolomeo LLP as Class Co-Counsel for the Settlement Class;

(d) preliminarily approved the Settlement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

(e) set a hearing to take place on May 22, 2006, at 9:15 a.m., before this Court, at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl Street, Room 2270, New York, New York (the "Fairness Hearing"), upon notice to members of the Settlement Class, to determine whether:

(*i*) the requirements for certification of the Settlement Class have been met;

(*ii*) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the Settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and

(*iii*) the Judgment approving the Settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered.

(f) approved the form of the Notice of Pendency and Settlement Class Action (the "Full Settlement Notice"), substantially in the form of Exhibit F annexed to the Settlement Agreement, which form was subsequently amended and approved by Court Order on February 1, 2006, and which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement, and approved the summary form of that Settlement Notice, substantially in the form of Exhibit G, annexed to the Settlement Agreement;

(g) prescribed the method and period of time for providing notice to members of the Settlement Class of the certification of the Settlement Class; the Settlement; Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses; and the Fairness Hearing;

(h) directed that Defendants and Plaintiffs' Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice and printed Claim Form by mailing the documents to any Settlement Class Members who shall make such requests;

(i) found that such notice to the members of the Settlement Class as described in the Settlement Agreement: (*i*) is the best notice practicable to members of the Settlement Class; (*ii*) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the

- 18 -

Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; (*iii*) is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (*iv*) meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(j) directed Plaintiffs' Class Counsel and Defendants' counsel, on or before May 10, 2006, to file with the Court evidence that the provisions of paragraphs 9 and 10 of the Hearing Order had been satisfied, which they did;

(k) prescribed the method and period of time during which members of the Settlement Class may file requests to be excluded from the Settlement Class;

(l) provided that, whether or not the Effective Date occurs, any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by any and all judgments and settlements entered or approved by this Court, whether favorable or unfavorable to the Settlement Class;

(m) prescribed the method and periods of time during which members of the Settlement Class may serve written objections to the Settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by Plaintiffs' Counsel;

(n) prescribed the methods and periods of time during which members of the Settlement Class must apply for the applicable relief by, *inter alia*, completing a printed Claim Form such as that attached to the Settlement Agreement as Exhibit C, in order to obtain those facets of the Settlement for which the completion of a Claim Form is required;

(o) directed that if, for any reason, the notice to the Settlement Class Members is not or cannot be provided before February 15, 2006, the Parties will confer in good faith and recommend to the Court that the date by which any Settlement Class Member must seek to receive one or more of the settlement benefits be extended correspondingly;

(p) directed that if the settlement benefits available to Settlement Class Members change, including by operation of Section III(V) of the Settlement Agreement, no new notice need issue to Settlement Class Members;

(q) prescribed January 16, 2006 as the date by which Defendants shall provide notice of the Settlement Agreement to the authorities required to be notified of prospective class action settlements under the Class Action Fairness Act of 2005;

(r) directed that SONY BMG shall pay all costs associated with providing notice to the members of the Settlement Class;

(s) required SONY BMG, between the Preliminary Approval Date and May 1, 2006, to cause an independent third party to investigate whether SONY BMG has collected, aggregated or retained personal data in a manner inconsistent with the Settlement Agreement, Paragraph III.S, and to provide the third party's conclusions to Plaintiffs' Class Counsel and

to the Court prior to the Fairness Hearing and post the third party's conclusions on its website no more than thirty (30) days after receiving those conclusions, which it did;

(t) preliminarily barred and enjoined Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class from: (i) filing, commencing, prosecuting, maintaining, or intervening in any claim, lawsuit, arbitration, administrative, regulatory or other proceeding (as members of a class action or otherwise) arising out of the Released Claims against any of the Released Parties; and (ii) organizing or soliciting the participation of any members of the Settlement Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding arising out of the Released Claims against any of the Released Parties;

(u) provided that if for any reason, the Effective Date of the Settlement does not occur, the Hearing Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 22, 2005, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur including, without limitation, paragraphs IX.A., IX.B., XI.C., XI.D., XI.K., and XI.L. of the Settlement Agreement.

(v) provided that nothing in the Hearing Order shall be construed or used as an admission, concession, or declaration by or against SONY BMG for any fault, wrongdoing, breach or liability; or be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; or be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any claim asserted in the Action; and

**WHEREAS**, on May 10, 2006, SONY BMG submitted to this Court proof of the e-mailing of the Full Statement Notice, the posting of the Full Statement Notice on SONY BMG's website, the use of the "Banner" to provide a link to the Full Settlement Notice, the coordination with prominent search engines, to make the Full Settlement Notice readily accessible on the Internet, and publication of the Summary Settlement Notice, as directed in the Hearing Order, pursuant to which members of the Settlement Class were notified of their rights to: (i) request

- 20 -

exclusion from the Settlement Class; or **(ii)** appear at the hearing in favor of, or opposition to, the Settlement and/or the application of Plaintiffs' counsel for award of fees and reimbursement of expenses; and

**WHEREAS,** SONY BMG has submitted evidence demonstrating, and the Court finds, that SONY BMG provided the notices to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715; and

**WHEREAS,** the Fairness Hearing was duly held as noticed on May 22, 2006; and

**WHEREAS,** this Court, having heard from Plaintiffs' Class Counsel on behalf of the Settlement Class, and from Defendants' counsel; and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement; and

**WHEREAS,** all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

**1.** Notice to the members of the Settlement Class required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as directed by this Court in the Hearing Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, and satisfied the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

**2.** The Settlement Class as provided in the Hearing Order is unconditionally certified pursuant to Rules 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

**3.** For purposes of all aspects of the Settlement except the provisions of Section IV, with respect to which the Settlement Class will be certified pursuant to Federal Rule of Civil

- 21 -

Procedure 23(b)(2), the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the membership of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

4.      For purposes of the injunctive relief specified in Section IV of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the membership of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

5.      The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure.

6.      Plaintiffs and Defendants are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and all of its terms.

7.     The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendants, or any of the Plaintiffs, Settlement Class Members, or Released Parties.

8.     Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's Hearing Order, and are excluded from the Settlement Class, shall not be bound by this Final Order and Judgment (except with respect to the injunctive relief specified in Section IV of the Settlement Agreement), and shall not participate in the proceeds of the Settlement hereby approved nor receive any benefit thereunder.

9.     The Action is hereby dismissed, with prejudice, on the merits, as against all Plaintiffs and all members of the Settlement Class, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein, in the Hearing Order and in the Settlement Agreement.

10.     Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Parties, in the manner(s) set forth in the Settlement Agreement.

11.     Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims.

12.     Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally and forever released, relinquished and discharged all of the Plaintiffs, Plaintiffs' Class Counsel and all agents of and expert witnesses retained by Plaintiffs' Class Counsel from any claims (including Unknown Claims) for abuse of

process, malicious prosecution or any other claim arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Action.

13.     Upon Final Approval , Defendants shall be deemed to have waived the limitation of liability provisions (XCP EULA and MediaMax 5.0 EULA Article 6; MediaMax 3.0 EULA Article 4.1), and the New York forum selection clauses (XCP EULA and MediaMax 5.0 EULA Article 10; MediaMax 3.0 EULA Article 6.1) of the EULAs, only to the extent that a person pursues non-Released Claims against Defendants on an individual, as opposed to class action or mass action, basis.

14.     SONY BMG is directed to report to Plaintiffs' counsel upon reaching an enforceable agreement or agreements resolving the Government Inquiries. If such agreement(s) is or are: (i) effective on or before July 21, 2006; (ii) nationwide in scope; and (iii) inclusive of at least the Section IV Restrictions, SONY BMG may make an application to the Court, on notice to Plaintiffs' counsel, for an Order providing that, on account of the entry of the nationwide agreements resolving the Government Inquiries, the Section IV Restrictions incorporated into those agreements will henceforth be enforced exclusively by the state and/or federal regulators with whom SONY BMG has reached those agreements by the means specified in those agreements.

15.     Based on the record and confirmatory discovery obtained by Plaintiffs' Class Counsel, the Court finds that the scope of the Settlement Class and Release are appropriate in light of concerns that non-Released Claims for consequential damages to a computer or network as defined in Section II.O of the Settlement Agreement may raise questions concerning the predominance and manageability required under Federal Rule of Civil Procedure 23(b)(3).

16.     An incentive payment, not to exceed $1,000, is hereby awarded to each of the following named plaintiffs in the Action and the Non-S.D.N.Y. Actions: Gary Avila, Donald J.

Bahnmaeir, Chad Black, Edwin Bonner, Aree L. Burke, Amanda Cruz, Darren DeMarco, Ori Edelstein, Victor Gruber, Alexander William Guevara, Randy L. Guy, Robert Hall, Joseph Halpin, Mark Jacoby, Laura Klemm, Andrew Klewan, Daniel D. Linde, John Maletta, Erin Melcon, James Michaelson, Stephen L. Mosley, Maria Nielsen, Jeffrey T. Ponting, Jeffrey Potter, Tom Ricciuti, Yvonne Ricciuti, Dora Rivas, Mary Schumacher, James Springer, Daniel Joseph Stynchula, William Ward, and Nicholas Xanthakos.

**17.** Defendants shall pay $1,000 to each of the specified individuals within ten (10) business days after the Effective Date.

**18.** The Court has reviewed and considered the arguments and submissions presented in the Motion of Class Counsel For Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards To Named Plaintiffs filed April 6, 2006, which Motion is unopposed, as well as the separately-filed Motion of the Ricciuti Class Representatives For An Award of Attorneys' Fees and Reimbursement of Expenses, also filed April 6, 2006, and will issue its ruling(s) on the issues presented by those Motions, by separate order. Any award of attorneys' fees and reimbursable expenses made by the Court by way of such separate order(s) will not affect the settlement benefits available to the Settlement Class in any way.

**19.** After the Effective Date, counsel pursuing any of the Non-S.D.N.Y. Actions shall voluntarily discontinue such Non-S.D.N.Y. Actions.

**20.** By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**21.** Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

(a) Effectuating the Settlement and the terms of the Settlement Agreement, including but not limited to review and consideration of any proposed amendment to the Settlement Agreement and this Final Order and Judgment to provide for all additional benefits to Settlement Class Members as may be set forth in any settlement agreement, consent decree, assurance or discontinuance or other similar-pre-trial resolution in connection with any of the Government Inquiries pursuant to Paragraph III.V of the Settlement Agreement; and the payment of attorneys' fees and reimbursement of expenses as may be awarded to Plaintiffs' counsel, including any interest accrued thereon;

(b) Supervising all aspects of the administration of the Settlement, and providing the benefits of the Settlement to Settlement Class Members, including, but not limited to, the resolution of any complaints submitted by Settlement Class Members;

(c) Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

(d) Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

(e) Adjudicating any disputes that arise under the Settlement Agreement; and

(f) Any other matters related or ancillary to the foregoing.

**Dated**: New York, New York

_May 22,_ , 2006

**SO ORDERED, ADJUDGED AND DECREED**

THE HONORABLE NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE

## Exhibit A

### Requests for Exclusion[1]

| | |
|---|---|
| 1 | Black, Elizabeth |
| 2 | Cooke, Frederick D., Jr. |
| 3 | Estep, Jeffrey A. |
| 4 | Finnecy, Peter |
| 5 | Herrin, Elizabeth Anne |
| 6 | Hu, Jim |
| 7 | Kamenick, Alicia |
| 8 | O'Neil, Robert |
| 9 | Perry, Russ, Jr. |

---

[1] In addition to the nine requests for exclusion listed above, the settlement administrator also received four letters requesting exclusion from people who do not appear to be class members. The four people are: Reyna Araujo, Daniel Hynes, Aisha Shabazz, and C. C. Wilcox. Ms. Araujo and Ms. Shabazz received notice of the settlement, but stated in their letters that they had never purchased, received or used any CD with either XCP or MediaMax software. Ms. Wilcox appears to reside in the United Kingdom. Mr. Hynes is not a class member because he has executed a separate release of his claims against SONY BMG, and such releasors are expressly excluded from the class definition.