UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
: 
: 
In re SONY BMG CD Technologies Litigation : No. 1:05-cv-09575-NRB
: 
: 
------------------------------------------------------------- x

**STIPULATION AND [PROPOSED] ORDER
FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEABLE EXPENSES TO
PLAINTIFFS' COUNSEL**

Fee Stipulation060906.DOC

**WHEREAS,** on May 22, 2006, the Court granted final approval of the proposed Class Action Settlement resolving the above-entitled action and approving payments of incentive payments to named Plaintiffs, and entered its Final Order and Judgment;

**WHEREAS,** on April 6, 2006, the law firms of Girard Gibbs LLP and Kamber & Associates LLC, appointed by this Court as Class Counsel upon preliminary approval of the settlement, filed a Motion for an Award of Attorneys' Fees and Reimbursement of Expenses on behalf of Class Counsel, and the law firms who served on Plaintiffs' Executive Committee and/or otherwise provided services at the direction of Class Counsel, which pleading is hereinafter referred to as "Class Counsel's Fee Motion";

**WHEREAS,** on April 6, 2006, the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Green Welling LPP, Lawrence E. Feldman & Associates, the Rothken Law Firm LLP, and the Law Offices of Mallison & Martinez, and the not-for-profit Electronic Frontier Foundation, filed a separate Motion for an Award of Attorneys' Fees and Reimbursement of Expenses on behalf of the attorneys in those firms and organizations, who collectively served as counsel of record for Class Representatives Tom Ricciuti, Yvonne Ricciuti, Mary Schumacher, Robert Hull, Joseph Halpin and Edwin Bonner (collectively, "counsel for the Ricciuti Plaintiffs"), which pleading is hereinafter referred to as "Ricciuti Plaintiffs' Fee Motion";

**WHEREAS,** notice of Class Counsel's Fee Motion and Ricciuti Plaintiffs' Fee Motion was directed to the Class in a reasonable manner pursuant to Fed. R. Civ. P. 23(h);

**WHEREAS,** a hearing on Class Counsel's Fee Motion and Ricciuti Plaintiffs' Fee Motion was scheduled for May 22, 2006, to be heard in conjunction with Plaintiffs' Motion for Final Approval of Class Action Settlement;

**WHEREAS**, no Class Member lodged an objection to Class Counsel's Fee Motion or to Ricciuti Plaintiffs' Fee Motion, either by the May 1, 2006 deadline for submitting objections, or at the May 22, 2006 hearing;

**WHEREAS**, the Court, on May 22, 2006, directed the parties to meet and confer in an effort to settle and finally resolve the issues raised in Class Counsel's Fee Motion and Ricciuti Plaintiffs' Fee Motion, and any fee disputes as may exist between or among them;

**WHEREAS**, the Court continued the hearing on Class Counsel's Fee Motion and Ricciuti Plaintiffs' Fee Motion, to June 28, 2006 at 9:15 a.m., in the event these matters could not be resolved through settlement or other means;

**WHEREAS**, pursuant to the Court's directive, Class Counsel, counsel for the Ricciuti Plaintiffs, and Defendant SONY BMG Music Entertainment, Inc. ("SONY BMG") have agreed to finally resolve the issues raised in Class Counsel's Fee Motion and Ricciuti Plaintiffs' Fee Motion and any fee disputes as may exist between or among them;

**WHEREAS**, Class Counsel and counsel for the Ricciuti Plaintiffs have further agreed to an allocation of fees as among Class Counsel and counsel for the Ricciuti Plaintiffs;

**WHEREAS**, pursuant to said agreement, Class Counsel and counsel for the Ricciuti Plaintiffs have agreed to jointly apply for an award of attorneys' fees and reimbursable expenses on behalf of Class Counsel, the law firms who served on Plaintiffs' Executive Committee and/or otherwise provided services at the direction of Class Counsel, and the law firms and nonprofit organizations who served as counsel for the Ricciuti Plaintiffs, in the amount of $2,650,000;

**WHEREAS**, subject to this Stipulation, Class Counsel has sole responsibility, as among Defendants, counsel for the Ricciuti Plaintiffs and Class Counsel, for the payment, at its discretion, of attorneys' fees and reimbursable expenses to counsel for all other plaintiffs who,

prior to February 1, 2006, filed actions in the Court or in other courts against SONY BMG with respect to any of the matters described in the Released Claims ("Plaintiffs");

**WHEREAS,** in accordance with Rule 23 of the Federal Rules of Civil Procedure, SONY BMG has agreed, subject to Court approval, to pay an award of attorneys' fees and reimbursable expenses to Class Counsel, which payment will, pursuant to this Stipulation, cover all attorneys' fees and reimbursable expenses for all counsel for all Plaintiffs, in the amount of $2,650,000 independent of the benefits to the Settlement Class. Settlement Agreement, ¶ IX.A (indicating the parties' agreement that Plaintiffs' Counsel will apply to the Court for a reasonable fee award which, if granted, will be paid by Defendants and "will not affect the Settlement Benefits provided to Settlement Class members in any way"); and

**WHEREAS,** an award of attorneys' fees and reimbursable expenses for all Plaintiffs, in the amount of $2,650,000 as agreed, if granted, will not affect the settlement benefits available to the Settlement Class as set forth in the Court's Final Order and Judgment in any way;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through their respective counsel, and subject to Court approval, as follows:

1. Defendant SONY BMG will pay an award of attorneys' fees and expenses to Class Counsel in the amount of $2,650,000. Such award shall not include any expenses incurred in connection with notice or fulfillment of the Settlement or providing the Settlement Benefits to Settlement Class Members, which costs and expenses shall be borne entirely by Defendant SONY BMG.

2. The award of attorneys' fees and expenses, as provided in paragraph 1, shall be paid to Class Counsel by Defendant SONY BMG within five (5) business days of the "Effective Date" as that term is defined in the Parties' Settlement Agreement, or at such earlier time after the entry of the Final Judgment as SONY BMG and Class Counsel may agree, in accordance

with Paragraphs IX.A through IX.C of the Settlement Agreement, and Paragraph II.G of the Attorneys' Fee Agreement entered into as between Class Counsel and SONY BMG on April 5, 2006.

3. The award of attorneys' fees and expenses, as provided in paragraph 1, shall be allocated by and between Class Counsel and counsel for the Ricciuti Plaintiffs pursuant to an agreement between Class Counsel and counsel for the Riccuiti Plaintiffs entered into on June 1, 2006.

4. The monies not allocated to counsel for the Riccuiti Plaintiffs pursuant to paragraph 3 will be allocated at the discretion of Class Counsel between: (a) Class Counsel; (b) the law firms who served on Plaintiffs' Executive Committee and/or provided services at the direction of Class Counsel; and (c) counsel for all Plaintiffs, other than counsel identified in paragraph 3 (such allocations, if any, being made in a fashion which, in the discretion of Class Counsel, (a) comports with the Court's statements at a hearing held on this matter on May 22, 2006; and (b) fairly compensates such other counsel for their respective substantive contributions, if any, to the prosecution of the actions filed or consolidated in the Court or in any other court against SONY BMG with respect to the matters described in the Released Claims (as that term is defined in the Parties' Settlement Agreement)).

//
//
//
//
//
//
//

5.  Other than as provided in paragraph 1, no Defendant shall be liable for any attorneys' fees or reimbursable expenses incurred by counsel for any Plaintiff. Class Counsel shall be responsible for the payment of any such fees or expenses pursuant to paragraph 4.

SO STIPULATED.

Jeffrey B. Jacobson (JJ-8872)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York, 10022
(212) 909-6000

*Counsel for Defendant Sony BMG Music Entertainment, Inc.*

Robert Rothman, Esq. (RR-6090)
Jeffrey Friedman, Esq. *(Pro Hac Vice)*
LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
(415) 288-4545

Cindy A. Cohn, Esq. *(Pro Hac Vice)*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Robert S. Green, Esq.
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA 94105
(415) 477-6700

*Attorneys for Plaintiffs Tom and Yvonne Ricciuti, Mary Schumacher, Robert Hull, Joseph Halpin, and Edwin Bonner*

Elizabeth C. Pritzker *(Pro Hac Vice)*
GIRARD GIBBS LLP
601 California Street, Fourteenth Floor
San Francisco, California 94108
(415) 981-4800

*Class Counsel*

Scott A. Kamber (SK-5794)
KAMBER & ASSOCIATES LLC
19 Fulton Street, Suite 400
New York, New York 10038
(212) 571-2000

*Class Counsel*

5. Other than as provided in paragraph 1, no Defendant shall be liable for any attorneys' fees or reimbursable expenses incurred by counsel for any Plaintiff. Class Counsel shall be responsible for the payment of any such fees or expenses pursuant to paragraph 4.

SO STIPULATED.

---

Jeffrey S. Jacobson (JJ-8872)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York, 10022
(212) 909-6000

*Counsel for Defendant Sony BMG Music Entertainment, Inc.*

---

Robert Rothman, Esq. (RR-6090)
Jeffrey Friedman, Esq. (*Pro Hac Vice*)
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
(415) 288-4545

Cindy A. Cohn, Esq. (*Pro Hac Vice*)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Robert S. Green, Esq.
GREEN WELLING LLP
595 Market Street, Suite 2750
San Francisco, CA 94105
(415) 477-6700

*Attorneys for Plaintiffs Tom and Yvonne Ricciuti, Mary Schumacher, Robert Hull, Joseph Halpin, and Edwin Bonner*

---

Elizabeth C. Pritzker (*Pro Hac Vice*)
GIRARD GIBBS LLP
601 California Street, Fourteenth Floor
San Francisco, California 94108
(415) 981-4800

*Class Counsel*

---

Scott A. Kamber (SK-5794)
KAMBER & ASSOCIATES LLC
19 Fulton Street, Suite 400
New York, New York 10038
(212) 571-2000

*Class Counsel*

**[PROPOSED]**

## ORDER FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEABLE EXPENSES TO PLAINTIFFS' COUNSEL

Good Cause appearing, the Stipulation is approved and it is hereby ordered as follows:

1. Defendant SONY BMG will pay a collective award of attorneys' fees and expenses to Class Counsel in the amount of $2,650,000.

2. The award of attorneys' fees and expenses, as provided in paragraph 1, shall be paid to Class Counsel by Defendant SONY BMG within five (5) business days of the "Effective Date" as that term is defined in the Parties' Settlement Agreement, or at such earlier time after the entry of the Final Judgment as SONY BMG and Class Counsel may agree, in accordance with Paragraphs IX.A through IX.C of the Settlement Agreement. Such expenses shall not include any expenses incurred in connection with notice or fulfillment of the Settlement or providing the Settlement Benefits to Settlement Class Members, which costs and expenses shall be borne entirely by Defendant SONY BMG.

3. The award of attorneys' fees and expenses, as provided in paragraph 1, shall be allocated by and between Class Counsel and counsel for the Ricciuti Plaintiffs pursuant to an agreement between Class Counsel and counsel for the Ricciuti Plaintiffs entered into on June 1, 2006.

4. The monies not allocated to counsel for the Ricciuti Plaintiffs pursuant to paragraph 3 will be allocated at the discretion of Class Counsel between: (a) Class Counsel; (b) the law firms who served on Plaintiffs' Executive Committee and/or provided services at the direction of Class Counsel; and (c) counsel for all other Plaintiffs (as that term is defined in the Stipulation), other than counsel identified in paragraph 3. Any such allocation shall be made in a fashion which, in the discretion of Class Counsel, comports with this Court's statements at a

hearing held on this matter on May 22, 2006 and fairly compensates such other counsel for their respective substantive contributions, if any, to the prosecution of actions filed or consolidated in the Court or in any other court against SONY BMG with respect to the matters described in the Released Claims (as that term is defined in the Parties' Settlement Agreement).

5. Other than as provided in paragraph 1, no Defendant shall be liable for any attorneys' fees or reimbursable expenses for counsel for any Plaintiffs.

6. The further hearing date of June 28, 2006 before the Hon. Naomi R. Buchwald is hereby vacated.

**Dated**: New York, New York

June 20, 2006

SO ORDERED, ADJUDGED AND DECREED

_____
THE HONORABLE NAOMI R. BUCHWALD
UNITED STATES DISTRICT JUDGE

Fee Stipulation060906.DOC                - 7 -